Daniel A. Frischberg, Esq.
LAW OFFICE OF ANDREW B. FINBERG, LLC
525 Route 73 South, Suite 200
Marlton, NJ 08053
(856) 988-9055

Philip D. Stern, Esq.
Andrew T. Thomasson, Esq.
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
(973) 379-7500

*Attorneys for Plaintiffs, Elaine Levins and William Levins, and all others similarly situated*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELAINE LEVINS and WILLIAM LEVINS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES, and JOHN AND JANE DOES 1 THROUGH 25,<br><br>Defendants. | Case 1:17-cv-00928-RBK-KMW<br><br>**FIRST AMENDED<br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, ELAINE LEVINS and WILLIAM LEVINS ("Plaintiffs" or "LEVINS"), on their own behalf and on behalf of the class they seek to represent, bring this action for the illegal practices of the Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES ("HRRG"), and JOHN AND JANE DOES 1 THROUGH 25 (collectively "Defendants"), and allege the following:

## **I.  PARTIES**

1. ELAINE LEVINS is a natural person.

2. At all times relevant to this lawsuit, ELAINE LEVINS was a citizen of, and resided in, the Borough of Laurel Springs, Camden County, New Jersey.

3. WILLIAM LEVINS is a natural person.

4. At all times relevant to this lawsuit, WILLIAM LEVINS was a citizen of, and resided in, the Borough of Laurel Springs, Camden County, New Jersey.

5. At all times relevant to this complaint, HRRG is a Limited Liability Company existing pursuant to the laws of the State of Florida.

6. HRRG maintains its principal business address at 1643 N. Harrison Parkway, Building H, Suite 100, City of Sunrise, Broward County, Florida.

7. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

8. The Plaintiffs are informed and believe, and on that basis allege, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted, and, with knowledge that such practices were contrary to law, acted consistent with, oversaw, and engaged in the illegal policies and procedures, used by themselves and HRRG employees that are the subject of this complaint. Those Defendants personally control and engaged in the illegal acts, policies, and practices utilized by HRRG and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## II.  JURISDICTION & VENUE

9. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the Plaintiffs' claims occurred within this federal judicial district, and because HRRG is subject to personal jurisdiction in the State of New Jersey at the time this action is commenced.

## III.  PRELIMINARY STATEMENT

11. Plaintiffs, on their own behalf and on behalf of the class they seek to represent, bring this action for the illegal practices of Defendants which include, *inter alia*, using false, deceptive, misleading, harassing, and abusive practices in connection with their attempt to collect an alleged debt from Plaintiffs and other similarly situated consumers.

12. Plaintiffs allege that HRRG collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

13. Such collection practices include, *inter alia*, leaving pre-recorded telephonic voice messages for consumers, which:

   (a) fail to provide meaningful disclosure of HRRG's identity;

   (b) use false representations and deceptive means to collect or attempt to collect any debt and to obtain information concerning a consumer; and

   (c) use the name of any business, company, or organization other than the true name of the debt collector's business, company, or organization.

14. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

15. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Graziano v. Harrison*, 950 F.2d 107 (3d Cir. 1991).

16. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations prohibited by that section are: the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

17. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by that section are: using any false representation or

deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); and the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization, 15 U.S.C. § 1692e(14).

18. The Plaintiffs, on behalf of themselves and all others similarly situated, seek statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## IV.  FACTS REGARDING PLAINTIFFS

19. Sometime prior to August 18, 2016, Plaintiffs allegedly incurred a financial obligation in the form of a medical debt. ("Debt").

20. The Debt arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

21. HRRG collects, and attempts to collect, defaulted medical debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

22. On or about August 18, 2016, the unknown creditor of the Debt either directly or through intermediate transactions assigned, placed, or transferred the Debt to HRRG for collection.

23. Within the one year immediately preceding the filing of this complaint and as set forth *infra*, HRRG contacted Plaintiffs and third-parties via telephone in an attempt to collect the alleged Debt.

24. HRRG is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25. HRRG contends the Debt is in default.

26. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. ELAINE LEVINS is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

28. WILLIAM LEVINS is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

29. Within the one year immediately preceding the filing of Plaintiffs' complaint in this action, HRRG contacted Plaintiffs via telephone on multiple occasions to collect the Debt.

30. Within the one year immediately preceding the filing of Plaintiffs' complaint in this action, HRRG left multiple pre-recorded telephonic voice messages for Plaintiffs on their telephone voicemail system in an attempt to collect the alleged Debt ("Messages").

31. The following is a transcription of the pre-recorded Messages HRRG left for Plaintiffs during the one year period immediately preceding the filing of their complaint:

> ARS calling. Please return our call at 1-800-694-3048. ARS is a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Again, our number is 1-800-694-3048. Visit us at www.arspayment.com."

32. The foregoing Messages may be heard by clicking on the following icon: 

33. Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

34. Each of the Messages was left by persons employed as debt collectors by HRRG in connection with the collection of a "debt" as defined by 15 U.S.C. §1692a(5).

35. The Messages are identical, in that each uniformly failed to:

   (a) Provide meaningful identification of HRRG's identity as the caller; and

   (b) Disclose the true name of the HRRG's business, company, or organization.

36. At the time Plaintiffs received the Messages, they did not know the identity of caller but they did know from their schedules in connection with a discharged debt from their recent bankruptcy case of a debt collector named "ARS.". The full name of *that* collector is ARS National Services, Inc.—an entity wholly unrelated to HRRG. Consequently, HRRG's use of the name "ARS" was, without more, confusing and not meaningful.

37. There are numerous companies, businesses, and debt collectors who use the name "ARS" including, but not limited to, ARS National Services, Inc., which is a California corporation registered to transact business in the State of New Jersey, and Advanced Recovery Systems Inc. which is a Mississippi corporation also registered to transact business in the State of New Jersey.

38. HRRG is not registered to use the name "ARS" in any context in the State of New Jersey.

39. HRRG has not licensed the name "ARS" for use in any context in the State of New Jersey.

40. HRRG has not trademarked or copyrighted the name "ARS" for use in any context.

41. On information and belief, by reputation the name "ARS" is, without more, associated in the nation's debt collection industry with ARS National Services Inc.

42. A Google search of "ARS" along with either word "debt" or "collector" will result in many links to many debt collectors *other than* HRRG. Furthermore, a current search for

www.arspayment.com—the URL provided in the Messages—leads to a browser privacy warning blocking access to the website.

43. If one does finally access the website, www.arspayment.com—the URL provided in the Messages—surreptitiously tracks and stores information about the persons who access the website using a computer.

44. The Plaintiffs have never received any written communications from HRRG.

45. The telephone number 1-800-694-3048 is answered by persons who are employed by HRRG as "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6)

46. The only way for Plaintiffs and/or a least sophisticated consumer to obtain the identity of the caller, and to ascertain the purpose underlying the Messages, is to place a return call to the telephone number provided in the Messages and speak with a debt collector employed by HRRG, and then provide that debt collector with personal information.

47. Consequently, HRRG's Messages failed to meaningfully identify HRRG as the caller.

48. HRRG intended that the Messages have the effect of causing Plaintiffs and other least sophisticated consumers to place return calls to the telephone number provided in the Messages and speak with its debt collectors as the sole means of obtaining the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages.

49. Scores of federal court decisions—including the 11th Circuit Court of Appeals and District of New Jersey—uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages left for consumers, by accurately stating the true name of the debt collection company and the nature and/or purpose of the call.

50. At all times relevant to this action, HRRG was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in telephonic voice

messages left for consumers, such as the Messages, by accurately stating its true company name, stating the nature and/or purpose of the call, and disclosing that it is a debt collector.

51. At all times relevant to this action, HRRG willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its true company name and stating the nature and/or purpose of the call.

52. HRRG's act of leaving the Messages for Plaintiffs is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

53. HRRG's act of leaving the Messages constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

54. The FDCPA secures a consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, HRRG has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications without providing their personal information.

### V. POLICIES AND PRACTICES COMPLAINED OF

55. It is HRRG's policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA by, *inter alia*:

    (a) Failing to provide meaningful disclosure of HRRG's identity;

    (b) Using false representations and deceptive means to collect or attempt to collect any debt and to obtain information concerning a consumer; and

    (c) Using the name of any business, company, or organization other

than the true name of the debt collector's business, company, or organization.

56. On information and belief, the Messages, as alleged in this complaint under the Facts Concerning Plaintiffs, number in the thousands.

## VI.  CLASS ALLEGATIONS

57. This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

58. This claim is brought on behalf of a class of all persons with addresses in the State of New Jersey for whom HRRG left a telephonic voice message in an attempt to collect a debt, which simply identified the caller as "ARS" instead of its true company name, during the period beginning February 12, 2016, and ending March 12, 2017.

59. The identities of all class members are readily ascertainable from HRRG's business records and the records of those businesses and third-party entities on whose behalf it attempts to collect debts.

60. Excluded from the Class are HRRG and all officers, members, partners, managers, directors, and employees of HRRG and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

61. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether HRRG's telephonic voice messages, in the form of the Messages, violate 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), and 1692e(14).

62. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

63. The Plaintiffs will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

64. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all Class members and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether HRRG's telephonic voice messages, in the form of the Messages, violate 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), and 1692e(14).

    (c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and each Class Member have claims arising out of HRRG's common uniform course of conduct complained of herein.

    (d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the

>> Plaintiffs nor their attorneys has any interests which might cause them not to vigorously pursue the instant class action lawsuit.
>
> (e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

65. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

66. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiffs may, in addition to moving for class certification using modified definitions of the Class, Class Claims, and the class period, and seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

### VII. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

67. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

68. HRRG violated the FDCPA. HRRG's violations with respect to the Messages include, but are not limited to, the following:

(a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15

   U.S.C. § 1692d;

(b) Placing telephone calls without providing meaningful disclosure of HRRG's identity as the caller in violation of 15 U.S.C. § 1692d(6);

(c) Using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, which constitutes a violation of 15 U.S.C. §§ 1692e and 1692e(10); and

(d) Using the name of any business, company, or organization other than the true name of HRRG's business, company, or organization, which constitutes a violation of 15 U.S.C. §§ 1692e and 1692e(14).

## VIII.  PRAYER FOR RELIEF

69. WHEREFORE, Plaintiffs respectfully request the Court enter judgment in their favor and in favor of the Class as follows:

**For the FIRST CAUSE OF ACTION**:

  (i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and the undersigned counsel to represent the Class defined above.

  (ii) An award of statutory damages for Plaintiffs and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

  (iii) An incentive award for Plaintiffs in recognition of their services on behalf of the Class in an amount to be determined by the Court;

  (iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

  (v) For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiffs hereby demand that this case be tried before a Jury.

Dated: April 12, 2017

*s/ Philip D. Stern*
Philip D. Stern
STERN•THOMASSON LLP

*s/ Andrew T. Thomasson*
Andrew T. Thomasson
STERN•THOMASSON LLP

*s/ Daniel A. Frischberg*

Dated: April 12, 2017

Daniel A. Frischberg, Esq.
LAW OFFICE OF ANDREW B. FINBERG, LLC

*Attorneys for Plaintiffs and all others similarly situated*

## X.  CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I, Daniel A. Frischberg, Philip D. Stern, and Andrew T. Thomasson hereby certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that I know of no party, other than putative class members, who should be joined in the action at this time.

*In accordance with 28 U.S.C. §1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

Dated: April 12, 2017

*s/ Philip D. Stern*
Philip D. Stern
STERN•THOMASSON LLP

*s/ Andrew T. Thomasson*
Andrew T. Thomasson
STERN•THOMASSON LLP

Dated: April 12, 2017

*s/ Daniel A. Frischberg*
Daniel A. Frischberg, Esq.
LAW OFFICE OF ANDREW B. FINBERG, LLC

*Attorneys for Plaintiffs and all others similarly situated*