| | |
|---|---|
| MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.<br>BY: Christian M. Scheuerman, Esquire<br>Cherry Tree Corporate Center<br>Suite 501<br>535 Route 38 East<br>Cherry Hill, NJ 08002<br>(856)663-4300<br><br>447-102973 (SXK/CMS) | ATTORNEY FOR DEFENDANT<br>Healthcare Revenue Recovery Group, LLC D/B/A ARS Account Resolution Services |
| ELAINE LEVINS and WILLIAM LEVINS, on behalf of themselves and other similarly situated<br><br>VS.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC D/B/A ARS ACCOUNT RESOLUTION SERVICES, AND JOHN and JANE DOES 1 THROUGH 25 | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>CAMDEN VICINAGE<br><br>Case No. 1:17-cv-00928-RBK-KMW<br><br>CIVIL ACTION |

**BRIEF IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT BY HEALTHCARE REVENUE RECOVERY GROUP LLC D/B/A ARS ACCOUNT RESOLUTION SERVICES**

MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.
535 Route 38 East
Cherry Tree Corporate Center - Suite 501
Cherry Hill, NJ 08002

On The Brief:
Sean X. Kelly, Esquire
Christian M. Scheuerman, Esquire

{NJ745565.1}

# TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 1 |
| STANDARD OF REVIEW | 3 |
| LEGAL ARGUMENT | 4 |
| I.  AS A MATTER OF LAW, HRRG'S USE OF ARS AS AN ALTERNATIVE TRADE NAME DOES NOT VIOLATE THE FDCPA | 4 |
| CONCLUSION | 10 |

# TABLE OF AUTHORITIES

**Cases**
Anthens v. Transworld Sys., Inc., 765 F. Supp. 162 (D. Del. 1991) ............................................. 8
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ................................................................................. 4
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). ............................................................. 3,4
Boyko v. Am. Int'l Group, Inc., 2012 U.S. Dist. LEXIS 81229 (D. N.J. 2012) ............................. 5
Dovale v. Marketsource, Inc., 2006 U.S. Dist. LEXIS 57679, pg. * 12-13 (D.N.J. 2006) ........... 3
In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) ............................ 3
Johnson v. Statewide Collections, Inc., 778 P.2d 93 (Wyo. 1989) ................................................ 8
LaBounty v. Adler, 933 F.2d 121, 123 (2d Cir. 1991) ................................................................... 4
Mahan v. Retrieval-Masters Credit Bureau, Inc., 777 F. Supp. 2d 1293, 1298-99 & n.6 (S.D. Ala. 2011) ........................................................................................................................................ 7
Pescatrice v. Elite Recovery Serv., 2007 U.S. Dist. LEXIS 29616 (S.D. Fla. 2007) .................... 6
O'Toole v. Northrop Grumman Corp., 499 F.3d 1218, 1285 (10th Cir. 2007) .............................. 3
Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ................................................................................ 4
Sheriff v. Gillie, 136 S. Ct. 1594, 1602 (2016) ............................................................................... 5
Strand v. Diversified Collection Serv., 380 F.3d 316 (8th Cir. 2004) ......................................... 6,7
Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008) ......................................... 4

**Statutes**
15 U.S.C. 1692e(14) .................................................................................................................... 5,8

**Acts**
Fed. Trade Comm'n Staff Commentary on the Fair Debt Collection Practices Act, Cmt. 807(14)(1), 3 Fed. Reg. 50097-02, 50107 (Dec. 13, 1988) ....................................................... 7

**Rules**
Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 4

## PRELIMINARY STATEMENT

As a matter of law, Healthcare Revenue Recovery Group, LLC'S use of an abbreviation of a trade name for collection practices in New Jersey is not a violation of the FDCPA because there is nothing false, deceptive, or misleading about the use of a registered alternative business name in New Jersey. For these reasons, the First Amended Complaint fails to state a cause of action and should be dismissed with prejudice.

## STATEMENT OF FACTS

On February 12, 2017, the Plaintiffs, Elaine and William Levins, filed a putative class action for alleged violations of the FDCPA. In response to a motion to dismiss, on April 12, 2017 the Levins filed a First Amended Complaint. (See First Amended Complaint attached as **Exhibit A**). The changes did not address the fundamental flaw in the case.

The First Amended Complaint alleges that "within one year immediately preceding the filing of the Plaintiff's Complaint," HRRG left a pre-recorded message which is transcribed in the pleading as follows:

> ARS calling. Please return our call at 1-800-694-3048. ARS is a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Again, our number is 1-800-694-3048. Visit us at www.arspayment.com.

(**Exhibit A**, paragraph 30-31).

{NJ745565.1}  1

On its face, there is nothing deceptive about the forgoing message. The identity of the caller and nature of the call is fully and plainly disclosed. The actual website is even provided to allow payments to be made. Ignoring the actual content and using purely conclusory language, the First Amended Complaint alleges that this telephone message failed to provide a "meaningful disclosure" of the caller's identity, constituted a false and deceptive means to collect the debt, and improperly used a name other than the debt collector's true name. (**Exhibit A**, paragraph 13, 35). These purely conclusions allegations are to be ignored in the face of the actual content of the call.

HRRG is a limited liability company established under the laws of Florida. (See HRRG Articles of Organization attached as **Exhibit B**). Account Resolution Services is an unincorporated division of HRRG and "ARS Account Resolution Services" is registered as an alternative trade name for HRRG with the State of New Jersey. (See State Trade Name Registration attached as **Exhibit C**).

The website provided in the telephone message, www.arspayment.com, which is accessible to the general public, states that "ARS Account Resolution Services is a division of Healthcare Recovery Revenue Group (HRRG) . . . ." (See website printouts, pg. 1, from www.arspayment.com attached as **Exhibit D**). The website also advises that the abbreviation for Account Resolution Services, "ARS," will appear on a consumer's credit card statement after an online payment

is made. (See website printouts, pg. 2, from www.arspayment.com attached as **Exhibit D**). In addition, well before the Levins received the alleged telephone message, Account Resolution Services sent them a letter regarding the debt on November 30, 2015. (See November 30, 2015 letter attached as **Exhibit E**). The upper right hand portion of the letter states "Account Resolution Services, a division of HRRG, LLC." (**Exhibit E**).[1] The upper left hand portion of the letter refers to Account Resolution Services by its abbreviation, "ARS." (**Exhibit E**)

For the reasons that follow, the First Amended Complaint fails to state a cause of action and should be dismissed with prejudice.

## STANDARD OF REVIEW

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to

---

[1] All exhibits are permissible to consider in connection with a motion to dismiss. See Dovale v. Marketsource, Inc., 2006 U.S. Dist. LEXIS 57679, pg. * 12-13 (D.N.J. 2006) (providing that with a motion to dismiss, Courts may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents that are integral to or explicitly relied upon in the complaint). "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). The Court can take judicial notice of the information on ARS' website. See O'Toole v. Northrop Grumman Corp., 499 F.3d 1218, 1285 (10th Cir. 2007) (ruling that "[i]t is not uncommon for courts to take judicial notice of factual information found on the world wide web.").

{NJ745565.1}                3

relief above a speculative level, such that it is "plausible on its face." Id. at 570. See also Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In assessing the sufficiency of a pleading, "all factual allegations in the complaint must be taken as true," LaBounty v. Adler, 933 F.2d 121, 123 (2d Cir. 1991), and all reasonable inferences must be construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## LEGAL ARGUMENT

### I. AS A MATTER OF LAW, HRRG'S USE OF ARS AS AN ALTERNATIVE TRADE NAME DOES NOT VIOLATE THE FDCPA

Multiple Federal Courts have examined the "true name" requirement of the FDCPA, and permit the use of trade names without finding a violation of the FDCPA. HRRG is a limited liability company established under the laws of Florida. (See HRRG Articles of Organization attached as **Exhibit B**). Account Resolution Services is an unincorporated division of HRRG, and the name "ARS Account Resolution Services" is registered as an alternative trade name for HRRG with the State of New Jersey. (See State Trade Name Registration attached as **Exhibit C**). As a consequence, there is nothing false, deceptive, or misleading

{NJ745565.1}   4

about the use of Account Resolution Services' abbreviation, "ARS," in New Jersey.

Although a debt collector cannot use any business, company, or organization name other than its true name, the term "true name" as it is used in § 1692e(14) is not defined in the FDCPA. However, "its import is straightforward: [a] debt collector may not lie about his institutional affiliation." Sheriff v. Gillie, 136 S. Ct. 1594, 1602 (2016). This Court addressed this very issue in Boyko v. Am. Int'l Group, Inc., 2012 U.S. Dist. LEXIS 81229 (D. N.J. 2012), and held that a debt collector can avoid liability under the FDCPA by registering its alternative name in the state where the alleged injury occurred:

> [A] debt collection company may excuse itself from liability under section 1692e(14) where it properly registers its incorporated name and any alternate trade names in any of 1) the debt collection company's place of incorporation, 2) the debt collection company's principal place of business, or 3) the state in which the plaintiff was injured.

Id. at * 8.

In Boyko, the collection agency's registered trade name was "Credit Collection Services," but it also did business by its abbreviated name, "C.C.S.," which was not registered. Id. at * 2, 10. Despite the use of the abbreviation, the issue in the decision revolved around whether "Credit Collection Services" was properly registered in order to conduct business in New Jersey, not whether it

could use an abbreviation, which suggests that the use of an abbreviation is permissible.

This issue was specifically addressed in Pescatrice v. Elite Recovery Serv., 2007 U.S. Dist. LEXIS 29616 (S.D. Fla. 2007), which reached the same result. In Pescatrice, debt collector Elite Recovery Services, Inc., used the abbreviated name "ERS," in written correspondence, but only "Elite Recovery Services, Inc." was registered with the State of Florida. Id. at * 2, 6-7.

In granting the Defendant's summary judgment motion, the Court held that the use of an abbreviation of a registered trade name was not a violation of the FDCPA "as a matter of law," concluding that:

> Defendant did not use a deceptive means to collect a debt by using a[n] . . . abbreviation of its name in the return address, though not previously disclosed in its valid State of Florida registration.

Id. at * 12.

Similarly, in Strand v. Diversified Collection Serv., 380 F.3d 316 (8th Cir. 2004), at issue was whether the word "name," as used in the FDCPA, encompasses references to a corporation by its initials. The Court held that it did, reasoning that:

> We believe the word, as used modernly in commerce, can mean not only an appellation in the traditional sense of the word but also a more-abstract signifier, such as initials.

Id. at 318. The Court also explained that this conclusion furthered important policy principles underpinning the FDCPA because an abbreviated name is "abstracted," thus reducing the risk of invasions of privacy:

> In light of such clear and universal pronouncements on the purpose of the FDCPA, we believe a reading of the word "name" encompassing initials and logos does not thwart Congressional purpose in any way. On the contrary, such abstracted business names reveal less about the nature of a business, and thus there is a decreased risk they will invade the debtor's privacy and peace of mind by disclosing the debtor is the subject of a collection.

Id. at 319.

The Federal Trade Commission also has concluded that a debt collector may use multiple names as long as the names "do[] not misrepresent his identity or deceive the consumer." Fed. Trade Comm'n Staff Commentary on the Fair Debt Collection Practices Act, Cmt. 807(14)(1), 53 Fed. Reg. 50097-02, 50107 (Dec. 13, 1988). Multiple other Courts have also reached the same conclusion. See Mahan v. Retrieval-Masters Credit Bureau, Inc., 777 F. Supp. 2d 1293, 1298-99 & n.6 (S.D. Ala. 2011) (holding that "Debt collectors . . . may use alternative names they are legally entitled to use, and that are not misleading."). In Mahan, the defendant collection company was a New York corporation and was properly registered in New York to conduct business under its alternate trade name. Id. at 1298.

Similarly, in <u>Anthens v. Transworld Sys., Inc.</u>, 765 F. Supp. 162 (D. Del. 1991), the District Court ruled in favor of a collection agency conducting business in Delaware under a trade name registered in Pennsylvania because the plaintiff failed to present sufficient facts to show that the use of such a name was false, deceptive, or misleading. <u>Id.</u> at 172. Also, in <u>Johnson v. Statewide Collections, Inc.</u>, 778 P.2d 93 (Wyo. 1989), the Wyoming Supreme Court reversed a finding of liability under 1692e(14) because the alleged injury occurred in Wyoming and the defendant collection company had properly registered its alternate trade name in Wyoming. <u>Id.</u> at 96. The Court reasoned that:

> Statewide Collections, Inc. was a franchisee of CheckRite, Ltd. and was licensed with the Wyoming State Collection Agency Board as Statewide Collections, Inc., d/b/a CheckRite. **Consequently, "CheckRite" is a part of its true name for purposes of applying the FDCPA.** There is no sound reason or statutory purpose that would mandate that it use its full and complete name in its communications and notices. It was using a true business name, and the name used does not exemplify a means likely to deceive or mislead the consumer.

<u>Id.</u> at 103 (emphasis added).

In the present case, there is no FDCPA violation as a matter of law because "ARS Account Resolution Services" is properly registered with the State. **(Exhibit C)**. Even if the abbreviation was not registered, HRRG's alleged use of "ARS" is still not false, deceptive, or misleading because the full trade name is properly registered. **(Exhibit C)**. The telephone message referenced in the First

Amended Complaint also unambiguously discloses that "ARS is a debt collector," and that "[t]his is an attempt to collect a debt." (**Exhibit A**, par. 31). In the message the consumer is provided with a toll free telephone number to call and a website to visit to learn more about the debt. If a consumer calls the toll free telephone number, he/she can learn of ARS' full trade name, Account Resolution Services. Likewise, if the consumer visits the ARS website referenced in the message, he/she will find a prominent disclosure that "ARS Account Resolution Services is a division of Healthcare Revenue Recovery Group, (HRRG) . . . ." (See ARS website printouts, pg. 1, attached as **Exhibit D**). The website also advises that the abbreviation for Account Resolution Services, "ARS," appears on a consumer's credit card statement after an online payment is made. (See website printouts, pg. 2, attached as **Exhibit D**).

Also, long before the Plaintiffs received the alleged telephone message, they received a letter on November 30, 2015 from Account Resolution Services which stated that "Account Resolution Services" is "a division of HRRG, LLC." (See November 30, 2015 letter attached as **Exhibit E**). The upper left hand portion of the letter refers to Account Resolution Services by its initials, "ARS." (**Exhibit E**)

Therefore, the allegations in the First Amended Complaint that HRRG failed to meaningfully disclosure its identify, used false and deceptive means to collect a debt, and misrepresented its business name fail as a matter of law.

{NJ745565.1}　　　　　　　　　　　　　　　9

## CONCLUSION

Based on the above, it is respectfully requested that HRRG's motion to dismiss the First Amended Complaint should be granted.

                **MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**

                */s/ Christian M. Scheuerman*
                Sean X. Kelly, Esq.
                Christian M. Scheuerman, Esq.
                Attorneys for Defendant,
                Healthcare Revenue Recovery Group, LLC