IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ELAINE LEVINS and WILLIAM LEVINS, on behalf of themselves and other similarly situated, | |
| Plaintiffs, | Civil No. 1:17-cv-00928 (RBK/KMW) |
| v. | **OPINION** |
| HEALTHCARE REVENUE RECOVERY GROUP, LLC D/B/A ARS ACCOUNT RESOLUTION SERVICES, AND JOHN and JANE DOES 1 THROGH 25 CORRECTIONS, et al. | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter arises upon defendant Healthcare Revenue Recovery Group's ("HRRG") motion to dismiss plaintiffs Elaine Levins and William Levins' ("Plaintiffs") suit for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). For the reasons set forth in the opinion below, this motion is **GRANTED**.

**I.   BACKGROUND**

Plaintiffs, on their own behalf and on behalf of the class they seek to represent, allege that HRRG used false, deceptive, misleading, harassing, and abusive practices in connection with its attempt to collect alleged debts from Plaintiffs and similarly situated customers. *See* Compl. at 3. HRRG is a Limited Liability Company existing pursuant to the laws of the State of Florida. *See*

1

Compl. at 2; Def. Br. Ex. B. It operates as a debt collector, with its principal place of business in City of Sunrise, Florida. Compl. at 2. "ARS Account Resolution Services" is an unincorporated division of HRRG and registered as an alternative trade name for HRRG with the State of New Jersey. *See* Def. Br. Ex. C.

Plaintiffs specifically contend that HRRG collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), because the practices:

(a) fail to provide meaningful disclosure of HRRG's identity;
(b) use false representations and deceptive means to collect or attempt to collect any debt and to obtain information concerning a consumer; and
(c) use the name of any business, company, or organization other than the true name of the debt collections business, company, or organization.

*See* Compl. at 3. Plaintiffs allegedly owe a medical debt. *Id.* at 5. That debt was assigned, placed, or transferred to HRRG for collection. *Id.* HRRG then contacted Plaintiffs and third-parties via telephone and left messages in an attempt to collect the alleged debt, which HRRG contends is in default. *Id.* HRRG's pre-recorded message is transcribed as follows:

> ARS calling. Please return our call at 1-800-694-3048. ARS is a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Again, our number is 1-800-694-3048. Visit us at www.arspayment.com.

*See* Compl. at 6.

Plaintiffs allege that this message violates FDCPA. First, they maintain that it does not satisfy the "meaningful disclosure" requirement. § 1692(d)(6). There are other debt collectors, along with numerous other types of businesses, that use the name "ARS" in New Jersey.[1] As such, Plaintiffs maintain that the only way for Plaintiffs and/or a least sophisticated consumer to obtain the identity of the caller, and to ascertain the purpose underlying the messages, is to place a return call to the telephone number provided. Compl. at 8. This, Plaintiffs say, constitutes an inappropriate duty to investigate. *Id.*; Pl. Br. at 17. Plaintiffs further contend that it is deceptive and improper to abbreviate "ARS Account Resolution Services" as "ARS" for the purposes of collection because "ARS" is not the defendant corporation's true name. Plaintiffs have thus brought this case as a class action on behalf of all persons with addresses in the State of New Jersey for whom HRRG left such a voice message. *Id.*

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] Including ARS National Services, Inc., a California corporation registered to transact business in New Jersey, and Advanced Recovery Systems, Inc., a Mississippi corporation also registered to transact business in New Jersey.

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

## III.   ANALYSIS

HRRG argues that Plaintiffs have failed to plead facts that give rise to a plausible entitlement for relief. *See* Def. Br. HRRG maintains that the telephone messages provide meaningful disclosure of HRRG's identity and the reason for the call, do not use false representations or deceptive means to collect, and use one of HRRG's true names. *See Id.* at 1-3. To prevail on an FDCPA claim, a plaintiff must prove that: (1) she is a consumer; (2) the defendant is a debt collector; (3) the defendant's challenged practice involves an attempt to collect a "debt" as defined by the FDCPA; and (4) the defendant has violated a provision of the FDCPA in its attempt to collect the debt. *Douglass v. Convergent Outsourcing*, 765 F.3d 209, 303 (3d. Cir. 2014). HRRG's 12(b)(6) motion to dismiss constitutes a challenge to Plaintiffs' pleadings as to the fourth part of the equation; HRRG maintains that the messages it left are

within relevant parameters allowed by the FDCPA.[2] Fed. R. Civ. P. HRRG's position is correct—the facts pleaded do not constitute violations of the FDCPA and thus the Plaintiffs have not presented a plausible basis for relief.

*HRRG's Calls Provide Meaningful Disclosure of HRRG's Identity.*

The FDCPA prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692(d). § 1692(d)(6) bans telephone calls that do not provide "meaningful disclosure of the caller's identity." Meanwhile, "numerous district courts have determined that a debt collector's failure to reveal itself as a collection agency when leaving messages violate[s] the FDCPA." *Pisarz v. GC Services Ltd. Partnership*, 2017 WL 1102636, at *6 (D.N.J. March 24, 2017) (citing *Gryzbowski v. I.C. Sys.*, 691 F. Supp. 2d 618, 623 (M.D. Pa 2010); *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Masciarelli V. Boudreau & Assocs.*, 529 F. Supp. 2d 183, 185 (D. Mass. 2007); *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006); *Mark v. J.C. Christensen & Assocs., Inc.*, No. 09-100, 2009 WL 2407700, at *4 (D. Minn. 2009) ("[M]eaningful disclosure' requires a debt collector to 'disclose enough information so as to not mislead the recipient as to the purpose of the call.")).

HRRG's messages unmistakably inform the consumer that HRRG is calling to collect a debt. ARS is an alternate trade name for HRRG registered with the State of New Jersey. The least sophisticated consumer understands that "[t]his is an attempt to collect a debt" unambiguously means just that. A return number and website are provided as well should the consumer have any questions as to the caller's identity or intentions.

---

[2] Plaintiffs have pleaded facts sufficient to demonstrate that—for the purposes of the statute—Plaintiffs are consumers, HRRG is a debt collector, and HRRG's phone messages constitute an attempt to collect a debt. HRRG has not disputed these assertions.

Such plain identification and disclosure leaves no doubt as to the nature of the call and who Plaintiffs allegedly owe money to. As such, HRRG's messages satisfy the meaningful disclosure requirement.

*HRRG's Use of "ARS" as an Alternate Trade Name Does Not Violate FDCPA.*

No business, company, or organization may use a name other than its true name. 15 U.S.C. § 1692(e)(14). "True name" includes registered alternate names. *Boyko v. Am. Int'l Group., Inc.*, No. 08-2214, 2012 WL 2132390 (D.N.J. June 12, 2012). To use an alternate name, the business, company, or organization must register or license the alternate name where it was incorporated, where it maintained its principal place of business, or where the Plaintiff was injured. *Id.*

Plaintiffs maintain that abbreviating "ARS Account Resolution Services" to "ARS" for the purposes of the phone message is improper. This Court cannot agree. *See Pescatrice v. Elite Recovery Serv.*, 2007 U.S. Dist. LEXIS 29616 (S.D. Fla. 2007). The word "name" encompasses references to a corporation by its initials. *See Strand v. Diversified Collection Serv.*, 380 F.3d 316 (8th Cir. 2004). HRGG registered the name "ARS Account Resolution Services" as an alternate trade name with the State of New Jersey. Plaintiffs' alleged injury occurred in the State of New Jersey. As such, HRRG's use of "ARS" is acceptable. Such an abbreviation of HRRG's trade name does not prejudice Plaintiffs—it is not deceptive.

*HRRG's Phone Calls Do Not Constitute False Representations or Deceptive Means of Collecting Debts.*

As discussed, HRRG's use of "ARS" constitutes a "true name" and provides meaningful disclosure of HRRG's identity. Plaintiffs and/or least sophisticated consumers can tell who is calling and for what reason. While Plaintiffs argue that the inclusion of a phone number and

internet website improperly shifts the burden to the consumer to investigate the nature of the call, this is not so. Instead, these additions constitute further means of ensuring that there are *not* any mistaken or false representations about either identity or purpose. Furthermore, HRRG warns consumers that any information provided in these calls will be used to collect a debt. *See* Compl. at 6. Thus there is no violation of 15 U.S.C. § 1692(e)(10), as any attempts to collect information have been explicitly flagged and are therefore not deceptive.

## IV. CONCLUSION

Because the complaint as pleaded does not present facts, accepted as true, that give rise to any plausible entitlement to relief, Defendants motion to dismiss is **GRANTED**.


Dated:     09/26/2017                                    s/Robert B. Kugler
                                                         ROBERT B. KUGLER
                                                         United States District Judge