**MARKS, O'NEILL, O'BRIEN,**
**DOHERTY & KELLY, P.C.**
**BY: Christian M. Scheuerman, Esquire**
**Cherry Tree Corporate Center**
**Suite 501**
**535 Route 38 East**
**Cherry Hill, NJ 08002**
 **(856)663-4300**

**ATTORNEY FOR DEFENDANT**
**Healthcare Revenue Recovery**
**Group, LLC D/B/A ARS Account**
**Resolution Services**

**447-102973 (SXK/CMS)**

| | |
|---|---|
| **ELAINE LEVINS and WILLIAM LEVINS, on behalf of themselves and other similarly situated**<br><br>**VS.**<br><br>**HEALTHCARE REVENUE RECOVERY GROUP, LLC D/B/A ARS ACCOUNT RESOLUTION SERVICES AND JOHN and JANE DOES 1 THROUGH 25** | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br>**CAMDEN VICINAGE**<br><br>**Case No. 1:17-cv-00928-RBK-KMW**<br><br>**CIVIL ACTION**<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Healthcare Revenue Recovery Group, LLC D/B/A ARS Account Resolution Services, hereby answers the First Amended Complaint as follows:

## I.  PARTIES

1.      Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

2.      Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

3.     Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

4.     Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

5.     Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

6.     Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

7.     Averments contained in this paragraph refer to parties other than Answering Defendant, and therefore, no response is required.

8.     Averments contained in this paragraph refer to parties other than Answering Defendant, and therefore, no response is required.

## II.  JURISDICTION & VENUE

9.     Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

10.     Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

## III.  PRELIMINARY STATEMENT

11.     Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

{NJ907014.1}

12.    Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

13.    (a-c) Denied as stated.

14.    Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

15.    Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

16.    Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

17.    Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

18.    Denied.  As to Plaintiff's damages, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.  By way of further answer, as to Plaintiff's damages, it is specifically denied that any such damages were caused by the carelessness, recklessness, or negligence of Answering Defendant.

### IV.  FACTS REGARDING PLAINTIFFS

19.    Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

20.     Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

21.     Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

22.     Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

23.     Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

24.     Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

25.     Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

26.     Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

27.     Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

28.     Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

29.     Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

30.     Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

31.     Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

32.     Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

33.     Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

34.     Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

35.     (a-b) Denied as stated.

36.     Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

37.     Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

{NJ907014.1}

38.     Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

39.     Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

40.     Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

41.     Denied.

42.     Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

43.     Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

44.     Denied.

45.     Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

50.     Denied as stated.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied as stated.

## V.  POLICIES AND PRACTICES COMPLAINED OF

55.     (a-c) Denied.

56.     Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

## VI.  CLASS ALLEGATIONS

57.     Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

58.     Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

59.     Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

60.     Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

61.     Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

62.     Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

63.     Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

64.     (a-e) Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

65.     Denied.

66.     Denied.  After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

## VII.  FIRST CAUSE OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

67.     Answering Defendant incorporates herein by reference the statements set forth in the First through Third Counts above as if same were fully set forth herein in their entirety.

68.     (a-d) Denied.

## VIII.  PRAYER FOR RELIEF

69.     (i-v) Denied.  As to Plaintiff's damages, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.  By way of further answer, as to Plaintiff's damages, it is

specifically denied that any such damages were caused by the carelessness, recklessness, or negligence of Answering Defendant.

WHEREFORE, Healthcare Revenue Recovery Group, LLC D/B/A ARS Account Resolution Services, demands judgment in its favor and against all other parties.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject matter of Plaintiff's First Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

The allegations described in the First Amended Complaint were caused wholly or partly by the negligence or intentional acts of the Plaintiff and Plaintiff is barred from recovery or his recovery is reduced thereby.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to effect sufficient service of process upon the Answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint should be dismissed for failure to timely issue a Summons.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable Statute of Limitations and/or Laches.

### SEVENTH AFFIRMATIVE DEFENSE

The Answering Defendant owed no duty to Plaintiff at the time of Plaintiff's alleged injuries.

## EIGHTH AFFIRMATIVE DEFENSE

The Answering Defendant performed each and every duty owed to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

At all times relevant hereto, the Answering Defendant acted in a reasonable and proper manner.

## TENTH AFFIRMATIVE DEFENSE

All contact with the Plaintiff by the Defendant was in accordance with accepted standards under the FDCPA.

## ELEVENTH AFFIRMATIVE DEFENSE

The Answering Defendant at all times complied with all federal, state and local statutes, regulations and/or ordinances in effect.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from enforcing more stringent regulations and/or requirements than were in effect at the time of the alleged offense.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant claims the benefit of any privileges or immunities available under statutory and/or common law whether Local, State or Federal law.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred by her failure to mitigate damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

If the damages of Plaintiff are true and proven, which are denied, then such damages were caused by conditions over which the Answering Defendant had no control.

## SIXTEENTH AFFIRMATIVE DEFENSE

If the damages of the Plaintiff are true and proven, which are denied, then such damages were not caused by any conduct of Answering Defendant, which was secondary and passive, but were caused by the primary and active conduct of third parties over whom the Answering Defendant had no control.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred in whole or in part by the Entire Controversy Doctrine.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred by the doctrines of arbitration and award, estoppel, res judicata, and/or waiver.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited due to the material acts, statements, omissions, representations, and misrepresentations on which Answering Defendant relied to their detriment.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by her failure to cooperate with Answering Defendant.

.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

{NJ907014.1}

Plaintiff's claims are barred and/or limited by avoidable consequences.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to exhaust all administrative remedies.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The underlying debt was legitimate.

## TWENTY-FOUR AFFIRMATIVE DEFENSE

The Plaintiff has failed to establish a concrete injury.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to bring the present lawsuit.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant is entitled to the bona fide error defense.

## TWENTY SEVENTH AFFIRMATIVE DEFENSE

"ARS" is the name under which HRRG usually transacts business and/or a commonly used acronym of its registered name, "ARS Account Resolution Services."

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to L. Civ. R. 8, Defendant demands a statement of all damages claimed by Plaintiff.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that Sean X. Kelly, Esquire is hereby designated trial counsel for Defendant, Healthcare Revenue Recovery Group, LLC.

## JURY DEMAND

Defendant, Healthcare Revenue Recovery Group, LLC, demands a trial by jury on all issues.

MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.

*/s/ Christian M. Scheuerman*
Christian M. Scheuerman, Esquire

## DECLARATION PURSUANT TO LOCAL CIVIL RULE 11.2

I, Christian M. Scheuerman, Esquire hereby declare that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.  I further certify that I know of no party, other than putative class members, who should be joined in the action at this time.

In accordance with 28 U.S.C. 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.

*/s/ Christian M. Scheuerman*
Christian M. Scheuerman, Esquire

{NJ907014.1}