```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
                        CAMDEN VICINAGE
```

| | |
|---|---|
| ELAINE LEVINS AND WILLIAM LEVINS,<br><br>             Plaintiffs,<br><br>     v.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC, et al.,<br><br>             Defendant. | Civil No. 17-928-RBK-KMW |

### SCHEDULING ORDER

This Scheduling Order confirms the directives given to counsel at the initial scheduling conference held pursuant to Rule 16, Federal Rules of Civil Procedure on **December 20, 2018**; and the Court noting the following appearances: **Philip D. Stern, Esquire**, appearing on behalf of the **plaintiffs**; and **Christian M. Scheuerman, Esquire**, appearing on behalf of the **defendant**; and for good cause shown:

IT IS this **20th** day of **December, 2018**, hereby **ORDERED**:

1.  Counsel shall make FED. R. CIV. P. 26(a) disclosures on or before **January 10, 2019**.

2.  Plaintiff's counsel shall file a letter with the Court by **January 17, 2019** stating that the parties have conferred pursuant to L. CIV. R. 26.1(b)(2) and 26.1(d) concerning discovery of digital information and advise whether the parties have agreed on computer-based and other digital discovery matters.

3.  Initial written discovery requests shall be served by **January 18, 2019**. Responses, answers and objections to initial written discovery requests shall be served by Click here to enter a date..

4.  The time within which to seek amendments to the pleadings or to add new parties will expire on **April 26, 2019**.

5. Pretrial factual discovery will expire on **June 3, 2019**. All pretrial discovery shall be concluded by that date. All discovery motions and applications pursuant to L. Civ. R. 37.1(a)(1) shall be made returnable before the expiration of pretrial factual discovery.

6. **Discovery Applications**. All discovery applications pursuant to L. Civ. R. 37.1(a)(1) shall include an Affidavit or Certification that includes the information identified in L. Civ. R. 37.1(b)(1). Absent exigent circumstances, the Court expects parties to "meet and confer" in person or via telephone before making a discovery application, rather than just exchanging letters or e-mails.

7. **Depositions**. All depositions are to be conducted in accordance with the procedures set forth in the order of Judge Gawthrop, in Hall v. Clifton Precision, 150 F.R.D. 525 (E.D.Pa. 1993).

8. All expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on behalf of plaintiffs shall be served upon counsel for defendant not later than **July 1, 2019**. All expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) on behalf of defendant shall be served upon counsel for plaintiffs not later than **August 1, 2019**. Each such report should be accompanied by the curriculum vitae of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed. Depositions of proposed expert witnesses shall be concluded by **September 6, 2019.**

For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of Fed. R. Civ. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. Evid. 701 and Teen-Ed v. Kimball International, Inc., 620 F.2d 399 (3d Cir. 1980).

      9.  **Dispositive Motions**. Dispositive motions shall be filed with the Clerk of the Court no later than **September 27, 2019**. Opposition to the motion should be served in a timely fashion. Counsel are to follow L. CIV. R. 7.1, 7.2, 56.1 and 78.1 (Motion Practice - Generally).

      10. The Court will conduct a telephone status conference on **March 12, 2019 at 10:00 a.m.**  Counsel for plaintiffs shall initiate the telephone call.

      11. Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown.

      **THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

      s/ Karen M. Williams
      KAREN M. WILLIAMS
      United States Magistrate Judge

cc:  Hon. Robert B. Kugler