MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.
BY: Christian M. Scheuerman, Esquire
Attorney I.D. 02710-2007
535 Route 38 East
Suite 501
Cherry Hill, NJ  08002
(856)663-4300

ATTORNEY FOR DEFENDANT
Healthcare Revenue Recovery Group, LLC

447-102973(SXK/CMS)

| | |
|---|---|
| Elaine Levins and William Levins, on behalf of themselves and others similarly situated<br><br>vs.<br><br>Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services | UNITED STATES DISTRICT COURT<br><br>DOCKET NO. 1:17-cv-928-RBK-KMW<br><br>CIVIL ACTION<br><br>**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE IN SUPPORT OF SUMMARY JUDGMENT** |

Defendant, Healthcare Recovery Group, LLC ("HRRG"), d/b/a ARS hereby submits the following statement of material facts not in dispute in support of summary judgment. ARS submits that the following facts are undisputed:

## BACKGROUND

1. On February 12, 2017, the Plaintiffs filed a putative class action complaint for alleged violations of the FDCPA. (See Complaint, **Exhibit A**).

{NJ062910.1}

2.  In response to a motion to dismiss, on April 12, 2017, the Plaintiffs filed a First Amended Complaint. (See First Amended Complaint, **Exhibit B**).

3.  The amended complaint alleges that Defendant left pre-recorded telephone messages with the Plaintiffs that allegedly violated the FDCPA. The messages are transcribed in the amended complaint as follows:

> ARS calling. Please return our call at 1-800-694-3048. ARS is a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Again, our number is 1-800-649-3048. Visit us at www.ars.payment.com.

(**Exhibit B**, paragraph 30-31).

4.  Defendant filed a motion to dismiss the amended complaint, which the Court granted on September 26, 2017. (See September 26, 2017 Order and Opinion attached as **Exhibit C**).

5.  The Plaintiffs appealed the September 26, 2017 Order.

6.  On August 22, 2018, the Third Circuit issued an Opinion vacating in part and affirming in part the September 26, 2017 Order. (See Third Circuit Decision attached as **Exhibit D**).

7.  The Third Circuit concluded that the amended complaint had stated a *prima facie* claim under FDCPA §1692e(14), but that the Plaintiffs failed to state a claim under FDCPA § 1692d(6) or § 1692e(10). (**Exhibit D**, page 3).

8.  In addressing the §1692e(14) claim, the Third Circuit stated that,

{NJ062910.1}

> The FTC has interpreted the 'true name' requirement contained in § 1692e(14) to permit a debt collector to 'use its full business name, the name under which it usually transacts business, or a commonly used acronym[,]' as long as it consistently uses the same name when dealing with a particular consumer.

(**Exhibit D**, page 11).

9. The allegation that Defendant did not use its true name when communicating with Plaintiffs is the only claim which remains in the case. (**Exhibit D**).

## THE RECORD REVEALS THAT DEFENDANT USED THE NAME UNDER WHICH IT USUALLY TRANSACT BUSINESS AND/OR A COMMONLY USED ACRONYM IN EVERY COMMUNICATION WITH PLAINTIFFS

10. "ARS Account Resolution Services" is a registered alternative trade name in New Jersey for HRRG. (See trade name registration attached as **Exhibit E**).

11. ARS Account Resolution Services is an unincorporated division of HRRG. (See deposition transcript of David Friedlander, page 50:14-6, attached as **Exhibit F**).

12. It performs collection services on more severely delinquent and older accounts than HRRG. (See deposition transcript of David Friedlander, page 73:23-74:1, attached as **Exhibit F**).

13. ARS Account Resolution Services began its operations in January 2009. Since then, "ARS" has always been the name under which it usually transacts business with the public. (See ARS Interrogatory responses, number 10, attached as **Exhibit G**).

{NJ062910.1}

14. Employees of ARS are separate and distinct from employees of HRRG. (See deposition transcript of David Friedlander, page 74:4-6, attached as **Exhibit F**).

15. While ARS occupies office space within the same building as HRRG, it is separate and ARS has its own structure of hierarchy and management. (See deposition transcript of David Friedlander, page 74:7-16, attached as **Exhibit F**).

16. ARS' website, arspayment.com, advises that "ARS" will appear on a consumer's credit card statement after an online payment is made. (See ARS Interrogatory responses, number 9, attached as **Exhibit G**).

17. The Plaintiffs received a collection letter from ARS on November 30, 2015. (See November 30, 2015 collection letter attached as **Exhibit H**).

18. The upper left hand corner of the letter, which is the only portion visible through the window envelope, refers to Defendant simply as "ARS." The name "ARS" is written in font in the upper left hand corner of the letter which is twice as large as any other font in the letter. (See November 30, 2015 collection letter attached as **Exhibit H**).

19. The first sentence of the November 30, 2015 letter indicates that "ARS" will be used as a short form for ARS Account Resolution Services throughout the letter. The letter states that, "[t]he healthcare creditor(s) shown below hired ARS Account

{NJ062910.1}

Resolution Services (ARS) to collect the balance due." (See November 30, 2015 collection letter attached as **Exhibit H**).

20. The bottom of the November 30, 2015 letter directs that all payments should be mailed to:

>  ARS
>  P.O.Box630806
>  Cincinnati, OH 45263-0806

(See November 30, 2015 collection letter attached as **Exhibit H**).

21. Plaintiffs admit in the amended complaint that in all telephone communications with the Defendant, Defendant used the name "ARS." (See complaint par. 31, **Exhibit B**).

22. Specially, multiple telephone messages were left with Plaintiffs on various dates, and in every one the caller was identified as "ARS." (See Defendant Interrogatory answers no. 3, **Exhibit G**).

23. ARS representatives have frequent live telephone calls with consumers. (See deposition transcript of David Friedlander, page 176:8-12, attached as **Exhibit F**).

24. During telephone conversations between ARS representatives and consumers, ARS representatives are trained to identify the company as ARS. (See deposition transcript of David Friedlander, page 176:16-20, attached as **Exhibit F**).

{NJ062910.1}

25. The reason for this is because non-debtor, third-parties, may potentially answer the telephone. Using ARS does not disclose the nature of the call to any potential third-party who may answer the telephone. (See deposition transcript of David Friedlander, page 176:24-177:4, attached as **Exhibit F**).

26. ARS has a quality control program where managers in the company listen to past recorded telephone conversations between ARS representatives and consumers. HRRG and ARS President, David Friedlander, has listened to many past calls between ARS representatives and consumers. (See deposition transcript of David Friedlander, page 178:5-12, attached as **Exhibit F**).

27. The name used by ARS representatives in the recorded telephone calls which Mr. Friedlander has listed to is ARS. (See deposition transcript of David Friedlander, page 178:13-16, attached as **Exhibit F**).

{NJ062910.1}