MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.
BY: Christian M. Scheuerman, Esquire
- Attorney I.D. 02710-2007
535 Route 38 East
Suite 501
Cherry Hill, NJ   08002
(856)663-4300

ATTORNEY FOR DEFENDANT
Healthcare Revenue Recovery
Group, LLC

447-102973(SXK/CMS)

| | |
|---|---|
| Elaine Levins and William Levins, on behalf of themselves and others similarly situated<br><br>vs.<br><br>Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services | UNITED STATES<br>DISTRICT COURT<br>CAMDEN VICINAGE<br><br>DOCKET NO.  1:17-cv-00928-RBK-KMW<br><br>CIVIL ACTION |

---

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT ON BEHALF OF HEALTHCARE REVENUE
RECOVERY GROUP, LLC**

---

MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.
Cherry Tree Corporate Center
Suite 501
535 Route 38 East
Cherry Hill, New Jersey 08002

{NJ062994.1}

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .................................................................................. 1
PROCEDURAL HISTORY ........................................................................................ 1
STANDARD OF REVIEW ........................................................................................ 2
LEGAL ARGUMENT ............................................................................................... 3
I.   THE FDCPA § 1692e(14)  CLAIM FAILS BECAUSE  "ARS" IS THE NAME UNDER WHICH DEFENDANT USUALLY TRANSACTS BUSINESS AND/OR IS A COMMONLY USED ACRONYM IN ..................... 3
CONCLUSION ......................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Anderson v. Liberty Lobby, Inc.,
 477 U.S. 242 (1986) ................................................................................. 3

Celotex Corp. v. Catrett,
 477 U.S. 317 (1986) ................................................................................. 2

Gray v. York Newspapers, Inc.,
 957 F.2d 1070 (3d Cir. 1992) .................................................................. 3

Levins v. Healthcare Revenue Recovery Grp. LLC,
 902 F.3d 274 (3d Cir. 2018) .................................................................... 4

Startzell v. City of Phila.,
 533 F.3d 183 (3d Cir. 2008) .................................................................... 2

Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating
 Engineers, AFL-CIO,
 982 F.2d 884 (3d Cir. 1992) .................................................................... 3

**Statutes**

FDCPA § 1692d(6) .......................................................................................... 2

FDCPA §1692e ................................................................................... 1, 2, 3, 4

**Rules**

Fed. R. Civ. P. 56 ........................................................................................ 2,3

## PRELIMINARY STATEMENT

The sole remaining issue in this case is whether the Defendant used its "true name" when it communicated with the Plaintiffs. As explained by the Third Circuit, the true name requirement of the FDCPA permits a debt collector to use its full business name, the name under which it usually transacts business, or a commonly used acronym. The evidence in the record displays that in every communication with the Plaintiffs, Defendant used the name "ARS," which is an abbreviation of its registered trade name. The evidence further displays that Defendant usually transacts business with other consumers using the name "ARS." Thus, the Defendant did not violate FDCPA §1692e(14) and summary judgment is appropriate.

## PROCEDURAL HISTORY

On February 12, 2017, the Plaintiffs filed a putative class action complaint for alleged violations of the FDCPA. (See Complaint, **Exhibit A**). In response to a motion to dismiss, on April 12, 2017, the Plaintiffs filed a First Amended Complaint. (See First Amended Complaint, **Exhibit B**). Defendant filed a motion to dismiss the amended complaint, which the Court granted on September 26, 2017. (See September 26, 2017 Order and Opinion attached as **Exhibit C**). The Plaintiffs appealed the September 26, 2017 Order.

On August 22, 2018, the Third Circuit issued an Opinion vacating in part and affirming in part the September 26, 2017 Order. (See Third Circuit Decision attached as **Exhibit D**). The Third Circuit concluded that the amended complaint stated a *prima facie* claim under FDCPA §1692e(14), but that the Plaintiffs failed to state a claim under FDCPA § 1692d(6) or § 1692e(10). (**Exhibit D**, page 3). The allegation that Defendant did not use its true name when communicating with Plaintiffs is the only claim remaining in the case. (**Exhibit D**).

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56, summary judgment is appropriate where the "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . . demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). The Court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. See Startzell v. City of Phila., 533 F.3d 183, 192 (3d Cir. 2008) (citation omitted).

The moving party bears the initial burden of informing the Court of the basis for its motion and demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 322-23. Once the burden is met, the burden shifts to the non-moving party to "set forth specific facts showing that there [are] . . . genuine factual issues that properly can be resolved only by a finder of fact because they

{NJ062994.1}                                2

may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

The party opposing summary judgment may not "rest upon mere allegation[s] or denials of his pleading," but must set forth specific facts and present affirmative evidence demonstrating that there is a genuine issue for trial. Id. at 256-57; Fed. R. Civ. P. 56(c)(1)(A). Additionally, "if the non-moving party's evidence 'is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted.'" Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Engineers, AFL-CIO, 982 F.2d 884, 890-91 (3d Cir. 1992) (quoting Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992))

**LEGAL ARGUMENT**

**I.  THE FDCPA § 1692E(14) CLAIM FAILS BECAUSE "ARS" IS THE NAME UNDER WHICH DEFENDANT USUALLY TRANSACTS BUSINESS AND/OR IS A COMMONLY USED ACRONYM IN**

The sole remaining issue in this case is whether the Defendant used its "true name" when communicating with the Plaintiffs as required by FDCPA § 1692e(14). As explained by the Third Circuit, "Section 1692e prohibits a debt collector from 'us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" Levins v. Healthcare Revenue Recovery Grp. LLC, 902 F.3d 274, 281 (3d Cir. 2018).

The Third Circuit has adopted the FTC interpretation of the "true name" requirement of § 1692e(14). Levins, 902 F.3d at 281. This requires a debt collector to use its full business name, the name under which it usually transacts business, or a commonly-used acronym when communicating with consumers, as long as "it consistently uses the same name when dealing with a particular consumer." Id. (quoting Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50107 (Dec. 13, 1988).

The evidence in the record displays that in every communication with the Plaintiffs, Defendant used the name "ARS," which is a short form of its registered trade name. The evidence further displays that Defendant usually transacts business using the name "ARS," and that it is a commonly used abbreviation of its registered trade name. Thus, the Defendant did not violate FDCPA §1692e(14) and summary judgment is appropriate.

"ARS Account Resolution Services" is a registered alternative trade name in New Jersey for HRRG, and ARS Account Resolution Services is an unincorporated division of HRRG. (See trade name registration attached as **Exhibit E**). (See deposition transcript of David Friedlander, page 50:14-6, attached as **Exhibit F**). It performs collection services on more severely delinquent and older accounts than HRRG. (See deposition transcript of David Friedlander, page

{NJ062994.1}                                4

73:23-74:1, attached as **Exhibit F**). ARS Account Resolution Services began its operations in January 2009. Since then, "ARS" has always been the name under which it usually transacts business with the public. (See ARS Interrogatory responses, number 10, attached as **Exhibit G**).

The Plaintiffs received a collection letter from ARS on November 30, 2015. (See November 30, 2015 collection letter attached as **Exhibit H**). The upper left hand corner of the letter, the only portion visible through the window envelope, refers to Defendant as "ARS." The name "ARS" is written in font in the upper left hand corner of the letter which is twice as large as any other font in the letter. (See November 30, 2015 collection letter attached as **Exhibit H**).

The first sentence of the November 30, 2015 letter indicates that "ARS" will be used as an abbreviation for ARS Account Resolution Services throughout the letter. The letter states that, "[t]he healthcare creditor(s) shown below hired ARS Account Resolution Services (ARS) to collect the balance due." (See November 30, 2015 collection letter attached as **Exhibit H**). The bottom of the November 30, 2015 letter directs that all payments should be mailed to:

> ARS
> P.O.Box630806
> Cincinnati, OH 45263-0806

(See November 30, 2015 collection letter attached as **Exhibit H**).

If a credit card payment is made, ARS' website, arspayment.com, advises that "ARS" will appear on a consumer's credit card statement. (See ARS Interrogatory responses, number 9, attached as **Exhibit G**). The Plaintiffs admit in the amended complaint that in all telephone communications with the Defendant, Defendant used the name "ARS." (See complaint par. 31, **Exhibit B**). Specially, multiple telephone messages were left with Plaintiffs on various dates, and in every one the caller was identified as "ARS." (See Defendant Interrogatory answers no. 3, **Exhibit G**).

ARS representatives have frequent live telephone calls with consumers. (See deposition transcript of David Friedlander, page 176:8-12, attached as **Exhibit F**). During telephone conversations between ARS representatives and consumers, ARS representatives are trained to identify the company as "ARS." (See deposition transcript of David Friedlander, page 176:16-20, attached as **Exhibit F**). The reason is because non-debtor, third-parties, may answer the telephone. Using ARS does not disclose the nature of the call to any potential third-parties. (See deposition transcript of David Friedlander, page 176:24-177:4, attached as **Exhibit F**).

ARS has a quality control program where managers in the company listen to past recorded telephone conversations between ARS representatives and consumers. HRRG and ARS President, David Friedlander, has listened to many

past calls between ARS representatives and consumers. (See deposition transcript of David Friedlander, page 178:5-12, attached as **Exhibit F**). The name used by ARS representatives in the recorded telephone calls which Mr. Friedlander has listened to is "ARS." (See deposition transcript of David Friedlander, page 178:13-16, attached as **Exhibit F**).

Thus, summary judgment is appropriate because in all communications with the Plaintiffs the name ARS was used by the Defendant. The evidence in the record also displays that the name ARS is the name under which Defendant usually transacts business with consumers and is a commonly used abbreviation of its registered trade name.

## CONCLUSION

For the above reasons, the Court should respectfully grant summary judgment and dismiss the amended complaint with prejudice.

MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.

/s/ *Christian M. Scheuerman, Esquire*
Christian M. Scheuerman, Esquire
Attorney for Defendant
