PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 17-3330

ELAINE LEVINS;
WILLIAM LEVINS, on behalf of themselves
and others similarly situated,
          Appellants

v.

HEALTHCARE REVENUE RECOVERY GROUP LLC,
a/k/a ARS Account Resolution Services;
JOHN AND JANE DOES 1 THROUGH 25

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-17-cv-00928)
District Judge: Honorable Robert B. Kugler

Argued
June 5, 2018

Before:  AMBRO, JORDAN, and VANASKIE, *Circuit Judges*



(Filed: August 22, 2018)

Daniel A. Frischberg
525 Route 73 South
Evesham Commons
Marlton, NJ 08053

Philip D. Stern      [ARGUED]
Andrew T. Thomasson
Stern Thomasson
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081

*Counsel for Appellants*

Sean X. Kelly
Christian M. Scheuerman      [ARGUED]
Marks O'Neill O'Brien Doherty & Kelly
535 Route 38 East, Suite 501
Cherry Hill, NJ 08002

*Counsel for Appellee*

OPINION

JORDAN, *Circuit Judge*.

In this appeal, we interpret three provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. Elaine and William Levins allege that Healthcare

Revenue Recovery Group LLC ("HRRG") violated §§ 1692e(14), 1692d(6), and 1692e(10) by leaving telephone voice messages that did not use its true name, did not meaningfully disclose its identity, and used false representations and deceptive means to collect or attempt to collect a debt or obtain information about a consumer. In particular, the Levinses complain that voicemail messages in which HRRG went by the name of "ARS" were insufficient to identify it as HRRG or even as "ARS ACCOUNT RESOLUTION SERVICES," which is an alternative business name used by HRRG. HRRG moved to dismiss the complaint, as amended, for failure to state a claim, and the District Court granted that motion.

We conclude that the Levinses have stated a plausible claim that HRRG violated § 1692e(14)'s "true name" provision, but they have not stated plausible claims under §§ 1692d(6) or 1692e(10). Accordingly, we will vacate in part and affirm in part the dismissal of their case.

I.   **BACKGROUND**

A.   **Allegations In The Complaint**[1]

The Levinses, who live in New Jersey, purportedly incurred a debt that was transferred to HRRG for collection. HRRG then began leaving pre-recorded voicemail messages

---

[1] For convenience, we refer to the amended complaint simply as "the complaint." We construe the allegations of that pleading in the light most favorable to the Levinses. *See infra* note 2.

on the Levinses' phone in an attempt to collect the debt. The following is a transcription of the message:

> ARS calling. Please return our call at 1-800-694-3048. ARS is a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Again, our number is 1-800-694-3048.     Visit     us     at www.arspayment.com.

(App. at 22 ¶ 31.)

At the time the Levinses received that message over and over, they did not know the identity of the caller. They had never received any written communication from HRRG. Having recently gone through bankruptcy, they knew of a debt collector with the full name "ARS National Services, Inc." that was known as "ARS" for short. That company, however, turns out to be wholly unrelated to HRRG. While it has registered the name "ARS ACCOUNT RESOLUTION SERVICES" in New Jersey, HRRG has neither registered the stand-alone name "ARS" nor taken any other legal steps to do business under that specific name.

There are numerous businesses that use the name "ARS," including the debt collector the Levinses had heard of, which is a California corporation registered to transact business in New Jersey. According to the Levinses, "by reputation the name 'ARS' is, without more, associated in the nation's debt collection industry with ARS National Services Inc." (App. at 23 ¶ 41.) A Google search of "ARS" along with "debt" or "collector" will result in links to many debt collectors other than HRRG. Reference to www.arspayment.com, the website that HRRG mentioned in the pre-recorded messages it

left for the Levinses, does not narrow the field. It only leads to a browser privacy warning that blocks access to the website. And, if one ignores the warning and accesses the site, the website begins tracking and storing information about the computer user.

### B.     Procedural History

Within a year of receiving the voicemail messages from HRRG, the Levinses filed their putative class-action complaint alleging that HRRG violated the FDCPA when attempting to collect debts from them and others similarly situated. They eventually filed an amended complaint in which they claimed that the pre-recorded messages violate 15 U.S.C. §§ 1692e(14), 1692d(6), and 1692e(10) because they "use the name of any business, company or organization other than the true name of the debt collector's business, company, or organization"; "fail to provide meaningful disclosure of HRRG's identity"; and "use false representations and deceptive means to collect or attempt to collect any debt and to obtain information concerning a consumer[.]" (App. at 19 ¶ 13.)

HRRG moved to dismiss the case, invoking Federal Rule of Civil Procedure 12(b)(6). Along with its motion, HRRG filed an attorney declaration with supporting documents. Among those was a certificate stating that it is registered to do business in New Jersey under the name "ARS ACCOUNT RESOLUTION SERVICES," and a collection letter that it purports to have sent to Elaine Levins in November 2015. The Levinses opposed HRRG's motion and submitted their own attorney declaration with documents listing hundreds of businesses registered in New Jersey under names that

include "ARS." After reviewing the parties' submissions, the District Court granted the motion to dismiss.

The Levinses have timely appealed.

## II. DISCUSSION[2]

In appealing the order dismissing their complaint for failure to state a claim, the Levinses make three arguments. First, they say that HRRG violated § 1692e(14) because it did not use its true name in the voicemail messages. Next, they argue that HRRG violated § 1692d(6) because the messages did not meaningfully disclose the caller's identity. And finally, they assert that HRRG violated § 1692e(10) because forcing consumers to call HRRG or navigate its website is a deceptive

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review over a district court's dismissal for failure to state a claim under Rule 12(b)(6), applying the same standard as the district court." *Glover v. FDIC*, 698 F.3d 139, 144 (3d Cir. 2012). "We will affirm an order dismissing a complaint only when the complaint fails to contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rotkiske v. Klemm*, 890 F.3d 422, 424 n.2 (3d Cir. 2018) (en banc) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018). We construe the allegations in the complaint in the light most favorable to the non-moving parties, the plaintiffs. *Id.*

means to collect debts and obtain information about a consumer.

HRRG of course disputes all of those contentions. It says that it did not violate § 1692e(14) because "ARS" is an abbreviation of its registered alternative business name "ARS Account Resolution Services," which is a true name. It then contends that it did not violate § 1692d(6) because the messages said that the caller was a debt collector, pointed out that the purpose of the call was to collect a debt, and provided a phone number and website for the consumer to use, all of which was a sufficient disclosure of identity. And, last, it argues that it did not use deceptive collection practices in violation of § 1692e(10) because the messages informed consumers that any information obtained would be used to collect a debt.

Before turning to the parties' competing arguments, though, we must determine which materials can properly be considered in evaluating the District Court's decision to dismiss the claims under Rule 12(b)(6).

      **A.**    **We Decline To Rely On The Collection Letter Attached To HRRG's Motion To Dismiss Because The Complaint Does Not Reference Or Rely On It.**

We "generally consider only the allegations contained in the complaint, exhibits attached to the complaint[,] and matters of public record" when evaluating whether dismissal under Rule 12(b)(6) was proper. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). But we can also consider "an undisputedly authentic

document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id.* We may do so because "the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated where the plaintiff has actual notice ... and has relied upon [those] documents in framing the complaint." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotation marks, alteration, and citation omitted).

Here, HRRG asks us to consider the collection letter that it claims to have mailed to the Levinses in November 2015. The letter bears a company logo consisting of the letters "ARS," says in the letterhead that "Account Resolution Services" is "a division of HRRG, LLC," and, in the body of the letter, uses "ARS" as an abbreviated name. (App. at 38.) HRRG urges us to conclude that the Levinses received that collection letter before the phone messages and so would have understood ARS and HRRG to be one and the same. The Levinses respond that the letter is off limits at this stage of the litigation, and they are right. We will not consider it because the claims in the Levinses' complaint are not based on it. Rather, the claims are based on the pre-recorded phone messages that the Levinses allegedly received. Indeed, the Levinses specifically allege that they have never received any written communication from HRRG, and we must take that as true, *see Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (construing allegations in the complaint in the light most favorable to the non-moving party).[3]

---

[3] The District Court's decision likewise did not reference that collection letter. We will, however, consider the certificate stating that HRRG is registered to do business in

Of course, our decision not to consider the letter at this stage does not mean that it is irrelevant or forever precluded from consideration. Assuming it is properly tendered to the District Court, HRRG may rely on it later in a motion for summary judgment or at trial.

With that decided, we can now consider whether the Levinses have stated their FDCPA claims with sufficient plausibility to withstand the motion to dismiss.

### B.  The Levinses Have Stated A Plausible Claim Under § 1692e(14).

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors[.]" 15 U.S.C. § 1692. Because it is a remedial statute, "we construe its language broadly, so as to effect its purpose." *Tatis*, 882 F.3d at 427 (internal quotation marks and citation omitted). In evaluating whether a particular debt-collection practice violates the Act, "we employ a 'least sophisticated debtor' standard[.]" *Id.* (citation omitted). "The standard is objective, meaning that the specific plaintiff need not prove that she was actually confused or misled, only that the objective least sophisticated debtor would be." *Id.* (internal quotation marks, emphasis, and citation omitted). "[That] standard aims to

---

New Jersey under the name "ARS ACCOUNT RESOLUTION SERVICES," (App. at 35), because it is a matter of public record, *Pension Benefit Guar. Corp.*, 998 F.2d at 1196. The District Court referenced the certificate in its decision, and neither party disputes that choice on appeal. That is the limit of what we are considering outside of the complaint.

9

protect the gullible as well as the shrewd, but it nevertheless preserves a quotient of reasonableness[.]" *Id.* (internal quotation marks, alterations, and citations omitted).

To state a claim under the FDCPA, a plaintiff must allege that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Id.* Here, the parties only dispute the fourth element, *i.e.*, whether the messages violated §§ 1692e(14), 1692d(6), or 1692e(10) of the Act.

We conclude that the Levinses have stated a plausible claim under § 1692e(14) because, as alleged in the complaint, "ARS" is neither HRRG's full business name, the name under which it usually transacts business, nor a commonly used acronym of its registered name "ARS ACCOUNT RESOLUTION SERVICES." Section 1692e prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It contains a non-exhaustive list of prohibited conduct, one sort of which is "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." *Id.* § 1692e(14).

The FDCPA is enforced by the Federal Trade Commission ("FTC"), which has offered guidance on how to interpret that statute. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1372 n.2 (11th Cir. 1998). Although the FTC's guidance "does not have the force of law and is not entitled to deference in FDCPA cases[,]" we may adopt its interpretation

when we find its logic persuasive. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006) (internal quotation marks, alterations, and citation omitted). The FTC has interpreted the "true name" requirement in § 1692e(14) to permit a debt collector to "use its full business name, the name under which it usually transacts business, or a commonly-used acronym[,]" as long as "it consistently uses the same name when dealing with a particular consumer." *Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act*, 53 Fed. Reg. 50097, 50107 (Dec. 13, 1988) [hereinafter *FTC Commentary*]. That is a sound interpretation of the statutory requirement, and we adopt it as our own.

  Here, at this early stage in the case, when we must take the allegations in the complaint as true, the Levinses have plausibly alleged facts suggesting that "ARS" is not the "true name" of HRRG. While they do not deny that "ARS" is a name HRRG may use, they say that the acronym is commonly associated with other debt collection companies, including "ARS National Services, Inc.," and that it could refer to hundreds of other businesses registered to do business in New Jersey under names that include "ARS." (App. at 23 ¶¶ 37, 41; App. at 41.) *See also Sayles v. Advanced Recovery Sys., Inc.*, 865 F.3d 246, 248 (5th Cir. 2017) (abbreviating defendant "Advanced Recovery Systems, Inc." as "ARS"); *Koby v. ARS Nat'l Servs., Inc.*, 846 F.3d 1071, 1074 (9th Cir. 2017) (abbreviating defendant "ARS National Services, Inc." as "ARS"). Nothing in the information properly before us indicates that "ARS" is HRRG's full business name, the name under which it usually transacts business, or its commonly used acronym. To the extent HRRG argues to the contrary, it is doing so without proper record support. It will have an opportunity later to expand the record, but for now taking the

11

allegations in the complaint as true, we conclude that the Levinses have stated a plausible claim for relief under § 1692e(14).[4]

### C. The Levinses Have Not Stated A Plausible Claim Under § 1692d(6).

Section 1692d prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which

---

[4] The District Court reached the opposite conclusion by relying on *Pescatrice v. Elite Recovery Service, Inc.*, No. 06-61130, 2007 WL 1192441 (S.D. Fla. Apr. 23, 2007), and *Strand v. Diversified Collection Service, Inc.*, 380 F.3d 316 (8th Cir. 2004). Those cases, however, are distinguishable.

In *Pescatrice*, the court held that there was no violation of § 1692e(10) when a debt collector used an abbreviation of its company name in the return address of a mailing. 2007 WL 1192441, at *4; *see also* 15 U.S.C. § 1692e(10) (prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer"); *infra* Section II.D. Similarly, in *Strand*, the court held that a collection agency's practice of using its initials and corporate logo on an envelope's exterior did not violate § 1692f(8). 380 F.3d at 319; *see also* 15 U.S.C. § 1692f(8) (prohibiting "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business"). Both of those cases were based on different provisions of the FDCPA, and we do not interpret them as deciding the "true name" question that is at issue here.

is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. It too, like § 1692e, contains a non-exhaustive list of prohibited conduct, one type of which is "the placement of telephone calls without meaningful disclosure of the caller's identity." *Id.* § 1692d(6). Here, though the issue is close, we conclude that the District Court was correct to rule that the Levinses have not stated a claim under § 1692d(6). The voicemail messages provided enough information about the caller's identity for the least sophisticated debtor to know that the call was from a debt collector and was an attempt to collect a debt.

The statute does not define "meaningful disclosure[,]" but in *Hart v. Credit Control, LLC*, the United States Court of Appeals for the Eleventh Circuit interpreted "meaningful disclosure" as requiring a debt collector's voice message to provide two types of information: first, "the name of the debt collection company[,]" and second, "the nature of the debt collection company's business, which can be satisfied by disclosing that the call is on behalf of a debt collection company[.]" 871 F.3d 1255, 1260 (11th Cir. 2017). The court held that there was no violation of § 1692d(6) when the individual calling on behalf of the debt collector did not leave his or her personal name in a message because that individual provided a company name and stated that the call was from a debt collector. *Id.* at 1259-60; *see also id.* at 1256 ("This is Credit Control calling with a message. This call is from a debt collector. Please call us at 866–784–1160. Thank you."). District courts in our Circuit have similarly interpreted "meaningful disclosure" as requiring a debt collector "to reveal itself as a collection agency when leaving messages" because "[m]eaningful disclosure requires a debt collector to disclose enough information so as not to mislead the recipient as to the

purpose of the call." *See Pisarz v. GC Servs. Ltd. P'ship*, No. 16-4552, 2017 WL 1102636, at *6 (D.N.J. Mar. 24, 2017) (internal quotation marks and citation omitted); *see also id.* (citing district court cases).

The Levinses claim that saying "ARS" was not enough meaningful disclosure of the caller's identity to be lawful under § 1692d(6). As with their claim under § 1692e(14), they again argue that, from the words of the messages, it is not clear that "ARS" would uniquely refer to HRRG because there are other companies in the debt collection industry that are associated with the name "ARS," and there are other businesses registered in New Jersey with business names or associated names that include "ARS." Although we agreed with that contention with respect to § 1692e(14)'s "true name" requirement, it has less force in the context of § 1692d(6) for two reasons.

First, although it is possible for a debt collector's phone message to violate both §§ 1692d(6) and 1692e(14),[5] a

---

[5] The FTC regards a debt collector's use of "a false business name in a phone call" as violating both §§ 1692e(14) and 1692d(6). *See FTC Commentary*, 53 Fed. Reg. at 50105 ("A debt collector who uses a false business name in a phone call to conceal his identity violates [§ 1692e(14)], as well as [§ 1692d(6)]."); *id.* at 50107 ("When a debt collector uses a false business name in a phone call, he violates [§ 1692d(6)] as well as [§ 1692e(14)]."). We agree that such conduct would violate both §§ 1692e(14) and 1692d(6), but here the Levinses have not alleged that "ARS" is a "false business name" of HRRG. They have only alleged and argued that the name "ARS" could refer to any number of companies that use the

violation of one provision is not necessarily a violation of the other because "meaningful disclosure of the caller's identity" is not restricted to providing the name of the debt collector. As explained above, "meaningful disclosure of the caller's identity" has been interpreted to include information that discloses the call is from a debt collector so as not to mislead the least sophisticated debtor of the purpose of the call. Here, the voicemail messages would not mislead the least sophisticated debtor because the messages gave some identifying information about the caller, stated that the call was from a debt collector, and stated that the call was an attempt to collect a debt. Even though the Levinses have sufficiently alleged that "ARS" is, as already discussed, less than a "true name" as defined by § 1692e(14), they have not plausibly alleged that using the abbreviation "ARS," which is associated with a registered identity of HRRG, amounts to a lack of meaningful disclosure of the sort forbidden by § 1692d(6). Nothing in the messages rises to the level of "harass[ment], oppress[ion], or abuse ... in connection with the collection of a debt," which is the target of § 1692d.

Second, and closely related, if we were to say that use of anything less than a debt collector's "true name" was a violation of § 1692d(6), we would make § 1692d(6) superfluous in light of § 1692e(14). *See Everage v. Nat'l Recovery Agency*, No. 14-2463, 2015 WL 1071757, at *5 (E.D. Pa. Mar. 11, 2015) (declining to import § 1692e(14)'s "true name" requirement into § 1692d(6)). When Congress enacted the FDCPA, it used the term "true name" in § 1692e(14), whereas it used "meaningful disclosure of the caller's identity"

---

name "ARS," which falls short of saying that "ARS" is a "false business name" of HRRG.

in § 1692d(6). Fair Debt Collection Practices Act, Pub. L. No. 95-109, 91 Stat. 874, 877-78 (1977). The difference must have significance. If Congress had wanted § 1692d(6) also to require that a debt collection company use its "true name[,]" then it would have so specified. *See Loughrin v. United States*, 134 S. Ct. 2384, 2390 (2014) (noting "when Congress includes particular language in one section of a statute but omits it in another[,] ... th[e Supreme] Court presumes that Congress intended a difference in meaning" (internal quotation marks, citation, and alteration omitted)). We will not rewrite the statute and import the "true name" requirement of § 1692e(14) into § 1692d(6).

For those reasons, the District Court properly dismissed the Levinses' claim under § 1692d(6).

### D. The Levinses Have Not Stated A Plausible Claim Under § 1692e(10).

Finally, we also agree with the District Court's conclusion that the Levinses failed to state a claim under § 1692e(10) because the messages adequately warned that any information obtained would be used to collect a debt. Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

Violations of § 1692e(10) usually "include impersonating a public official, falsely representing that unpaid debts will be referred to an attorney, and misrepresenting the amount of the debt owed." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 331 (6th Cir. 2006)

(internal citations omitted); *see also, e.g., Crossley v. Lieberman*, 868 F.2d 566, 571 (3d Cir. 1989) (holding attorney violated § 1692e(10) when he sent a collection letter that falsely represented that a mortgage foreclosure case was already in litigation, that threatened to take action within one week, and that failed to inform debtor of her right to cure). To state a claim under § 1692e, a false statement "must be material when viewed through the least sophisticated debtor's eyes[,]" which means "it has the potential to affect the decision-making process of the least sophisticated debtor[.]" *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015) (emphasis omitted).

Here, nothing in the messages rises to the level of being materially deceptive, misleading, or false. The plain language of each message reveals that the caller is a debt collector, that the call is part of an attempt to collect a debt, and that any information obtained will be used in that attempt. Given those clear disclosures, even the least sophisticated debtor is fairly on notice that calling the phone number provided in the message or visiting the website might result in the debt collector obtaining information that it could use in trying to collect the debt. The caller's purpose is transparent and the messages are far removed from the false representations that typically have been held to violate § 1692e(10). The District Court thus properly dismissed the claim brought under that FDCPA subsection.

### III. CONCLUSION

For the foregoing reasons, we will vacate the District Court's dismissal of the § 1692e(14) claim and remand for further proceedings. We will affirm, however, the District

Court's dismissal of the claims under §§ 1692d(6) and 1692e(10).