# MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.

www.moodklaw.com

**NEW JERSEY OFFICE**
*Cherry Tree Corporate Center*
*Suite 501*
*535 Route 38 East*
*Cherry Hill, NJ 08002*
*(856) 663-4300 Fax: (856) 663-4439*

*Jonathan R. Stuckel*
Member NJ & PA Bars
(856) 406-1319
JStuckel@moodklaw.com

April 7, 2022

**Via ECF**
Honorable Matthew J. Skahill, U.S.M.J.
Mitchell H. Cohen Building
& U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

RE:   Levins v. Healthcare Revenue Recovery Group, LLC
Docket No.:  1:17-cv-928-RBK-KMW
Our File No.:  447-102973(SXK/CMS)

Dear Judge Skahill:

I represent Defendant in this matter. On March 24, 2022, the Court entered an Order requiring Defendant to produce four additional categories of information in the class spreadsheet previously provided. Specifically, Defendant was ordered to produce (1) the full name appearing as the "RP" in the DEBTOR section (indicating the party responsible for the debt); (2) the data populating the "Clnt" field (indicating the identity of the creditor to whom the debt is owed); (3) the date and time for each call during the relevant time period; and, (4) the telephone number reported for each call during the relevant time period.

As it relates to number 3, Defendant respectfully requests that the Court reconsider its prior Order because the burden of producing this information significantly outweighs any utility it will have to Plaintiffs in this case. When addressing the scope of discovery under Rule 26(b)(1), the Court must consider a number of factors: (1) the importance of the issues at stake in this action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

Discovery requests may also be curtailed to protect a person from whom discovery is sought from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Per these proportionality considerations, it is respectfully submitted that the Court should not require the production of request number 3.

It is important to remember that this is an FDCPA case in which Plaintiffs claim that the Defendant violated the statute by leaving a pre-recorded message. To that end, the sole issue in

{NJ308874.1}

| Philadelphia | Pittsburgh | Westchester County | Wilmington | Towson | New York |
|---|---|---|---|---|---|
| Pennsylvania | Pennsylvania | New York | Delaware | Maryland | New York |

**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**
April 7, 2022
Page 2

this case is whether the pre-recorded message violates the FDCPA. Not only is Plaintiffs' request to produce the date and time for each and every call made to any putative class member (as opposed to messages) irrelevant to the issue of whether the recorded message violates the FDCPA, but the burden of producing this information significantly outweighs any utility it will have.

For example, Plaintiffs' account notes indicate that the Levins' were called 68 times during the class period. Most of the calls went unanswered and thus no messages were left. There are 65,661 putative class members on the Defendant's revised class spreadsheet. If the 65,661 putative class members were called approximately as many times as the Plaintiffs, this would mean that there are approximately **4,464,948 additional entries** that the Defendants are required to make to their class spreadsheet to account for all the calls.

It is difficult to even provide an estimate for the amount of time that would be needed to pull and input all of this additional information, but - needless to say - it would not be a quick task. To that end, HRRG estimates that producing the information in request no. 3 would take an exorbitant number of weeks given its lack of IT resources to dedicate to the task. Thus, pursuant to Rule 26(b)(1), Defendant respectfully requests that the Court reconsider its Order related to request number 3.

Thank you in advance for Your Honor's consideration in this matter.

Respectfully submitted,

**MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.**

*/s/ Jonathan R. Stuckel_____*
Christian M. Scheuerman, Esquire
Jonathan R. Stuckel, Esquire

CMS/
cc:    Philip Stern, Esquire