**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELAINE LEVINS and WILLIAM LEVINS, *on behalf of themselves and those similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, d/b/a/ ARS ACCOUNT RESOLUTION SERVICES; and JOHN and JANE DOES 1 to 25,<br><br>Defendants. | Case 1:17-cv-00928-CPO-MJS<br><br><br><br>**DECLARATION OF YONGMOON KIM IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

I, YONGMOON KIM, of full age, hereby declares as follows:

1. I am an attorney at law, admitted before the bar of this Court, representing Plaintiffs and proposed class representatives Elaine Levins and William Levins in this matter. As such, I have personal knowledge of the facts stated herein.

2. I make this Declaration in support of Plaintiffs' Motion for Class Certification in this matter.

### *Professional Experience & Qualifications*

3. The attorneys involved have been and will continue to be directly involved in this matter, including the investigation of claims, drafting, reviewing

and editing the pleadings and briefs, discovery, legal research, motion and discovery practice, settlement negotiations and many other aspects of the litigation. We are experienced in handling complex litigation such as this matter.

4. **Yongmoon Kim**: I am a member in good standing of the Bars of the State of New Jersey (2011), State of New York (2012), and the Commonwealth of Pennsylvania (2020). I am also duly admitted to practice before the United States District Courts for the District of New Jersey, the Southern District of New York, the Eastern District of New York, the Northern District of Illinois, the Southern District of Indiana, the Eastern District of Pennsylvania, the United States Court of Appeals for the Third Circuit, and the United States Court of Appeals for the Ninth Circuit.

5. I concentrate my practice in the area of consumer law and have extensive experience with cases that encompass the Fair Debt Collection Practices Act and other consumer protection statutes. Further, I have extensive FDCPA trial and appellate experience. *See, e.g.*, *Morales v. Healthcare Revenue Recovery Grp., LLC*, 859 F. App'x 625 (3d Cir. 2021); *Wyche v. Tsarouhis,* 385 F. Supp. 3d 392 (E.D. Pa. 2019); *Schultz v. Midland Credit Mgmt.*, 905 F.3d 159 (3d Cir. 2018); *Walsh v. Defenders, Inc.*, 894 F.3d 583 (3d Cir. 2018); *Thomas v. Youderian*, 232 F. Supp. 3d 656 (D.N.J. 2017); *Garcia v. Bristlecone Lending, LLC*, No. A-0767-17T1, 2018 N.J. Super. Unpub. LEXIS 2254 (N.J. Super. Ct. App. Div. Oct. 15,

2018); *Midland Funding LLC v. Bordeaux*, 147 A.3d 885 (N.J. Super. Ct. App. Div. 2016) (holding Midland Funding failed to prove defendant agreed to arbitrate); *New Century Fin. Servs. v. McNamara*, No. A-2556-12, 2014 N.J. Super. Unpub. LEXIS 602 (N.J. Super. Ct. App. Div. Jan. 27, 2014) (favorable appellate decision in an FDCPA case involving Article 2 of the Uniform Commercial Code); *Midland Funding LLC v. Jimenez*, PAS-DC-5600-14 (N.J. Super. Passaic Cty.) (successful FDCPA trial involving contractual choice-of-law and conflict of laws principles).

6. I have presented on consumer law topics or class action topics at:

   6.1. *2016 Boardwalk Seminar* – New Jersey Association for Justice;
   6.2. *2016 Cyber Security & Privacy Law Conference* – New Jersey Institute for Continuing Legal Education;
   6.3. *2016 Legal Services of New Jersey Annual Conference*;
   6.4. *2017 Consumer Protection Law Update* seminar – New Jersey Institute for Continuing Legal Education;
   6.5. *2019 Fair Debt Collection Practices Act Conference* – National Consumer Law Center;
   6.6. *2019 How to Represent Consumer Debtors* – Bergen County Bar Association;
   6.7. *2019 Protecting Consumers: A Practical Seminar for Plaintiffs' Attorneys* – Vermont Association for Justice;
   6.8. *2019 Boardwalk Seminar* – New Jersey Association for Justice;
   6.9. *2019 Annual Meeting & Convention* – New Jersey State Bar Association;
   6.10. *2020 Consumer Fraud Act: Fundamentals and Developments* – Bergen County Bar Association;
   6.11. *Class Action Litigation in 2020: What You Need To Know* – New Jersey Institute for Continuing Legal Education;
   6.12. *Consumer Law 101: A Primer to Help Low Income Nevadans in Atypical Consumer Disputes* – Legal Aid Center of Southern Nevada;

  6.13. *Fourth Bi-Annual University of Pretoria International Consumer Law Conference: Debt Collection and Consumer Bankruptcy* – University of Pretoria;
  6.14. *Student Legal Services, Consumer Lawyers' Discussion* – University of Minnesota Student Legal Service Presentation;
  6.15. *2021 Fair Debt Collections Conference & TCPA Symposium* – National Consumer Law Center;
  6.16. *2021 Annual Meeting & Convention* – New Jersey State Bar Association;
  6.17. *COVID-19 & Consumer Protection Laws-A Primer to Representing Individuals in Financial Distress* – Hudson County Bar Association;
  6.18. *2021 Boardwalk Seminar* – New Jersey Association for Justice;
  6.19. *2021 Consumer Rights Litigation Conference* – National Consumer Law Center;
  6.20. *2022 How to Represent Consumer Debtors* – Bergen County Bar Association;
  6.21. *2022 Introduction to Class Actions in State & Federal Courts* – Bergen County Bar Association.
  6.22. *Mortgages, RESPA, TILA and more* – Bergen County Bar Association; and
  6.23. *Complying with the Fair Debt Collection Practices Act* – New Jersey State Bar Association

  7. I serve as the Chair of the Consumer Protection Law Committee of the New Jersey State Bar Association ("NJSBA"), where we advocate on behalf of consumers as to legislation pending in the State of New Jersey, as well as the Class Actions Committee of the NJSBA. I also serve as co-chair of the Consumer Law Committee of the Bergen County Bar Association.

  8. I also serve as a member of the Board of Directors of the Consumers League of New Jersey ("CLNJ"), a non-profit, membership organization founded in 1900 that educates and advocates on behalf of consumers. *See* Suzanne

Nussbaum & James Boskey, *The Consumers League of New Jersey and the Development of Occupational Disease Legislation*, 4 Seton Hall Legis. J. 101 (1979).

9. I have written briefs and argued on behalf of *Amici Curiae* CLNJ[1] and the National Association of Consumer Advocates[2] ("NACA") as to important FDCPA appeals, before the Superior Court of New Jersey, Appellate Division. *See*

---

[1] The CLNJ has been granted the status of amicus curiae in many cases. The N.J. Supreme Court agreed with the arguments advanced by CLNJ in *D'Agostino v. Maldonado*, 216 N.J. 168 (2013); *Shelton v. Restaurant.com, Inc.*, 214 N.J. 419 (2013); and *Walker v. Giuffre*, 209 N.J. 124 (2012). In *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543 (2009), the N.J. Supreme Court held that there is no requirement of a pre-suit notification before a consumer sues under the N.J. Consumer Fraud Act. In *Perez v. Rent-a-Center*, 186 N.J. 188 (2006), the N.J. Supreme Court agreed with the League's amicus brief that rent-to-own stores were subject to New Jersey's 30% criminal usury law, N.J.S.A. 2C:21-19, and the New Jersey Retail Installment Sales Act. The League has been also been granted amicus participation in *Muhammad v. County Bank of Rehoboth Beach*, 189 N.J. 1 (2006); *MetLife Capital Corp. v. Washington Avenue Associates L.P.*, 159 N.J. 484 (1999); *Perth Amboy Ironworks, Inc. v. American Home Assurance Co.*, 118 N.J. 249 (1990); *49 Prospect Street Tenants Ass'n v. Sheva Gardens*, 227 N.J. Super. 449 (App. Div. 1988); and *Green v. Continental Rentals, Inc.*, 292 N.J. Super. 241 (Law Div. 1994).

[2] NACA has been granted the status of amicus curiae in numerous cases—too many to list here—including the landmark FDCPA case *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, where Justice Sotomayor agreed with the arguments advanced by NACA, et al. 559 U.S. 573, 602 (2010). NACA has also advocated on behalf of consumers in New Jersey. *See Lee v. Carter-Reed Co.*, 203 N.J. 496 (2010) (holding class action certification should have been granted); *Delta Funding Corp. v. Harris*, 189 N.J. 28 (2006); *Muhammad v. Cnty. Bank of Rehoboth Beach*, 189 N.J. 1 (2006) (class-wide arbitration ban unconscionable and unenforceable); *Metlife Capital Fin. Corp. v. Wash. Ave. Assocs. L.P.*, 159 N.J. 484 (1999).

*Midland Funding LLC v. Thiel*, 143 A.3d 72 (N.J. Super. Ct. App. Div. 2016).

10. I represent the CLNJ on the Special Civil Part Practice Committee of the New Jersey Supreme Court. As a member of the Special Civil Part Practice Committee, I participate in the proposal of and amendments to the New Jersey Court Rules governing the Special Civil Part, where majority of debt collection lawsuits affecting New Jersey consumers are filed.

11. I also dedicate significant resources by providing *pro bono* services to indigent clients in New Jersey; contributing over thousands of pro bono hours. I have been recognized for my *pro bono* contributions and have received a 2017 and a 2019 Equal Justice Medal from the Legal Services of New Jersey, and a 2019 Champions of Justice Award from Northeast New Jersey Legal Services.

12. I have been personally certified as Class Counsel in the following matters:

    12.1. *Rufo v. Alpha Recovery Corp. et al*, 2:15-cv-00865-CLW (D.N.J.);
    12.2. *Maldonado v. Raymond Meisenbacher & Sons, Esqs., P.C. et al*, 3:15-cv-01845-DEA (D.N.J.);
    12.3. *Maldonado v. Nelson, Watson & Associates, LLC, et al*, 2:15-cv-05940-MAH (D.N.J.);
    12.4. *Sandoval v. LVNV Funding LLC, et al*, 2:15-cv-06728-KM-MAH (D.N.J.);
    12.5. *Chung v. CCB Credit Services, Inc., et al*, 2:15-cv-05198-KM-MAH (D.N.J.);
    12.6. *Feliciano, et al. v. Forster Garbus & Garbus*, 2:15-cv-02496-CLW (D.N.J.);
    12.7. *Maldonado et al v. Law Offices of Faloni & Associates, LLC, et al*, 2:15-cv-02859-CLW (D.N.J.);

12.8. *Dickon v. Rubin & Rothman, LLC, et al,* 2:15-cv-07961-SCM (D.N.J.);

12.9. *Chung v. Northland Group, Inc., et al.*, 2:15-cv-06246-SCM (D.N.J.);

12.10. *Chung v. Alliance One Receivables Management, Inc., et al.,* 2:15-cv-02905-MCA-LDW (D.N.J.);

12.11. *Thomas v. ARS National Services, Inc., et al.,* 2:15-cv-03635-JAD (D.N.J.);

12.12. *Ballaj v. Gatestone & Co. International Inc., et al.,* 2:16-cv-01311-CLW (D.N.J.);

12.13. *Santiago v. Northland Group, Inc., et al.,* 2:15-cv-03608-CLW (D.N.J.);

12.14. *Heerema v. Afni, Inc., et al.*, 2:16-cv-00244-JBC (D.N.J.);

12.15. *Kang, et al. v. Nationwide Credit, Inc., et al.*, 2:15-cv-03251-LDW (D.N.J.);

12.16. *Park, et al. v. United Collection Bureau, Inc.*, 2:15-cv-01306-CLW (D.N.J.);

12.17. *Watkins v. Pressler & Pressler LLP,* 2:16-cv-00119-MCA-LDW (D.N.J.);

12.18. *Amonoo, et al. v. Firstsource Advantage, LLC*, 2:16-cv-01601-SCM (D.N.J.);

12.19. *Diaz, et al. v. Collecto, Inc.*, 2:16-cv-02087-MF (D.N.J.);

12.20. *Robinson v. Escallate, LLC, et al.*, 2:16-cv-01174-MAH (D.N.J.);

12.21. *Gibson, et al. v. Javitch Block, LLC,* 2:18-cv-00320-MJD-RLM (S.D. Ind.);

12.22. *Thomas v. John A. Youderian Jr., LLC, et al.*, 2:16-cv-01408-MAH (D.N.J.);

12.23. *In re LVNV Funding LLC Fair Debt Collection Practices Act Litigation*, 2:16-cv-01117-SDW-SCM (D.N.J.);

12.24. *Browne v. Cavalry Portfolio Services LLC*, 2:15-cv-06005-JAD (D.N.J.);

12.25. *Latteri v. James Mayer*, 2:17-cv-13707-JAD (D.N.J.);

12.26. *Twyman v. Retail Recovery Service of NJ, Inc, et al.,* 2:16-cv-02910-SCM (D.N.J.);

12.27. *Santiago v. Apothaker,* 2:16-cv-01432-SCM (D.N.J.);

12.28. *Filgueiras v. Portfolio Recovery Associates LLC,* ESX-L-6277-18 (N.J. Super. Ct. Law Div.);

12.29. *Schultz v. Midland Credit Management, Inc., et al.,* 2:16-cv-04415-MCA-ESK (D.N.J.);

12.30. *Pritchard v. Second Round Sub LLC, et al.,* 2:17-cv-06334-MAH (D.N.J.);

12.31. *Browne v. Capital One Bank (USA), N.A., et al.,* MID-L-5583-15 (N.J. Super. Ct. Law Div.);

12.32. *Rodriguez-Ocasio, et al. v. Law Offices of Joseph A. Molinaro, L.L.C., et al.,* BER-L-6650-17 (N.J. Super. Ct. Law Div.) (formerly 2:17-cv-11926-SDW-SCM); and

12.33. *Francavilla, et al. v. Asset Acceptance LLC, Forster, et al.,* 2:16-cv-01665-JBC (D.N.J.).

13. The law firm and attorneys involved in this matter are experienced in cases involving complex litigation issues concerning consumer protection statutes—including the FDCPA, the New Jersey Consumer Fraud Act, the Truth-in-Consumer Contract, Warranty and Notice Act, the Telephone Consumer Protection Act, Federal Consumer Leasing Act, and the New Jersey Consumer Protection Leasing Act — and the complex issues related to litigating class action cases.

14. The law firm and attorneys involved in this matter are experienced with the complex issues of obtaining class certification, obtaining and verifying information related to class members, supervising and monitoring class notice to class members, negotiating complex class action settlements, obtaining court approval of class action settlements and implementing, monitoring and supervising the class action settlements after preliminary and final approval of class action settlements. The attorneys involved have been and will continue to be personally involved in this matter, including the investigation of claims, drafting, reviewing

and editing the pleadings and briefs, discovery, legal research, motion practice, settlement negotiations and many other aspects of the litigation.

### *Additional Facts in Support of Plaintiffs' Motion for Class Certification*

15. The law firm and the attorneys involved have devoted all the time and resources necessary to litigate this case to date and will continue to commit the time and resources necessary until the case is finally resolved. Our office has more than adequate resources to prosecute this case, including several attorneys, sufficient support staff experienced in communicating with class members, multiple telephone lines for handling communications or questions from class members, and a record of successfully completed class actions.

16. The law firm intends to vigorously represent the interests of the putative class. We are not aware of any possible conflicts of interest between the named Plaintiffs and Plaintiffs' counsel, or members of the putative class.

*In accordance with 28 U.S.C. § 1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

Dated: June 6, 2022

                                                   KIM LAW FIRM LLC

                                                   *s/Yongmoon Kim*
                                                   Yongmoon Kim