UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELAINE LEVINS and WILLIAM LEVINS, *on behalf of themselves and those similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, d/b/a/ ARS ACCOUNT RESOLUTION SERVICES; and JOHN and JANE DOES 1 to 25,<br><br>Defendants. | Case 1:17-cv-00928-CPO-MJS<br><br><br><br>**DECLARATION OF<br>PHILIP D. STERN<br>IN SUPPORT OF<br>PLAINTIFFS' MOTION FOR<br>CLASS CERTIFICATION** |

I, Philip D. Stern, declare as follows:

1. I am an attorney at law of the State of New Jersey. I am Of Counsel to Kim Law Firm LLC, attorneys for Plaintiffs in this class action. I make this Declaration in support of Plaintiffs' Motion for Class Certification.

2. Previously, I was a partner in Stern Thomasson LLP which represented Plaintiffs from the inception of this lawsuit until I joined the Kim Law Firm. I personally handled this lawsuit on behalf of the Plaintiffs including the time when this matter was on appeal. Therefore, I am familiar with the facts stated

-1-

in this Declaration and state them to be true based upon my own personal knowledge.

*Nature of the Case.*

3. This case arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

4. On behalf of Mr. and Mrs. Levins, I commenced filed this class action against Healthcare Revenue Recovery Group ("HRRG") on February 12, 2017 (D.E. 1).

5. The Levinses allege HRRG violated their rights protected by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

6. Based on the allegations and information developed through discovery and the facts cited in the Court's Opinion (D.E. 58) denying HRRG's summary judgment motion, HRRG collects debts for healthcare services and, after initial collection efforts failed, certain accounts—including the Levinses' account—were assigned to an internal team which HRRG referred to as its "ARS" division. When calls placed on those accounts by HRRG's autodialer detected that the call was answer by an answering machine or a voicemail system and was in recording mode, it would play a pre-recorded message transcribed as:

> This is ARS calling. Please return our call at 1-800-694-3048. ARS is a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Again, our number is 1-800-694-3048. Visit us at www.arspayment.com.

7. Plaintiffs claim that "ARS" is not HRRG's "true name" in violation of 15 U.S.C. § 1692e(14) as that term is interpreted by the Third Circuit in this case, *Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274 (3d Cir. 2018).

### *Procedural Background*

8. On April 12, 2017, Plaintiffs filed their First Amended Complaint (D.E. 9).

9. On September 26, 2017, the Court granted Defendant's Motion to dismiss for failure to state a claim upon which relief can be granted (D.E. 15).

10. Plaintiffs appealed and, on September 13, 2018, the mandate from the United States Court of Appeals for the Third Circuit was filed, which was affirmed in part, vacated in part, and remanded this case for further proceedings (D.E. 19).

11. On September 19, 2018, the Court re-opened the case (ECF No.20).

12. On October 15, 2018, Defendants filed an Answer to Plaintiffs' First Amended Complaint, denying all wrongdoing (D.E. 23).

13. On November 7, 2018, the Court denied Plaintiffs' request to engage in class discovery and "determined that discovery is limited to that which is necessary to the claims and defenses under § 1692e(14)." (D.E. 27).

14. On January 6, 2020, the parties were granted leave to file dispositive motions by January 24, 2020 (D.E. 49).

15. On January 24, 2020, Defendant file a Motion for summary judgment (D.E. 50).

16. On June 15, 2020, the Court issued an Order and Opinion denying Defendant's Motion for summary judgment (ECF Nos. 58 & 59).

17. Pursuant to the Court's June 25, 2020 Scheduling Order (D.E. 64), the parties then proceeded with discovery on all issues including those relevant to FED. R. CIV. P. 23.

18. Discovery was finally completed with Defendant's document production deadline of May 6, 2022 (D.E. 108).

### *Defining the Class.*

19. According to HRRG's records produced on May 6, 2022, its ARS division attempted to collect a debt from the Levinses which was owed to "ATLANTIC ER PHYS TEAM PED" and left the pre-recorded message 28 times.

20. On March 4, 2021, HRRG produced a PDF list of each account on which the subject message was played. For each account, it contained (1) the account number, (2) state, (3) first name, (4) last name, and (5) phone number.

21. On April 4, 2021, HRRG produced an Excel spreadsheet containing those five fields as well as (6) "Address 1," (7) "Address 2," (8) City, and (9) Zip. The list contained 65,866 accounts.

22.  HRRG had produced the PDF and the spreadsheet in response to Plaintiffs' discovery requests seeking information about each New Jersey resident to whom HRRG had left the pre-recorded message identifying the caller as "ARS" during the class period (February 12, 2016 through March 12, 2017) alleged in the Amended Complaint (D.E. 9 at ¶58).

23.  In response to the Court's Order (D.E. 108), HRRG produced additional class information in two Excel spreadsheet files on May 6, 2022.

   a. One spreadsheet listed 65,658 accounts. For each account, the list included (1) the account number, (2) first name, (3) last name, (4) responsible party's first name, (5) responsible party's last name, (6) client number (*i.e.*, the number identifying the creditor), and (7) client name.

   b. The other spreadsheet listed 897,023 telephone calls. For each call, the list provided (1) the account number, (2) "ANI_Digits_Received," (3) "Termination_Code," (4) "Date_Call_Began," (5) "Time_Call_Began,", and (6) "Dialed_Phone_Number." With this information, I was able to tally the number of calls on each account.

24.  I note that HRRG's responses, which—excluding the Levinses—first identified 65,865 accounts and, later, 65,657 accounts on which the "ARS" pre-recorded message was played, 7,436 accounts had no calls listed.

25. Paragraph 66 of the Amended Complaint (D.E. 9) explained:

> Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiffs may, in addition to moving for class certification using modified definitions of the Class, Class Claims, and the class period, and seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

26. Upon review of the spreadsheets, and for reasons explained in Plaintiffs' Brief filed in support of their motion for class certification, Plaintiffs seek to define the class further limited by the creditor to whom the Levinses' account was owed—"ATLANTIC ER PHYS TEAM PED"—and to whom at least five calls were placed. (Based on my Google search, ATLANTIC ER PHYS TEAM PED appears to refer to Atlantic Emergency Physicians-Team Pediatric Associates located at 435 Hurffville Cross Keys Road, Turnersville, NJ 08012—the same location as the Jefferson Health Emergency Room.

27. Based on the spreadsheets produced by HRRG, there are 878 accounts (excluding the Levinses' account) on which HRRG left at least one pre-recorded "ARS" message when attempting to collect a debt owed to "ATLANTIC ER PHYS TEAM PED." Of those, 783 accounts were left at least five messages.

28. The reason for limiting the class by a minimum number of calls is to address an argument raised by Defendant. The argument has been raised at different times. For example, HRRG included the following in its response to an interrogatory which requested, "Please state the number of people in the Class:"

-6-

> Defendant is unable to identify the number of individuals who were left the complete phone message at issue in this case. Defendant has determined that in many instances although Defendant's system may have attempted to leave the message in question, the recipient's voicemail system may have disconnected the call prior to the entirety of the message being left and/or for other technical reasons the complete message was not left on the debtor's answering machine.

29. That response appears on the docket in D.E. 68 at PageID 969.

30. Despite HRRG's contention that the pre-recorded ARS message may not have played or been recorded notwithstanding its business records to the contrary, Defendant has been asked but never produced any information regarding such "false positives" including its frequency, conditions when it occurred, and whether it occurred with respect to the Levinses' account or the account of any Class member.

31. Nevertheless, it seems to me that, as the number of calls reflected in HRRG's records increase, the likelihood that the pre-recorded ARS message was recorded at least once increases. I submit that a minimum of five calls makes it substantially certain that each consumer received at least one call. According to these spreadsheets, HRRG left the ARS message for the Levinses 28 times.

32. Plaintiffs have no objection to defining the Class where HRRG's records reflect at least one call or a minimum number higher or lower than five. The following chart lists the class size based on the creditor and with a minimum between 1 and 15 calls:

| Min. # of Calls | Class Size |
|---|---|
| 1 | 878 |
| 2 | 861 |
| 3 | 836 |
| 4 | 816 |
| 5 | 783 |
| 6 | 717 |
| 7 | 699 |
| 8 | 674 |
| 9 | 624 |
| 10 | 548 |
| 11 | 507 |
| 12 | 486 |
| 13 | 463 |
| 14 | 444 |
| 15 | 432 |

***Counsel's Work and Plaintiffs' Participation.***

33. The firm has had a professional relationship with the Plaintiffs. Plaintiffs participated in the pleading and litigation process, including by consulting and retaining competent counsel to prosecute their individual and class claims, as well as participating in discovery and providing discovery information.

34. On September 2, 2019, HRRG's counsel took the deposition of each Plaintiff.

35. I and others in this firm and my former firm, personally evaluated the facts related to Plaintiffs' claims and determined that the instant claims under the FDCPA's prohibition against use of any name, by debt collectors, other than the true name of the debt collector's business, company, or organization presents the

best and strongest claims for Plaintiffs and the class. In the course of this work, Plaintiffs have always responded promptly to our inquiries.

36. Plaintiffs have an understanding of the class claims, the alleged FDCPA violations that arose from Defendant's failure to properly identify itself by its true name in a debt collection communication.

37. Plaintiffs also understand their responsibility as class representatives that their complaint asserts claims on behalf of themselves and others; they understand that they are representing other similarly situated individuals.

38. Plaintiffs agreed to participate in the litigation process whether through settlement or litigation. This included sitting for depositions.

***Qualifications to be Appointed Class Counsel.***

39. I provide information to support my application to be appointed as one of the attorneys representing the Class. As **Exhibit 1**, I attach my CV. It reflects my experience and knowledge of the FDCPA and the prosecution of class actions involving FDCPA claims including my appointment as class counsel or co-class counsel in FDCPA cases, oral arguments in more than a dozen appeals primarily in FDCPA cases, panel participation at national consumer law conferences, and presenting on debt collection and the FDCPA at trainings offered to attorneys by Legal Services of New Jersey.

*In accordance with 28 U.S.C. § 1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

Dated: June 6, 2022

s/Philip D. Stern
Philip D. Stern