| PHILIP D. STERN | CURRICULUM VITAE | PAGE 1 (OF 11) |

411 Hackensack Avenue, Suite 701, Hackensack, NJ 07601 • (201) 273-7117 • pstern@kimlf.com

## EDUCATION

Benjamin N. Cardozo School of Law, Yeshiva University (New York, NY)    J.D. (1984)

Coursework included Trial Advocacy with Professor Barry Scheck and Constitutional Litigation Seminar with the late Professor Telford Taylor.

Moot Court Board.

University of Pennsylvania, College of Arts and Sciences (Philadelphia, PA)   B.A. (1981)

Major: Political Science

## PROFESSIONAL EXPERIENCE

Kim Law Firm LLC (Hackensack, NJ)    Of Counsel (2021-Present)

Representation of consumers in individual and class actions.

Stern·Thomasson LLP (Springfield, NJ)    Partner (2015-2020)

Private practice primarily representing consumers affected by unlawful debt collection practices including litigation and appeals of individual and class claims arising under the Fair Debt Collection Practices Act.

Philip D. Stern Attorney at Law LLC (Maplewood & Union, NJ)    Member (2010-2015)

Private practice focusing on ited to the representation of individuals with respect to consumer debts including both defense of debt collection lawsuits and pursuing individual and class claims for violations of the Fair Debt Collection Practices Act.

Wacks & Hartmann, LLC (Morristown, NJ)    Of Counsel (2007-2010)

Practice with guild-type firm while developing consumer-related practice.

Law Office of Philip D. Stern (Millburn, NJ)    Sole Proprietor (1995-2007)

Engaged in private general practice primarily representing closely held businesses in transactions and litigation including administrative proceedings before municipal, county, and state agencies. During this time, received appointments from then Essex County Assignment Judge Alvin Weiss as a condemnation commissioner.

revised Jun. 6, 2022

# EXHIBIT 1
# TO DECLARATION OF PHILIP D. STERN

Stern, Dubrow & Marcus, P.C. (Maplewood, NJ)　　Partner/Associate (1991–95, 86-91)

> General practice primarily in business-related litigation including pleadings, discovery, motions, trial, and appeals arising from a myriad of circumstances including zoning and planning, construction, matrimonial, and creditor's rights in commercial transactions.

Wacks, Hersh, Ramsey, Berman & Kimmel, P.C. (Morristown, NJ)　　Associate (1984-86)

> General practice primarily focused on litigation ranging from sharing prosecutorial duties for Town of Morristown to participation on the committee of a class of defendants in a mass tort litigation.

Brown, Brown & Furst (Newark, NJ)　　Law Clerk (1983-84)

> Legal research and writing for criminal defense firm.

## TEACHING EXPERIENCE

Seton Hall University School of Law (Newark, NJ)　　Adjunct Professor (1994)

> Adjunct Professor in Appellate Advocacy.

National Consumer Law Center (Boston, MA)　　Presenter (2012, 2018, 2020)

> National consumer law conferences concerning Debt Collection Defense and Fair Debt Collection Practices.

Legal Services of New Jersey　　Presenter (2012-Present)

> Continuing Legal Education Seminars on Debt Collection Defense and Fair Debt Collection Practices.

Bergen County Bar Association　　Presenter

> "Ethically Representing Your Consumer Clients" (May 4, 2022)
>
> "How to Represent Consumer Debtors" (March 16, 2022)

New Jersey Institute for Continuing Legal Education　　Presenter

> "Complying with the Fair Debt Collection Practices Act (FDCPA)" (April 19, 2022)

## PLENARY BAR ADMISSIONS

State of New Jersey (December 20, 1984)

District of Columbia Court of Appeals (September 15, 1989)

- United States Court of Appeals for the Second Circuit (February 18, 2015)
- United States Court of Appeals for the Third Circuit (January 10, 1992)
- United States Court of Appeals for the Fifth Circuit (March 25, 2019)
- United States Court of Appeals for the Sixth Circuit (October 5, 2018)
- United States Court of Appeals for the Seventh Circuit (June 9, 2017)
- United States Court of Appeals for the Ninth Circuit (August 11, 2010)
- United States District Court for the Southern District of Indiana (December 2, 2021)
- United States District Court for the District of New Jersey (December 20, 1984)
- United States District Court for the Western District of New York (June 20, 2011)
- United States District Court for the Southern District of Texas (May 11, 2017)
- United States District Court for the Western District of Texas (September 10, 2018)
- United States District Court for the Eastern District of Wisconsin (July 17, 2015)
- United States District Court for the Western District of Wisconsin (February 25, 2020)

**REPORTED DECISIONS: UNITED STATES COURTS OF APPEAL**

*Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016)

> Represented plaintiff-appellant on dismissed FDCPA claim including oral argument. Court reversed and adopted Seventh Circuit's safe-harbor language for disclosing the amount of a debt in a collection letter when the balance increases over time.

*Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274 (7th Cir. 2020)

> Represented plaintiff-appellant on dismissed FDCPA claim including oral argument. Court vacated and remanded with district court to conduct a hearing on plaintiff's Article III standing as a matter of fact.

*Boucher v. Financial. Systems of Green Bay, Inc.*, 880 F.3d 362 (7th Cir. 2018)

> Represented plaintiff-appellant on dismissed FDCPA claim including oral argument. Court reversed and held that use of previously-approved safe harbor language in collection letter did not protect collector when that language did not accurately describe the debt.

*Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, (6th Cir. 2020)

> Represented plaintiff-appellant on dismissed FDCPA claim including oral argument. Court affirmed dismissal of complaint concluding that plaintiff lacked an injury-in-fact for standing purposes after he received mass-produced, computer-generated form collection letters on law firm letterhead signed by an attorney when, in fact, no attorney had reviewed the underlying facts and made a professional judgment about the merits of the claimed debts.

*Degroot v. Client Servs.*, 977 F.3d 656 (7th Cir. 2020)

> Represented plaintiff-appellant on dismissed FDCPA claim including oral argument. Court affirmed dismissal concerning a letter mailed to collect a static debt. Court concluded the letter's references to interest could not imply to an unsophisticated consumer that interest might accrue.

*Dunbar v. Kohn Law Firm, S.C.*, 896 F.3d 762 (7th Cir. 2018)

> Co-counseled representing the plaintiff-appellant on dismissed FDCPA claim. Court affirmed dismissal of claim that collection letter which, after proposing settlement, stated "this settlement may have tax consequences" did not violate FDCPA.

*Heredia v. Capital Management Services, L.P.*, 942 F.3d 811 (7th Cir. 2019)

> Represented plaintiff-appellant on dismissed FDCPA claim including oral argument. Court reversed finding that collection letters falsely stated the possibility that the creditor would take certain action (namely, file IRS Form 1099C) because the creditor would never do so.

*Koehn v. Delta Outsource Group, Inc.*, 939 F.3d 863 (7th Cir. 2019)

> Represented plaintiff-appellant on dismissed FDCPA claim. Court affirmed finding "current balance" does not imply the amount of the debt could be increasing.

*Koby v. ARS Nat'l Servs., Inc.*, 846 F.3d 1071 (9th Cir. 2017)

> Represented plaintiff-appellee on objector's appeal of approved class settlement agreement. Court reversed holding that there was no consideration for class members waiving ability to bring their own class action.

*Larkin v. Fin. Sys. of Green Bay*, 982 F.3d 1060 (7th Cir. 2020)

> Represented plaintiffs-appellants on dismissed FDCPA claim including oral argument. Court affirmed dismissal based on lack of Article III standing finding no actual harm notwithstanding the invasion of a substantive right. District court had denied motion to dismiss for lack of subject matter jurisdiction but, concluding collection letter did not violate FDCPA, dismissed under Rule 12(b)(6).

*Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274 (3d Cir. 2018)

> Represented plaintiff-appellant on dismissed FDCPA claim including oral argument. Court reversed finding that complaint pled a claim for failure to use collector's true name in voicemail messages left to collect a debt.

*OSHA Data/CIH, Inc. v. U.S. Dep't of Labor*, 220 F.3d 153 (3d Cir. 2000)

> Represented plaintiff-appellant on dismissed FOIA claim including oral argument. Court affirmed holding that DOL could withhold from private FOIA requester OSHA's records containing information collected by OSHA safety inspectors until requester paid $1.7 million as "review costs" for OSHA to invite each inspected establishment to assert the records included confidential information and to evaluate those assertions.

*Panico v. Portfolio Recovery Assocs., LLC*, 879 F.3d 56 (3d Cir. 2018)

> Represented plaintiff-appellant on dismissed FDCPA claim including oral argument. Court reversed summary judgment because plaintiff had a valid FDCPA claim for being sued on a time-barred debt because New Jersey conflicts law enforces a contractual selection of Delaware law, the Delaware limitations period expired, and Delaware's statute tolling its limitations period on non-resident defendants did not apply to a collections lawsuit brought in New Jersey against a New Jersey defendant who was amendable to service of process in New Jersey.

*Pettaway v. National Recovery Solutions, LLC*, 955 F.3d 299 (2d Cir. 2020)

> Represented plaintiff-appellant on dismissed FDCPA claim including oral argument. Court affirmed dismissal concluding that the collection letter's statement that either interest, late charges, or other charges may accrue on the debt was not false despite creditor's failed to charge interest and did not intend to do so.

revised Jun. 6, 2022

# EXHIBIT 1
# TO DECLARATION OF PHILIP D. STERN

*Smith v. Simm Assocs., Inc.*, 926 F.3d 377 (7th Cir. 2019)

> Represented plaintiff-appellant on dismissed FDCPA claim including oral argument. Court affirmed summary judgment concluding that, read in its entirety, the collection letter identified the current creditor notwithstanding the letter have expressly labelled that entity as the original creditor.

*Spuhler v. State Collection Serv.*, 983 F.3d 282 (7th Cir. 2020)

> Orally argued on behalf of plaintiff-appellee in consolidated appeal with *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274 (7th Cir. 2020) (above). Court vacated summary judgment for plaintiff and remanded with because the record failed to prove plaintiff has suffered a concrete injury and, therefore, lacked Article III standing.

*Steffek v. Client Services, Inc.*, 948 F.3d 761 (7th Cir. 2020)

> Represented plaintiff-appellant on dismissed FDCPA claim including oral argument. Court reversed summary judgment for debt collector on claim that collection letter merely identified the account being collected including the name of the original creditor but failed to identify the current creditor.

## REPORTED DECISIONS: SUPERIOR COURT OF NEW JERSEY

*Caruso v. Ravenswood Developers, Inc.*, 337 N.J. Super. 499 (App. Div. 2001)

> Real estate purchasers agreed to arbitrate consumer fraud claims under developer's contract to arbitrate disputes arising in connection with the contract. (Orally Argued)

*Downtown Residents for Sane Dev. v. City of Hoboken*, 242 N.J. Super. 329 (App. Div. 1990)

> Sustained city's powers under the Redevelopment Act and rejecting challenge by citizens group.

*State, Dep't of Envtl. Prot. v. Arlington Warehouse*, 203 N.J. Super. 9 (App. Div. 1985)

> Amendment to Spill Act applied retroactively to impose cleanup costs on owners of chemicals stored at warehouse which spilled during fire.

revised Jun. 6, 2022

# EXHIBIT 1
# TO DECLARATION OF PHILIP D. STERN

*New Century Fin. Servs., Inc. v. Oughla*, 437 N.J. Super. 299 (App. Div. 2014)

> In combined appeals, the court set forth standards for satisfying a debt-buyer's burden when moving for summary judgment so as to shift the burden to the defendant to come forward with conflicting evidence to defeat the motion. (Orally Argued)

## COUNSEL OF RECORD: ARGUED UNREPORTED APPELLATE CASES

*Avila v. Reliant Capital Sols., LLC*, 771 F. App'x 46 (2d Cir. Jun. 4, 2019)

*FIA Card Servs., N A. v. Cohen*, No. A-3026-07T2, 2009 WL 1675533 (App. Div. June 17, 2009)

*Franco v. Allied Interstate LLC*, 602 F. App'x 40 (2d Cir. May 18, 2015)

*Gomez v. Centerpoint Legal Solutions, LLC*. No. A-2927-20, 2022 N.J.Super.Unpub. LEXIS 707 (April 29, 2022)

*MBNA Am. Bank, N.A. v. Bibb*, No. A-4087-07T2, 2009 WL 1750220 (App. Div. Jun. 23, 2009)

*MBNA Am. Bank, N.A. v. Cohen*, No. A-5484-07T2, 2010 WL 4116953 (App. Div. Aug. 18, 2010)

*State v. Diamond*, No. A-4172-13T1, 2015 WL 6473235 (Oct. 28, 2015)

*Wilkinson v. Wilkinson*, No. A-6543-00T2 (Jan. 8, 2003)

*Wilkinson v. Wilkinson*, No. A-6432-03T2, 2005 WL 3369922 (Dec. 13, 2005)

## COUNSEL OF RECORD: REPORTED U.S. DISTRICT COURT DECISIONS

*Bock v. Pressler & Pressler, LLP*, 30 F. Supp. 3d 283 (D.N.J. 2014) vac. on other grounds 658 Fed. App'x. 63 (3rd Cir. 2016)

*Bock v. Pressler & Pressler, LLP*, 254 F. Supp. 3d 724 (D.N.J. 2017), *recon. den.*, 2017 WL 4711472 (D.N.J. Oct. 19, 2017)

*Cohen v. Chase Bank, N.A.*, 679 F. Supp. 2d 582 (D.N.J. 2010)

*OSHA Data/CIH, Inc. v. U.S. Dep't of Labor*, 105 F. Supp. 2d 359 (D.N.J. 1999), *aff'd*, 220 F.3d 153 (3d Cir. 2000)

*Pawelczak v. Fin. Recovery Servs., Inc.*, 286 F.R.D. 381 (N.D. Ill. 2012)

*Vandehey v. Client Servs., Inc.*, 390 F. Supp. 3d 956 (E.D. Wis. 2019)

## APPROVED AS CLASS COUNSEL

*Anderson v. Rubin & Rothman, LLC*, Case 2:07-cv-03375 (E.D.N.Y.) (Hon. Sandra J. Feuerstein, U.S.D.J.)

revised Jun. 6, 2022

# EXHIBIT 1
# TO DECLARATION OF PHILIP D. STERN

*Anderson v. Nationwide Credit, Inc.*, Case 2:08-cv-01016 (E.D.N.Y.) (Hon. Leonard D. Wexler, U.S.D.J.)

*Ballaj v. Gatestone & Co. International, Inc.*, Case 2:16-cv-01311-CLW (D.N.J.) (Hon. Cathy L. Waldor, U.S.M.J.)

*Bell v. Adler Wallach & Associates, Inc.*, Case 5:16-cv-00366-OLG (W.D.Tex.) (Hon. Orlando L. Garcia, U.S.D.J.)

*Bordeaux v. Ltd. Fin. Servs., L.P., et al.*, Case No. 2:16-cv-00243-KSH-CLW (D.N.J.) (Hon. Katharine S. Hayden, U.S.D.J.) (deciding contested class certification motion)

*Chung v. CCB Credit Services, Inc.*, Case 2:15-cv-05198-KM-MAH (D.N.J.) (Hon. Kevin McNulty, U.S.D.J.)

*Diaz v. Collecto Inc. d/b/a EOS CCA*, Case 2:16-cv-02087 (D.N.J.) (Hon. Mark Falk, CollectoU.S.M.J.)

*Dickon v. Rubin & Rothman, LLC*, Case 2:15-cv-7961-SCM (D.N.J.) (Hon. Steven M. Mannion, U.S.M.J.)

*Feliciano v. Forster, Garbus & Garbus*, Case 2:15-cv-02496-CLW (D.N.J.) (Hon. Cathy L. Waldor, U.S.M.J.)

*Gadime v. NRA Group, LLC*, Case No. 2:15-cv-04841-SJF-AKT (E.D.N.Y.) (Hon. Sandra J. Feuerstein, U.S.D.J.)

*Gravina v. Client Services, Inc.*, Case 2:08-cv-03634 (E.D.N.Y.) (Hon. Leonard D. Wexler, U.S.D.J.)

*Heerema v. AFNI, Inc.*, Case 2:16-cv-00244-JBC (D.N.J.) (Hon. James B. Clark III)

*Henhaffer v. Simeone & Raynor, LLC, et al.*, Docket No. CAM-L-001620-18 (N.J.Super.) (Hon. Stephen J. Polansky, J.S.C.)

*Hovermale v. Immediate Credit Recovery Inc.*, Case 1:15-cv-05646-RBK-JS (D.N.J.) (Hon. Robert B. Kugler, U.S.D.J.) (deciding contested class certification motion)

*Irizarry v. Member Solutions, Inc.*, Case 2:14-cv-00628-MCA-MAH (D.N.J.) (Hon. Madeline C. Arleo, U.S.D.J.)

*Jones v. Delta Management Associates, Inc.*, Case 1:15-cv-00267-WCG (E.D. Wisc.) (Hon. William C. Griesbach, U.S.D.J.)

*Kielbasinski v. A.R. Resources, Inc.*, Case 3:15-cv-00066-KRG (W.D. Pa.) (Hon. Kim R. Gibson, U.S.D.J.)

*Krug v. Brachfeld*, Docket GLO-000419-11 (N.J.Super.) (Hon. Eugene J. McCaffrey, Jr., J.S.C.)

*Krug v. Focus Receivables Management, LLC*, Docket BER-L-4337-11 (N.J.Super.) (Hon. John J. Langan, Jr., J.S.C.)

*Krug v. Forster, Garbus & Garbus*, Case 2:08-cv-03504 (D.N.J.) (Hon. Michael A. Shipp, U.S.M.J.)

*Maldonado v. Law Offices of Faloni & Associates, LLC*, Case 2:15-cv-02859-CLW (D.N.J.) (Hon. Cathy L. Waldor, U.S.M.J.)

*Maldonado v. Nelson, Watson & Associates*, Case 2:15-cv-05940-MAH (D.N.J.) (Hon. Michael A. Hammer, U.S.M.J.)

*Maldonado v. Raymond Meisenbacher & Sons, Esqs., P.C.*, Case 3:15-cv-01845-DEA (D.N.J.) (Hon. Douglas E. Arpert, U.S.M.J.)

*Mansor v. Seas & Associates, LLC*, Case 2:14-cv-02935-SCM (D.N.J.) (Hon. Steven C. Mannion, U.S.M.J.)

*Medicine To Go Pharmacies, Inc. v. Macoven Pharm. LLC*, Case 2:16-cv-07717-MF (D.N.J.) (Hon. Mark Falk, U.S.M.J.)

*Nicholas v. CMRE Financial Services, Inc.*, Docket No. BER-L-4336-11 (N.J.Super.) (Hon. John J. Langan, Jr., J.S.C.)

*Panico v. Portfolio Recovery Associates LLC*, Docket No. SOM-L-001183-18 (N.J.Super.) (Hon. Yolanda Ciccone, A.J.S.C.)

*Prendergast v. Certified Credit & Collection Bureau*, Case 3:15-cv-07411-TJB (D.N.J.) (Hon. Tonianne J. Bongiovanni, U.S.M.J.)

*Rittle v. Premium Receivables, LLC*, Case 1:15-cv-00166-SHR (M.D.Pa.) (Hon. Sylvia H. Rambo, U.S.D.J.)

*Rodriguez-Ocasio v. Law Offices of Joseph A. Molinaro, L.L.C.*, Docket No. BER-L-6650-17 (N.J.Super.) (Hon. Robert C. Wilson, J.S.C.)

*Safranski v. Professional Placement Services, LLC*, Case 1:17-cv-00129-WCG (E.D. Wisc.) (Hon. William C. Griesbach, U.S.D.J.)

*Sandoval v. LVNV Funding LLC*, Case 2:15-cv-06728-KM-MAH (D.N.J.) (Hon. Kevin McNulty, U.S.D.J.)

revised Jun. 6, 2022

# EXHIBIT 1
# TO DECLARATION OF PHILIP D. STERN

*Seraji v. Capital Management Services, LP*, Case 1:09-cv-00767 (D.N.J.) (Hon. Douglas Arpert, U.S.M.J.)

*Smith v. Simm Associates, Inc.*, Case 1:17-cv-00769-WCG (E.D. Wisc.) (Hon. William C. Griesbach, U.S.D.J.) (deciding contested class certification motion)

*Specht v. Eastern Account System of Connecticut, Inc.*, Case 7:15-cv-02159-PED (S.D.N.Y.) (Hon. Paul E. Davison, U.S.M.J.)

*Steffek, et al. v. Client Services, Inc.*, Case No. 1:18-cv-00160-WCG (E.D. Wisc.) (Hon. William C. Griesbach, U.S.D.J.) (deciding contested class certification motion)

*Thomas v. ARS National Services, Inc.*, Case 2:15-cv-03635-JAD (D.N.J.) (Hon. Joseph A. Dickson, U.S.M.J.)

*Volkman v. Enhanced Recovery Company, LLC*, Case 18-cv-91 (E.D. Wisc.) (Hon. William C. Griesbach, U.S.D.J.)

*Weiss v. The Law Offices of Frederic I. Weinberg*, Case 1:16-cv-01679-KW (D.N.J.) (Hon. Karen M. Williams, U.S.M.J.)

*Weissman v. Gutworth*, Case 2:14-cv-00666-WHW-CLW (D.N.J.) (Hon. William H. Walls, U.S.D.J.)

*Williams v. The CBE Group, Inc.*, Case 2:11-cv-03680-PS (D.N.J.) (Hon Patty Shwartz, U.S.M.J.)

*Williams v. Palisades Collection, LLC*, Docket BER-L-001604-11 (N.J.Super.) (Hon. Robert C. Wilson, J.S.C.)

*Williams v. Pressler and Pressler, LLP*, Case 2:11-cv-07296-KSH-CLW (D.N.J.) (Hon. Katharine S. Hayden, U.S.D.J.) (deciding contested class certification motion)

*Wilner v. Leopold & Associates, PLLC*, Case 7:15-cv-09374-PED (S.D.N.Y.) (Hon. Paul E. Davison, U.S.M.J.)

*Wood v. Credit Control, LLC*, Case 6:16-cv-01098-KGG (D. Kan.) (Hon. Kenneth G. Gale, U.S.D.J.)

*Wood v. New Century Financial Services, Inc.*, Docket MRS-L-002679-15 (N.J.Super.) (Hon. David H. Ironson, J.S.C.)

*Zavian v. Client Services, Inc.*, Case 2:15-cv-0682-SCM (D.N.J.) (Hon. Steven M. Mannion, U.S.M.J.)

revised Jun. 6, 2022

# EXHIBIT 1
# TO DECLARATION OF PHILIP D. STERN

| PHILIP D. STERN | CURRICULUM VITAE | PAGE 11 (OF 11) |
|---|---|---|

## PROFESSIONAL MEMBERSHIPS

| | | |
|---|---|---|
| National Association of Consumer Advocates | | 2009-present |
|     New Jersey State Co-Chair | | 2020-present |
| New Jersey Bar Association | | 1984-present |
|     Consumer Protection Law Committee | | 2012-present |
| Essex County Bar Association | | 1986-present |

## AWARDS AND RECOGNITIONS

| | |
|---|---|
| Melvin Jones Fellow | 2008 |

    For dedicated humanitarian services awarded by Lions Clubs International Foundation (Oak Brook, IL)

| | |
|---|---|
| Martindale-Hubbell Rating | 1995-Present |

    Rated AV and, after its introduction, AV Preeminent, with a peer rating of 5.0 out of 5.0 based on adherence to ethical standards and legal ability.

# EXHIBIT 1
# TO DECLARATION OF PHILIP D. STERN