# EXHIBIT "F"

Philip D. Stern, Esq.
Andrew T. Thomasson, Esq.
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081
(973) 379-7500

*Attorneys for Plaintiffs, Elaine Levins and William Levins*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELAINE LEVINS and WILLIAM LEVINS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES, and JOHN AND JANE DOES 1 THROUGH 25,<br><br>Defendants. | Case 1:17-cv-00928-RBK-KMW<br><br><br><br><br><br>**PLAINTIFFS' RESPONSES TO DEFENDANT'S INTERROGATORIES** |

**OBJECTION TO INSTRUCTIONS AND DEFINITIONS**

Plaintiffs object to the Instructions and Definitions included with Defendant's Interrogatories to the extent the differ from or add to Plaintiff's discovery obligations as set forth in the Federal Rules of Civil Procedure. Furthermore, as evident from the Interrogatories, Defendant failed to use its own definitions. For example, Interrogatory No. 1 requested "all persons, individuals, entities, and corporations," but the definitions defined both "person" and "individual;" thus, by substituting the defined terms in Interrogatory No. 1 with the definition yields the following nonsensical request:

> Interrogatory No. 1.   State the names and addresses of all *natural persons, partnerships, corporations, unincorporated associations, governments (or agencies thereof), quasi-public entities, or other form of entities, natural persons, partnerships, corporations, unincorporated associations, governments (or agencies thereof), quasi-public entities, or other form of entities,* entities, and corporations who have knowledge of any relevant

>> facts relevant to the claims in the complaint or amended complaint.

For the foregoing reasons, Plaintiffs' responses have been made ignoring the Instructions and Definitions.

## RESPONSES AND OBJECTIONS

*Interrogatory No. 1.* State the names and addresses of all persons, individuals, entities, and corporations who have knowledge of any relevant facts relevant to the claims in the complaint or amended complaint.

> Objection: The request is so overly brought as to be incapable of a complete response because the request does not define or limit the scope of the word "knowledge" and the common meaning of that word requires a response naming every person in the world who knows anything about this case which already involves a published opinion from the Third Circuit Court of Appeals. Thus, Plaintiffs could not possibly be able to name everyone. Moreover, other than naming persons whom Plaintiffs (with the assistance of counsel) can identify as having personal knowledge of specific facts, providing a complete response is disproportional to the needs of the case. By using the term "relevant" twice in the request, makes the request unclear—*e.g.*, whether it is possible for there to exist "relevant facts" which are *not* "relevant to the claims," and whether it is possible for there to exists *ir*relevant facts which *are* relevant to the claims. Furthermore, Plaintiffs object to responding to matters concerning "the claims in the complaint" because the "complaint" has no consequence in view of the Amended Complaint [Doc. 9]. Plaintiffs also object to the extent Plaintiffs and Plaintiffs' counsel have knowledge of relevant facts acquired by virtue of privileged attorney-client communications.

> Response: Subject to and without waiving any objection, with the assistance of counsel, Plaintiffs identify the following persons who may have personal knowledge of facts which Plaintiffs may seek to testify in support of their claims: each Plaintiff (knowledge of receipt of phone calls), Christian M. Scheuerman (knowledge of information set forth in his filed declarations), Defendant, ARS National Services, Inc., each entity named in Exhibits B and C contained in Doc. 12-1, and former Judge Thomas I. Vanaskie (knowledge of security block on access to Defendant's website).

*Interrogatory No. 2.* State the name and address of any person who has made a statement regarding this lawsuit; whether the statement was oral or in writing; the date the statement was made; the name and address of the person to whom the statement was made; the name and address of each person present when the statement was made; and the name and address of each person who has knowledge of the statement.

>   Objection: The request is so overly brought as to be incapable of a complete response because the request does not define or limit the scope of the word "knowledge" and the common meaning of that word requires a response naming every person in the world who knows anything about this case which already involves a published opinion from the Third Circuit Court of Appeals. Thus, Plaintiffs could not possibly be able to name everyone. Moreover, other than naming persons whom Plaintiffs (with the assistance of counsel) can identify as having personal knowledge of specific facts, providing a complete response is disproportional to the needs of the case.
>
>   Response: Subject to and without waiving any objection, with the assistance of counsel, the only statements made are those made Mr. Scheuerman in his filed declarations and by Defendant in its Answer to the Amended Complaint.

*Interrogatory No. 3.* State the names and addresses of any and all proposed expert witnesses and set forth in detail the qualifications of each expert.

>   Response: Plaintiffs, on advice of counsel, intend to identify an expert witness but have not yet done so.

*Interrogatory No. 4.* State the substance of the facts and opinions to which your experts are expected to testify and provide a summary of the factual grounds for each opinion.

>   Objection: The request exceeds the scope of expert witness discovery as set forth in Fed. R. Civ. P. 26(a)(2).

*Interrogatory No. 5.* State the name and docket number of every civil or criminal action in which the Plaintiffs have been a party.

>   Objection: The information requested is overly broad in that it seeks information which is neither relevant to any party's claim or defense and is disproportional to the needs of the case considering, among other things, the parties' equal access to the requested information. Plaintiffs' counsel invites Defendant to make a proffer of relevance so as to allow Plaintiffs to reconsider their objection.

*Interrogatory No. 6.* Has all or a portion of the debt referenced in the Amended Complaint ever been paid? If yes, please identify how much of the debt was paid, to whom, how much remains, and produce all relevant documents.

>   Objection: The information requested is no relevant to any party's claim or defense. Plaintiffs' counsel invites Defendant to make a proffer of relevance so as to allow Plaintiffs to reconsider their objection.

*Interrogatory No. 7.* Set forth all facts, identify all witnesses, and attach all documents in support of the contention that the proposed class action is superior to other methods for the fair and efficient adjudication of this controversy.

>   Objection: The request is improper. See Doc. 27.

*Interrogatory No. 8.* Set forth all facts, identify all witnesses, and attach all documents in support of the contention that the Plaintiffs' claims are typical of the claims of the members of the proposed class.

> Objection: The request is improper. See Doc. 27.

*Interrogatory No. 9.* Set forth all facts, identify all witnesses, and attach all documents in support of the contention that questions of law and fact common to the members of the class predominate over any questions affecting only individual members.

> Objection: The request is improper. See Doc. 27.

*Interrogatory No. 10.* Do the Plaintiffs' allege that they suffered damages other than statutory damages? If yes, identify all facts, identify all witnesses, and attach all documents to support same.

> Response: No.

*Interrogatory No. 11.* Identify all illegal practices which Plaintiffs allege were committed by the Defendant.

> Objection: The request seeks pure legal opinion and fails to limit itself to asking "for an opinion or contention that relates to … the application of law to fact." Rule 33(a)(2).

> Response: Subject to and without waiving any objection, with he advice of counsel, the illegal practices are identified in the Amended Complaint.

*Interrogatory No. 12.* Identify the debt referenced in paragraph 20 of the Amended Complaint.

> Objection: Even with the provided Definitions (which defined both "Identify" and "identify" but only in reference to a document, an oral statement, and a person), the request is incomprehensible.

> Response: Subject to and without waiving any objection, with the advice of counsel and, to the extent Plaintiffs understand the request, the debt is identified as the alleged obligation which Defendant attempted to collect when it left voicemail messages described in the Amended Complaint.

*Interrogatory No. 13.* Identify all facts, identify all witnesses, and attach all documents to support the contention that within one year immediately preceding the filing of the Complaint, Defendant contacted Plaintiffs via telephone on multiple, as alleged in Paragraph 29 of the Amended Complaint.

> Objection: The request is so overly broad that it is incapable of a complete response and any attempt to provide a complete response would be disproportionate to the needs of the case. In addition, to the extent the request for witnesses seeks to know whom Plaintiffs' counsel intends to call as witnesses at the time of trial, the request improperly seeks attorney work product.

> Response: Subject to and without waiving any objection, to the extent Plaintiffs understand the request, they received at least three voicemail messages during August 2016 which stated, "*ARS calling. Please return our call at 1-800-694-3048. ARS is a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Again, our number is 1-800-694-3048. Visit us at www.arspayment.com.*"

*Interrogatory No. 14.* Identify all facts, identify all witnesses, and attach all documents to support the contention that Defendant left multiple pre-recorded telephone voice messages with the Plaintiffs, as alleged in paragraph 30 of the Complaint. Produce all recordings of all telephone messages.

> Objection: The request is so overly broad that it is incapable of a complete response and any attempt to provide a complete response would be disproportionate to the needs of the case. In addition, to the extent the request for witnesses seeks to know whom Plaintiffs' counsel intends to call as witnesses at the time of trial, the request improperly seeks attorney work product.

> Response: Subject to and without waiving any objection, to the extent Plaintiffs understand the request, they received at least three voicemail messages during August 2016 which stated, "*ARS calling. Please return our call at 1-800-694-3048. ARS is a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Again, our number is 1-800-694-3048. Visit us at www.arspayment.com.*"

*Interrogatory No. 15.* Identify all facts, identify all witnesses and attach all documents to support the contention that Defendant left Plaintiffs the telephone message referenced in Paragraph 31 of the Amended Complaint. Produce the recording of the message.

> Objection: The request is so overly broad that it is incapable of a complete response and any attempt to provide a complete response would be disproportionate to the needs of the case. In addition, to the extent the request for witnesses seeks to know whom Plaintiffs' counsel intends to call as witnesses at the time of trial, the request improperly seeks attorney work product.

> Response: Subject to and without waiving any objection, to the extent Plaintiffs understand the request, they received at least three voicemail messages during August 2016 which stated, "*ARS calling. Please return our call at 1-800-694-3048. ARS is a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Again, our number is 1-800-694-3048. Visit us at www.arspayment.com.*"

*Interrogatory No. 16.* Identify all facts, identify all witnesses, and attach all documents to support the contention that all telephone messages left by Defendant with all putative class members were identical to the ones left with the Plaintiffs, as alleged in Paragraph 35 of the Amended Complaint.

> Objection: The request is improper. See Doc. 27.

*Interrogatory No. 17.* Identify all facts, identify all witnesses, and attach all documents to support the contention that the name "ARS" is typically associated in the nation's debt collection industry with "ARS National Services, Inc.," as alleged in Paragraph 41 of the Amended Complaint.

> Objection: The request is so overly broad that it is incapable of a complete response and any attempt to provide a complete response would be disproportionate to the needs of the case. In addition, to the extent the request for witnesses seeks to know whom Plaintiffs' counsel intends to call as witnesses at the time of trial, the request improperly seeks attorney work product.
>
> Response: Subject to and without waiving any objection, with the advice of counsel, Plaintiffs identify ARS National Services, Inc.

*Interrogatory No. 18.* Identify all facts, identify all witnesses, and attach all documents to support the contention that if one accesses ARS' website, ARS will surreptitiously track and store information about the person, as alleged in Paragraph 43 of the Amended Complaint.

> Objection: The information requested is not relevant because Plaintiffs' claims under 15 U.S.C. § 1692d(6) and § 1692e(10) were dismissed. Plaintiffs' counsel invites Defendant to make a proffer of relevance so as to allow Plaintiffs to reconsider their objection. The request is so overly broad that it is incapable of a complete response and any attempt to provide a complete response would be disproportionate to the needs of the case. In addition, to the extent the request for witnesses seeks to know whom Plaintiffs' counsel intends to call as witnesses at the time of trial, the request improperly seeks attorney work product.

*Interrogatory No. 19.* Identify all facts, identify all witnesses, and attach all documents to support the contention that Defendant intended that the telephone messages would have the effect of causing the Plaintiffs and others to place return calls to the Defendant, as alleged in Paragraph 48 of the Amended Complaint.

> Objection: The information requested is not relevant because Plaintiffs' claims under 15 U.S.C. § 1692d(6) and § 1692e(10) were dismissed. Plaintiffs' counsel invites Defendant to make a proffer of relevance so as to allow Plaintiffs to reconsider their objection. The request is so overly broad that it is incapable of a complete response and any attempt to provide a complete response would be disproportionate to the needs of the case. In addition, to the extent the request for witnesses seeks to know whom Plaintiffs' counsel intends to call as witnesses at the time of trial, the request improperly seeks attorney work product.

*Interrogatory No. 20.* Identify all facts, identify all witnesses, and attach all documents to support the contention that ARS is not a name under which Defendant usually transacts business.

> Objection: The request is so overly broad that it is incapable of a complete response and any attempt to provide a complete response would be disproportionate to the needs of the case. In addition, to the extent the request for witnesses seeks to know whom Plaintiffs' counsel intends to call as witnesses at the time of trial, the request improperly seeks attorney work product
>
> Response: Subject to and without waiving any objection, with the advice of counsel and to the extent Plaintiffs understand the question, Christian Scheuerman's statements made on behalf of Defendant expressly declared that Defendant was formed in the State of Florida as "Healthcare Revenue Recovery Group, LLC" (see Dkt. PageID 93) and registered "ARS ACCOUNT RESOLUTION SERVICES" as an alternate name with the State of New Jersey (see Dkt. PageID 95). Thus, by Mr. Scheuerman's admission, ARS was not a name under which Defendant usually transacts business.

*Interrogatory No. 21.* Identify all facts, identify all witnesses, and attach all documents to support the contention that ARS is not a commonly used trade name by the Defendant.

> Objection: The request is so overly broad that it is incapable of a complete response and any attempt to provide a complete response would be disproportionate to the needs of the case. In addition, to the extent the request for witnesses seeks to know whom Plaintiffs' counsel intends to call as witnesses at the time of trial, the request improperly seeks attorney work product
>
> Response: Subject to and without waiving any objection, with the advice of counsel and to the extent Plaintiffs understand the question, Christian Scheuerman statements made on behalf of Defendant expressly declared that Defendant was formed in the State of Florida as "Healthcare Revenue Recovery Group, LLC" (see Dkt. PageID 93) and registered "ARS ACCOUNT RESOLUTION SERVICES" as an alternate name with the State of New Jersey (see Dkt. PageID 95). Thus, by Mr. Scheuerman's admission, "ARS" was not a name under which Defendant usually transacts business.

*As to Objections:*

Dated: February 22, 2019

_____
PHILIP D. STERN
*Co-counsel for Plaintiffs*

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 22, 2019

ELAINE LEVINS

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 22, 2019

WILLIAM LEVINS