# EXHIBIT "J"

| | |
|---|---|
| **MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**<br>BY: Christian M. Scheuerman, Esquire<br>Cherry Tree Corporate Center<br>Suite 501<br>535 Route 38 East<br>Cherry Hill, NJ 08002<br> (856)663-4300 | **ATTORNEY FOR DEFENDANT**<br>Healthcare Revenue Recovery Group, LLC |

447-102973 (SXK/CMS)

| | |
|---|---|
| ELAINE LEVINS and WILLIAM LEVINS, on behalf of themselves and other similarly situated<br><br>VS.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC D/B/A ARS ACCOUNT RESOLUTION SERVICES AND JOHN and JANE DOES 1 THROUGH 25 | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>CAMDEN VICINAGE<br><br>Case No. 1:17-cv-00928-RBK-KMW<br><br>CIVIL ACTION<br><br>DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES |

Defendant, Healthcare Revenue Recovery Group, LLC, herby responds to Plaintiff's Interrogatories as follows:

1. What is the name and last known address of each human being who provided any information used to respond to any of these Interrogatories?

   **ANSWER:** Objection. The question of overbroad. Without waiving same, Defendant drafted the responses with assistance of counsel. Information was obtained from various sources, including David Friedlander.

2. What is the name and last known address of each human being who investigated the factual allegations set forth in the Complaint?

   **ANSWER:** Objection, this question is improper in that is suggests a non-existent legal obligation to "investigate" Plaintiffs' allegations. To the contrary, it is solely Plaintiffs' burden to establish a cause of action against Defendant. Defendant denies all allegations in the complaint. The question is also over broad to the extent it inquires as to conduct by "human beings" beyond Defendant. In addition, to the extent this question inquires as to investigation of allegations by the Defendant and its counsel, it improperly calls for the disclosure of attorney work produce and/or privileged information.

3. Describe each Communication You made or sent to either or both Plaintiffs. The description for each Communication should be sufficient to distinguish it from all other Communications. Such detail can include, but is not limited to, the date and time of the Communication, the way the Communication was made, and the content of the Communication.

   **ANSWER:** **On November 30, 2015, a letter was mailed to Elaine Levins. Thereafter, multiple telephone messages were left with the Plaintiffs on various dates, and in every one the caller was identified as "ARS." The content of the letter speaks for itself.**

4. Describe each Communication You received from either or both Plaintiffs. The description for each Communication should be sufficient to distinguish it from all other Communications. Such detail can include, but is not limited to, the date and time of the Communication, the way the Communication was made, and the content of the Communication.

   **ANSWER:** **Answering Defendant did not receive any communications from the Plaintiffs. In particular, the Plaintiffs never disputed that they owed the debt and never called Defendant in response to the telephone messages.**

5. How do You create and store records of each written and oral Communication between You and a Consumer? If any records are stored in a database, include a description of each field in the database.

   **ANSWER:** **Objection. This question is overbroad and beyond the scope of discovery established in the November 7, 2018 Order. It has nothing to do with whether Defendant regularly transacts business using "ARS," or whether "ARS" is a commonly used acronym.**

6. What is the meaning of each abbreviation, code, letter, numeral, or symbol regularly used in Your records of collection activities?

   **ANSWER:** **Objection. This question is overbroad and beyond the scope of discovery established in the November 7, 2018 Order. It has nothing to do with whether Defendant regularly transacts business using "ARS," or whether "ARS" is a commonly used acronym.**

7. What is the name and last known address of each human being who attempted to collect the Obligation on HRRG's behalf?

   **ANSWER:** **Objection, this question is overly vague in the context of the allegations in this case. Without waiving same, no person from**

{PH374768.1}

          **Defendant has attempted to collect the obligation from the Plaintiffs. More specifically, the letter and telephone messages left for the Plaintiffs were not generated by a specific individual.**

8. State each name, acronym, and abbreviation under which Healthcare Revenue Recovery Group, LLC has identified itself to others since its formation and, for each, include dates when the name, acronym, or abbreviation was first used and last used.

    **ANSWER:** **Objection. This question is overbroad as to time frame and subject matter in light of the November 7, 2018 Order. Without waiving same, "ARS Account Resolution Services" began operations in January 2009. Since then, "ARS" has always been used by the Defendant as an abbreviation for ARS Account Resolution Services. Transactions also appear as "ARS" on credit card statements.**

9. Describe with reasonable particularity each Communication which You made during the Term in which you used "ARS" but in which you did not include one of the following in the same Communication: "Healthcare Revenue Recovery Group", "HRRG", or "Account Resolution Services".

    **ANSWER:** **Objection. This question is overbroad as to time frame and subject matter in light of the November 7, 2018 Order. Without waiving same, the telephone message left with Plaintiffs refers only to "ARS." In addition, if the Plaintiffs had made a payment on Defendant's website, arspayment.com, the transaction would only appear as "ARS" on the credit card statement. In addition, the only business name visible on the outside of the Plaintiffs' November 30, 2015 collection letter was "ARS." "ARS" is prominently displayed in the upper left have corner of the Plaintiff's collection letter and is placed in font which is twice as large as any other font in the letter. The bottom left hand portion of the letter also directs consumers to send payments to "ARS."**

10. State the factual basis for Your decision to use "ARS Account Resolution Services" to either describe or identify Healthcare Revenue Recovery Group, LLC. If the factual basis includes any Documents, describe each Document with reasonable particularity enough to identify it.

    **ANSWER:** **Objection. This question as phrased is vague and unintelligible in referring to some undefined "decision." By way of further objection, any such "decision" is not probative of any material issue in this case. Without waiving same, ARS Account Resolution Services began operations in January 2009, and since then "ARS" is the name under which it usually transacts with the public.**

{PH374768.1}

11.     State the factual basis for Your decision to use "ARS" (i.e., "ARS" alone and not followed by "Account Resolution Services") to either describe or identify Healthcare Revenue Recovery Group, LLC to others. If the factual basis includes any Document, describe each Document with reasonable particularity enough to identify it.

       **ANSWER:** **Objection. This question as phrased is vague and unintelligible in referring to some undefined "decision." ARS Account Resolution Services is a registered trade name. By way of further objection, any such "decision" is not probative of any material issue in this case.**

12.     When did You begin using "ARS" (i.e., "ARS" alone and not followed by "Account Resolution Services") in voicemail messages left for Consumers?

       **ANSWER:** **ARS Account Resolution Services began operations in January 2009, and "ARS" has been utilized since that time.**

13.     State all facts that support Your contention that this Court lacks jurisdiction over the subject matter of Plaintiffs First Amended Complaint.

       **ANSWER:** **Based on discovery produced to date, Defendant does not anticipate relying on this affirmative defenses at this time.**

14.     State all facts that support Your contention that Plaintiffs' claims are barred by the applicable Statute of Limitations and/or Laches.

       **ANSWER:** **Some communications between the Defendant and the Plaintiffs took place more than a year prior to the filing of Plaintiffs' complaint and such claims are therefore time barred**

15.     State all facts that support Your contention that the Answering Defendant owed no duty to Plaintiff at the time of Plaintiff's alleged injuries.

       **ANSWER:** **It is Plaintiffs' burden to establish each element of the cause of action alleged, including the existence, nature, and scope of a legal duty to Plaintiffs. Defendant denies that Plaintiffs have satisfied that burden.**

16.     State all facts that support Your contention that if the damages of the Plaintiffs are true and proven then such damages were not caused by any conduct of Answering Defendant, which was secondary and passive, but were caused by the primary and active conduct of third parties over whom the Answering Defendant had no control.

      **ANSWER:** **Based on discovery produced to date, Defendant does not anticipate relying on this affirmative defenses at this time.**

17.    State all facts that support Your contention that the claims of Plaintiffs are barred in whole or in part by the Entire Controversy Doctrine.

      **ANSWER:** **Based on discovery produced to date, Defendant does not anticipate relying on this affirmative defenses at this time.**

18.    State all facts that support Your contention that the claims of Plaintiffs are barred by the doctrines of arbitration and award, estoppel, res judicata, and/or waiver.

      **ANSWER:** **Based on discovery produced to date, Defendant does not anticipate relying on this affirmative defenses at this time.**

19.    State all facts that support Your contention that Plaintiffs' claims are barred for failure to exhaust all administrative remedies.

      **ANSWER:** **Based on discovery produced to date, Defendant does not anticipate relying on this affirmative defenses at this time.**

20.    State all facts that support Your contention that Defendant is entitled to the bona fide error defense.

      **ANSWER:** **The bona fide error defense provides that a debt collector may not be held liable if it can show that a violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such procedures. Defendant shall rely upon all documents produced by all parties and third-parties, all interrogatory responses, and all party and third-party depositions to support this defense.**

21.    State all facts that support Your contention that "ARS" is either the name under which HRRG usually transacts business or a commonly used acronym of its registered name, "ARS Account Resolution Services."

      **ANSWER:** **ARS Account Resolution Services began operations in January 2009, and since then "ARS" is the name under which it usually transacts with the public. In all of the written and oral communications with the Plaintiffs, Defendant consistently used the name "ARS." The only business name visible on the outside of the Plaintiffs' November 30, 2015 collection letter was "ARS." "ARS" is prominently displayed in the upper left hand corner of the written correspondence to Plaintiffs**

> **in font which is twice as large as any other font in the letter. The bottom left hand portion of the letter also directs Plaintiffs to send payments to "ARS."**
>
> **In all telephone communications with consumers Defendant's employees exclusively utilize the "ARS" name. In addition, Defendant's website is identified as "arspayment.com." All payments by consumers made via the website will appear as "ARS" on a consumer's credit card statement. In addition, Defendant uses "ARS" in dealings with vendors.**

22. If You contend that each voicemail message You left for either or both Plaintiffs did not misrepresent your identity as being that of another debt collector, state all facts which support that contention.

    **ANSWER:** **Objection. This question incorrectly suggests it is Defendant's burden to establish a negative. To the contrary it is Plaintiffs' burden to establish each element of cause of action. Moreover, discovery has demonstrated no evidence of any misrepresentation of the identity of "ARS." To the contrary, the telephone messages to Plaintiffs identified the caller as "ARS." A website and telephone number were provided. The identity of the caller and nature of the call is fully and plainly disclosed. The actual website is even provided to allow payments to be made. The website advises that "ARS" will appear on a consumer's credit card statement after an online payment is made. In addition, well before the Plaintiffs received the alleged telephone message, Defendant sent Elaine Levins a letter. The only business name visible on the outside of the Ms. Levins' November 30, 2015 letter was "ARS."**

23. If You contend that "ARS" (i.e., "ARS" alone and not followed by "Account Resolution Services") is an acronym commonly used by You to identify yourself, state all facts which support that contention.

    **ANSWER:** See response to no. 21.

24. If You contend You consistently used "ARS" (i.e., "ARS" alone and not followed by "Account Resolution Services") when dealing with either or both Plaintiffs, state all facts which support your contention.

    **ANSWER:** See response to no. 21.

{PH374768.1}

## CORPORATE DECLARATION

      I am authorized to make this declaration.  I declare under penalty of perjury that the foregoing is true and correct.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*David Friedlander*
David M. Friedlander
President, Healthcare Revenue Recovery
Group, LLC

Dated:   3/13/2019

{PH374768.1}