

Continental Plaza · 411 Hackensack Avenue, Suite 701 · Hackensack, NJ 07601 · (tel&fax) 201.273.7117

Thursday, July 7, 2022

*Via ECF*

Honorable Christine P. O'Hearn, U.S.D.J.
Honorable Elizabeth A. Pascal, U.S.M.J.
UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

> RE: *Elaine Levins and William Levins v. Healthcare Revenue Recovery Group, LLC*, Case No. 1:17-cv-00928-CPO-EAP

Dear Judges O'Hearn and Pascal,

I write in the hopes of avoiding motion practice caused by Defendant's improperly filing of its summary judgment motion [D.E. 125] on July 5, 2022. The deadline for filing dispositive motions past five months ago, Plaintiffs' class certification motion is pending, and Defendant's previous summary judgment was denied because, when viewing the evidence in the light most favorable to Plaintiffs, Defendants would not be entitled to judgment. Furthermore, the one-way intervention rule prevents Plaintiffs from cross-moving for summary judgment.

Therefore, Plaintiffs seek an administrative dismissal of Defendant's Motion without prejudice with dispositive motion practice addressed after the Court decides Plaintiffs' Class Certification Motion and, if granted, after the deadline for class members to exclude themselves. Then, the parties can cross-move for summary judgment. Alternatively, Plaintiffs request that Defendant's Motion be stayed pending the next status conference, which is presently scheduled for September 22, 2022 at 10:00 AM.

What follows provides more detail about the foregoing.

### A. Background.

This is a class action against a debt collector of medical debts. Defendant placed debt collection calls and left a pre-recorded voicemail message which identified Defendant as "ARS." Plaintiffs claim that the message violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

The Complaint was dismissed for failure to state a claim but, on August 18, 2018, the Third Circuit reversed as to Plaintiffs' claim under § 1692e(14). That Section requires a debt collector to use its "true name." Adopting the FTC's interpretation, the Third Circuit explained, "the true name requirement in § 1692e(14) […] permit[s] a debt collector to use its full business name, the name under which it usually transacts business, or a commonly-used acronym, as long as it consistently uses the same name when dealing with a particular consumer." *Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274, 281 (3d Cir. 2018) (quotations marks and court's

editing marks omitted). "Nothing in the information properly before us indicates that 'ARS' is HRRG's full business name, the name under which it usually transacts business, or its commonly used acronym." *Id*.

After remand, the Court stayed class discovery. After merits discovery, Defendant unsuccessfully moved for summary judgment. In His Honor's June 12, 2020 Opinion [D.E. 59], Judge Kugler explained:

> While there is some evidence supporting HRRG's contention, […] viewing the facts in the light most favorable to Plaintiffs, HRRG did not consistently use the name "ARS" when attempting to collect Plaintiffs' debt.

The evidence included Defendant's deposition testimony confirming that, at different times, Defendant identified itself as "HRRG" and, at others, as "ARS." [D.E. 53-4 at ¶¶ P1, P2, P18, P19, P21, P24, P25.] That testimony has not changed.

Class discovery ensured after the Court denied Defendant's summary judgment motion.

On December 2, 2021, Defendant wrote to the Court requesting an extension of the deadlines to file class certification *and dispositive motions* to January 30, 2022 because Defendant needed additional time to provide requested documents. [D.E. 93.] The request was granted. [D.E. 94, 95.] *Defendant never made a subsequent request to extend the dispositive motion deadline.*

In January 2022, a discovery dispute arose, submissions were made, and, on March 24, 2022, the Court gave Defendants until April 20, 2022 to provide the requested documents and only extended the class certification motion deadline to May 20, 2022. [D.E. 104.] On April 18, 2022, the Court granted Defendant's request to extend the April 20 deadline to May 6 and, in so doing, extended the class certification motion deadline to June 6, 2022. [D.E. 108.]

Plaintiffs timely filed the Class Certification Motion on June 6, 2022. [D.E. 115.] With consent, Defendant then requested, and the Court granted, an extension to July 5 for Defendant to file opposition to the Class Certification Motion. [D.E. 119, 122.]

On July 5, 2022—more than five months past the dispositive motion deadline—Defendant filed another Motion for Summary Judgment. [D.E. 125.] Later that day, Defendant filed opposition to the Class Certification Motion.

### B.  *Defendant's Summary Judgment Motion Should be Terminated.*

There are three reasons why Defendant's Motion for Summary Judgment should be terminated and a schedule for dispositive motions set *after* the Court decides Plaintiffs' Class Certification Motion or, if certification is granted, *after* the deadline for class members to exclude themselves.

| | |
|---|---|
| *Elaine Levins and William Levins v. Healthcare Revenue Recovery Group, LLC*, Case No. 1:17-cv-00928-CPO-EAP | July 7, 2022<br>Page 3 of 4 |

First, the deadline for dispositive motions past on January 30, the extended deadline which Defendant requested. [D.E. 94, 95.] Defendant did not seek another extension.

Second, the one-way intervention rule prevents Plaintiffs from cross-moving for summary judgment at this time. Dispositive motions should not be permitted until both sides are able to file them. The one-way intervention rule comes out of the 1966 amendments to FED. R. CIV. P. 23. "A recurrent source of abuse under the former Rule lay in the potential that members of the claimed class could in some situations await developments in the trial or even final judgment on the merits in order to determine whether participation would be favorable to their interests." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547 (1974). If the Court grants Plaintiffs' class certification motion, it must subsequently approve a notice to the class which must include notice that "the court will exclude from the class any member who requests exclusion" and "the time and manner for requesting exclusion." FED. R. CIV. P. 23(c)(2)(B)(v) and (vi). To avoid one-way intervention, Plaintiffs' dispositive motion must await until after the deadline for class members to exclude themselves (unless the Court denies class certification). Then, both sides can choose to file a dispositive motion—not just Defendant.

Third, Defendant's motion seems to be nothing more than a second bite at the apple. All agree that the applicable rule of law on the merits has not changed. As mentioned above, Judge Kugler denied Defendant's previous summary judgment motion because, despite Defendant's evidence, other evidence existed which, under the summary judgment standard, must be viewed in Plaintiffs favor, and showed that Defendant did not consistently use ARS. Regardless of any additional evidence Defendant might submit, the favorable view of the previously submitted evidence must again result in the conclusion as to Defendant's inconsistent use.

I am not suggesting that the Court address the merits of Defendant's new Motion. However, I am pointing out that it appears Defendant already litigated its entitlement to summary judgment and lost. Given the blown dispositive motion deadline—a deadline which Defendant requested and never sought a further extension—and the pendency of Plaintiffs' Class Certification Motion, Defendant's second bite at the apple should, at the very least, be postponed until after the class issues are resolved.

### C.  Relief Sought.

For these reasons, Plaintiffs request Defendant's Motion [D.E. 125] be terminated without prejudice and that no dispositive motions be permitted until after the Court decides the Class Certification Motion and, if the Court certifies this case as a class action, after the exclusion deadline.

Alternatively, Plaintiffs request that these issues be addressed at the next status conference and that Defendant's summary judgment motion be stayed until that conference. Then, based on the conference, the Court can determine whether that motion will be heard and, if so, set an appropriate briefing order can be scheduled.

Thank you for Your Honors' consideration in this matter.

KLF_21-015

*Elaine Levins and William Levins v. Healthcare Revenue Recovery Group, LLC*, Case No. 1:17-cv-00928-CPO-EAP

July 7, 2022
Page 4 of 4

        Respectfully,

        *s/Philip D. Stern*
        Philip D. Stern
        KIM LAW FIRM LLC

cc:    All Counsel of Record