IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ELAINE LEVINS AND WILLIAM LEVINS,<br><br>                    Plaintiffs,<br><br>    v.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC, et al.,<br><br>                    Defendant. | Civil No. 17-928-RBK-KMW |

### SCHEDULING ORDER

       This Scheduling Order confirms the directives given to counsel during the telephone status conference held on **March 12, 2021**; and the Court noting the following appearances: **Philip D. Stern, Esquire**, appearing on behalf of the plaintiffs; and **Christian M. Scheuerman, Esquire**, appearing on behalf of the defendant; and for good cause shown:

       IT IS this **12th** day of **March, 2021**, hereby **ORDERED**:

       1. Pretrial factual discovery will expire on **August 13, 2021**. All pretrial discovery shall be concluded by that date. All discovery motions and applications pursuant to L. Civ. R. 37.1(a)(1) shall be made returnable before the expiration of pretrial factual discovery.

       2. **Discovery Applications**. All discovery applications pursuant to L. Civ. R. 37.1(a)(1) shall include an Affidavit or Certification that includes the information identified in L. Civ. R. 37.1(b)(1). Absent exigent circumstances, the Court expects parties to "meet and confer" in person or via telephone before making a discovery application, rather than just exchanging letters or e-mails.

       3. **Depositions**. All depositions are to be conducted in accordance with the procedures set forth in the order of Judge Gawthrop, in Hall v. Clifton Precision, 150 F.R.D. 525 (E.D.Pa. 1993).

4. All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of plaintiff shall be served upon counsel for defendant not later than **August 20, 2021**. All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of defendant shall be served upon counsel for plaintiff not later than **August 27, 2021**. Each such report should be accompanied by the curriculum vitae of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed. Depositions of proposed expert witnesses shall be concluded by **September 3, 2021.**

For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. EVID. 701 and Teen-Ed v. Kimball International, Inc., 620 F.2d 399 (3d Cir. 1980).

5. **Dispositive Motions and Motions for Class Certification**. Dispositive motions and motions for class certification shall be filed with the Clerk of the Court no later than **October 8, 2021**. Opposition to the motion should be served in a timely fashion. Counsel are to follow L. CIV. R. 7.1, 7.2, 56.1 and 78.1 (Motion Practice - Generally).

6. The Court will conduct a telephone status conference on **July 17, 2021 at 2:00 p.m.** All counsel shall dial into the Court's conference line at **1-888-684-8852, Access Code 1488577#** to connect to the call.

7. Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel agree with the application.

The schedule set herein will not be extended unless good cause is shown.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

s/ Karen M. Williams
KAREN M. WILLIAMS
United States Magistrate Judge

cc: Hon. Robert B. Kugler