

Continental Plaza · 411 Hackensack Avenue, Suite 701 · Hackensack, NJ 07601 · (tel&fax) 201.273.7117

Tuesday, August 9, 2022

*Via ECF*

Honorable Christine P. O'Hearn, U.S.D.J.
Honorable Elizabeth A. Pascal, U.S.M.J.
UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

   RE: *Elaine Levins and William Levins v. Healthcare Revenue Recovery Group, LLC*,
      Case No. 1:17-cv-00928-CPO-EAP

Dear Judge O'Hearn and Judge Pascal,

Please accept this letter as Plaintiffs' request to stay Plaintiffs' pending Class Certification Motion [D.E. 115] as well as Defendant's pending Cross-Motion for Summary Judgment [D.E. 125] except to decide whether Plaintiffs have Article III standing.

## I.  Relevant Procedural Background.

Before the Court are Plaintiffs' Rule 23 Class Certification Motion [D.E. 108] and Defendant's Rule 56 Cross-Motion for Summary Judgment [D.E. 125]. Plaintiffs' reply on the Rule 23 Motion and their opposition to the Rule 56 Motion is due by August 12, 2022. [D.E. 132.]

Preceding its argument on the merits, Defendant's Rule 56 Motion argues Plaintiffs lack Article III standing. Defendant's opposition to Plaintiffs' Rule 23 Motion also challenges standing.

## II.  Defendant's Challenge to Plaintiffs' Standing.

On October 15, 2018, Defendant filed its Answer and challenged both jurisdiction and standing. [D.E. 23 at Affirmative Defenses 2, 24, and 25.] Plaintiffs did not seek to resolve those threshold issues because Defendant's March 2019 discovery responses abandoned those challenges. See Defendant's responses to the following Request for Production and Interrogatory:

| | | |
|---|---|---|
| 51. | | All Documents that support Your contention that the Plaintiffs lack standing to bring the present lawsuit. |
| | **ANSWER:** | Answering Defendant is no longer making a claim at this time as to the plaintiffs' individual claims. As for standing to be the proposed class representatives, this is something which is still subject to ongoing discovery and investigation. Among other things, the Plaintiffs have not yet been deposed. |
| 13. | | State all facts that support Your contention that this Court lacks jurisdiction over the subject matter of Plaintiffs First Amended Complaint. |
| | **ANSWER:** | Based on discovery produced to date, Defendant does not anticipate relying on this affirmative defenses at this time. |

*Elaine Levins and William Levins v. Healthcare Revenue Recovery Group, LLC,*   August 9, 2022
Case No. 1:17-cv-00928-CPO-EAP   Page 2 of 3

---

Defendant never amended its discovery responses. Now, for the first time since serving those responses, Defendant challenges Plaintiffs' standing. Defendant relies on Defendant relies on *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) but waited more than a year before doing an about-face on Plaintiffs' standing and this Court's jurisdiction.

Plaintiffs recognize that a party cannot consent to, waive an objection to, or be estopped from challenging subject matter jurisdiction. *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982). Nevertheless, it is unfair for Defendant to burden Plaintiffs with continuing to litigate substantive issues in a forum which may lack the constitutional power to resolve them when Defendant could have raised, and the Court resolved, the standing and jurisdictional questions much earlier.

### III.  Recent Developments Concerning Standing.

In *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), the Supreme Court reaffirmed that:

(1) a federal court may only exercise the judicial power over a case or controversy;

(2) a case or controversy requires the plaintiff have standing;

(3) an element of standing is that the defendant caused plaintiff to suffer an injury in fact;

(4) an injury in fact requires a concrete harm or injury;

(5) a concrete harm can arise from either tangible or intangible harms; and

(6) an intangible harm is determined by considering (a) "whether an alleged intangible harm has a close relationship to a harm that has traditionally regarded as providing a basis for a lawsuit in English or American courts" and (b) Congress's view because Congress is "well positioned to identify harms that meet minimum Article III requirements." *Id.* at 341.

Just as the common law provides a remedy for certain torts without proof of actual damages, *Spokeo* confirmed that the violation of a statutory right—without any additional harm—"can be sufficient in some circumstances to constitute injury in fact." *Id.* at 342.

Following *Spokeo* and in the absence of Third Circuit authority, it was widely held throughout this District that any violation of § 1692e of the FDCPA was an intangible harm which did not require allegations or proof of any additional harm. *Velez-Aguilar v. Sequium Asset Sols., LLC*, No. 2:21-cv-14046 (WJM), 2022 U.S. Dist. LEXIS 8842, at *7-8 (D.N.J. Jan. 18, 2022) (referring to the "overwhelming consensus in this district" and collecting cases). Plaintiffs' claim arises under § 1692e.

*Ramirez* may have raised the bar. Point I in Defendant's Summary Judgment Brief points to a growing list of post-*Ramirez* decisions which conclude a statutory violation itself can never be sufficient to constitute an injury in fact. Decisions like *Velez-Aguilar* seem to be in the minority. Thus, Defendant challenged standing because Plaintiffs only seek statutory damages for

21-015

Case 1:17-cv-00928-CPO-EAP   Document 133   Filed 08/09/22   Page 3 of 3 PageID: 1430

*Elaine Levins and William Levins v. Healthcare Revenue Recovery Group, LLC*,  August 9, 2022
Case No. 1:17-cv-00928-CPO-EAP  Page 3 of 3

Defendant's violation of Plaintiffs' rights protected by the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* [D.E. 125-2 at PageID 1196.]

### IV. Prohibition Against Deciding Any Issue Until the Court Concludes that it Has Subject Matter Jurisdiction.

The Court must decide the standing question before it can resolve Plaintiffs' Rule 23 Motion or the merits arguments in Defendant's Rule 56 Motion.

The Third Circuit explained that "'a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).'" *Ellison v. Am. Bd. of Orthopaedic Surgery*, 11 F.4th 200, 204-5 (3d Cir. 2021). Indeed, any determination on the merits when a court lacks subject-matter jurisdiction is "void." *Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987). Hence, the Supreme Court explained:

> In the light of this overriding and time-honored concern about keeping the Judiciary's power within its proper constitutional sphere, **we must put aside the natural urge to proceed directly to the merits of this important dispute and to "settle" it for the sake of convenience and efficiency.**

*Raines v. Byrd*, 521 U.S. 811, 820 (1997) (emphasis added); *FOCUS v. Allegheny Cty. Court of Common Pleas*, 75 F.3d 834, 838 (3d Cir. 1996).

### V. Conclusion

For these reasons, Plaintiffs request that their Motion for Class Certification and Defendant's Cross-Motion for Summary Judgment on the merits be stayed. Plaintiffs will file their response to the portion of the Cross-Motion which addresses standing by the August 12, 2022 deadline.

I have emailed opposing counsel to secure consent to this application but have not received a response.

Thank you for Your Honors' consideration in this matter.

Respectfully,

*s/Philip D. Stern*
Philip D. Stern
KIM LAW FIRM LLC

cc:   All Counsel of Record