# MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.

www.moodklaw.com

**NEW JERSEY OFFICE**
*Cherry Tree Corporate Center*
*Suite 501*
*535 Route 38 East*
*Cherry Hill, NJ 08002*
*(856) 663-4300 Fax: (856) 663-4439*

***Christian M. Scheuerman***
Member NJ & PA Bars
CScheuerman@moodklaw.com

March 13, 2019

**Via Email & N.J.L.S.**
Philip D. Stern, Esquire
Stern Thomasson, LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081

        RE:  Levins v. HRRG
              Docket No.: 1:17-cv-00928-RBK-KMW
              <u>Our File No.:  447-102973(SXK/CMS)</u>

Dear Mr. Stern:

      Enclosed please find Defendant's responses to interrogatories, document requests, and documents bates stamped ARS 1-12.

                    Very truly yours,

                    **MARKS, O'NEILL, O'BRIEN,**
                    **DOHERTY & KELLY, P.C.**

                    */s/ Christian M. Scheuerman*
                    Christian M. Scheuerman

CMS/jad
Encl.

| Philadelphia | Pittsburgh | New York | Westchester County | Wilmington | Towson |
|---|---|---|---|---|---|
| Pennsylvania | Pennsylvania | New York | New York | Delaware | Maryland |

# Exhibit 33         page 1 of 31

**MARKS, O'NEILL, O'BRIEN,**
**DOHERTY & KELLY, P.C.**
BY: Christian M. Scheuerman, Esquire
**Cherry Tree Corporate Center**
**Suite 501**
**535 Route 38 East**
**Cherry Hill, NJ 08002**
 (856)663-4300

**ATTORNEY FOR DEFENDANT**
**Healthcare Revenue Recovery Group,**
**LLC**

447-102973 (SXK/CMS)

| | |
|---|---|
| **ELAINE LEVINS and WILLIAM LEVINS,** on behalf of themselves and other similarly situated | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY CAMDEN VICINAGE** |
| **VS.** | **Case No. 1:17-cv-00928-RBK-KMW** |
| **HEALTHCARE REVENUE RECOVERY GROUP, LLC D/B/A ARS ACCOUNT RESOLUTION SERVICES AND JOHN and JANE DOES 1 THROUGH 25** | **CIVIL ACTION** |
| | **DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Defendant Healthcare Revenue Recovery Group, LLC, hereby respond to Plaintiffs' request for production of documents as follows:

1.      All Documents showing all alternate business names You have used since Your inception.

      **ANSWER:**    **Objection. This question is overbroad as to time frame and subject matter in light of the November 7, 2018 Order. Without waiving same, "ARS Account Resolution Services" began operations in January 2009. Since then, "ARS" has always been used by the Defendant as an abbreviation for ARS Account Resolution Services. Transactions also appear as "ARS" on credit card statements. See attached letter to Elaine Levins, excerpts from Defendant's website, and the recorded telephone call to Plaintiffs of which counsel already possesses.**

2.      All Documents showing each name under which You have transacted business since the inception of HRRG including the dates when (a) You began using it and (b) You ceased using it.

# Exhibit 33                    page 2 of 31

**ANSWER:**   **Objection.  This question is overbroad as to time frame and subject matter in light of the November 7, 2018 Order.  Without waiving same, ARS Account Resolution Services began operations in January 2009, and since then "ARS" is the name under which it usually transacts with the public.  In all of the written and oral communications with the Plaintiffs, Defendant consistently used the name "ARS."  The only business name visible on the outside of the Plaintiffs' November 30, 2015 collection letter was "ARS."  "ARS" is prominently displayed in the upper left hand corner of the written correspondence to Plaintiffs in font which is twice as large as any other font in the letter.  The bottom left hand portion of the letter also directs Plaintiffs to send payments to "ARS."**

**In all telephone communications with consumers Defendant's employees exclusively utilize the "ARS" name.  In addition, Defendant's website is identified as "arspayment.com."  All payments by consumers made via the website  will appear as "ARS" on a consumer's credit card statement.  In addition, Defendant uses "ARS" in dealings with vendors.  See attached letter to Elaine Levins, excerpts from Defendant's website, and the recorded telephone call to Plaintiffs of which counsel already possesses.**

3.   All Documents showing all acronyms, abbreviations, and names under which You have transacted business other than the company which is named in Article I of the document which appears on the Docket at Page ID 93 (in Doc. 10-4).

**ANSWER:**   **See response to no. 2.**

4.   All Documents showing the dates You began using each acronym, abbreviation, and name under which You have transacted business other than the company which is named in Article I of the document which appears on the Docket at Page ID 93 (in Doc. 10-4).

**ANSWER:**   **See response to no. 2.**

5.   All Documents that show when You began using "ARS Account Resolution Services" as an alternate business name.

**ANSWER:**   **ARS Account Resolution Services began operations in January 2009, and since then "ARS" is the name under which it usually transacts with the public.  See N.J. alternative business name registration contained in Defendant's document production.**

6.   All Documents that Identify when You began identifying Yourself as ARS in telephone calls to consumers.

**ANSWER:**   **See response to no. 2.**

{NJ958092.1}

# Exhibit 33          page 3 of 31

7.     All Documents You understand as creating Plaintiffs' Obligation and the amount due from them.

**ANSWER:     Objection.  The requested discovery is not proportional to the needs of the case.  It has a low importance in resolving the central issues raised in the complaint and the burden/expense of the proposed discovery outweighs its likely benefit.  Specifically, there is no allegation in the complaint that the Defendant was not authorized to collect a debt from the Plaintiffs or that the debt is somehow invalid.  Pursuant to the Court's November 7, 2018 Order, the scope of discovery is limited to whether Answering Defendant typically transacts business as "ARS" and/or whether it is a commonly used acronym.**

8.     All Documents You understand as creating Your ownership of, or right to collect Plaintiffs' Obligation. Included in this Request are any agreements between You and the Person who sold, assigned, or transferred Plaintiffs' Obligation to You for collection.

**ANSWER:     See response to no. 7.**

9.     All Documents You understand to memorialize the terms and conditions under which You attempted to collect Plaintiffs' Obligation for or on behalf of the owner(s) of that Obligation.

**ANSWER:     See response to no. 7.**

10.    All Documents You <u>received</u> from a Creditor concerning Plaintiffs' Obligation.

**ANSWER:     See response to no. 7.**

11.    All Documents You sent to any Creditor concerning Plaintiffs' Obligation.

**ANSWER:     See response to no. 7.**

12.    All Documents describing Your typical, intended, or expected procedures for collection of a Debt.

**ANSWER:     See response to no. 7.**

13.    All Documents which You used during the Term as training materials, operations manuals, standard operating procedures, policies, or practices concerning any Collector's Communication with Consumers. Without limiting this Request, included are instructions given to Collectors concerning the voice messages they leave for Consumers.

{NJ958092.1}

# Exhibit 33          page 4 of 31

> **ANSWER:**   **Objection.  The requested discovery is not proportional to the needs of the case.  It has a low importance in resolving the central issues raised in the complaint and the burden/expense of the proposed discovery outweighs its likely benefit.  Specifically, there is no allegation in the complaint that any individual collector acted inappropriately during a communication with Plaintiffs.  Pursuant to the Court's November 7, 2018 Order, the scope of discovery is limited to whether Defendant typically transacts business as "ARS" and/or whether it is a commonly used acronym.**

14.    All Documents reflecting Your policies and procedures concerning the approval of voice messages you leave for Consumers. Without limiting this Request, included are the policies and procedures concerning the approval of the voice messages referred to in Paragraphs 29-32 of the Complaint.

> **ANSWER:**    **All oral communications are prepared by Answering Defendant's staff and approved by counsel.**

15.    All Documents that describe, step by step, the process which resulted in Your voice messages, referred to in Paragraphs 29-32 of the Complaint, being left for Plaintiffs, beginning with the date and method of transmission of debtor information to You, e.g., computer tapes, or other media delivered (when, by whom, where, and to whom); content of the computer tapes or media; data input of the computer tapes or media (where and by whom); computer entry or other means of directing telephone calls to Plaintiffs (where and by whom entry made); telephone calls to Plaintiffs (made when, from where, and by whom).

> **ANSWER:**    **Objection.  The requested discovery is not proportional to the needs of the case.  It has a low importance in resolving the central issues raised in the complaint and the burden/expense of the proposed discovery outweighs its likely benefit.  Pursuant to the Court's November 7, 2018 Order, the scope of discovery is limited to whether Defendant typically transacts business as "ARS" and/or whether it is a commonly used acronym.**

16.    All internally or externally prepared reports or memoranda that concern Your use of the voice messages referred to in Paragraphs 29-32 of the Complaint.

> **ANSWER:**    **Objection.  The question inquires as to investigation of allegations by the Defendant and its counsel, so it improperly calls for the disclosure of attorney work produce and/or privileged information.**

{NJ958092.1}

# Exhibit 33            page 5 of 31

17.   All written complaints You have received concerning Your use of the voice messages referred to in Paragraphs 29-32 of the Complaint, which involve similar factual and legal claims as the Action.

   **ANSWER:**   **Objection. This request is overly broad and vague. Among other things, it is unclear what is meant by "similar factual and legal claims as the Action." Without waiving same, Answering Defendant does not possess any responsive documents.**

18.   All lawsuits where You are, or were, named as a defendant and which involved Your collection of Debts that the Creditor of Plaintiffs' Obligation hired You to collect.

   **ANSWER:**   **The requested discovery is not proportional to the needs of the case. It has a low importance in resolving the central issues raised in the complaint and the burden/expense of the proposed discovery outweighs its likely benefit. Pursuant to the Court's November 7, 2018 Order, the scope of discovery is limited to whether Defendant typically transacts business as "ARS" and/or whether it is a commonly used acronym.**

   **Without waiving same, no other consumer has filed a lawsuit relating to the telephone message at issue in the complaint.**

19.   Your organizational chart.

   **ANSWER:**   **Defendant does not possess any responsive documents.**

20.   All Documents describing Your Document and/or record retention and disposal policies.

   **ANSWER:**   **Objection. The requested discovery is not proportional to the needs of the case. It has a low importance in resolving the central issues raised in the complaint and the burden/expense of the proposed discovery outweighs its likely benefit. Among other things, there is no claim that Defendants destroyed any relevant evidence. Pursuant to the Court's November 7, 2018 Order, the scope of discovery is limited to whether Answering Defendant typically transacts business as "ARS" and/or whether it is a commonly used acronym.**

21.   All Documents relating to Your association with a consumer reporting agency, if any.

   **ANSWER:**   **Objection. The requested discovery is not proportional to the needs of the case. It has a low importance in resolving the central issues raised in the complaint and the burden/expense of the proposed discovery outweighs its likely benefit. Pursuant to the Court's November 7, 2018 Order, the scope of discovery is limited to whether Answering Defendant typically transacts business as "ARS" and/or whether it is a commonly used acronym.**

{NJ958092.1}

# Exhibit 33          **page 6 of 31**

22.     All Documents You submitted during the past three years to any governmental authority in connection with Your registration with, or licensing in, the State of New Jersey.

**ANSWER:**     **See response to no. 21.**

23.     All Documents You submitted to, or received from, any regulatory authorities concerning complaints about Your debt collection practices during the past four years.

**ANSWER:**     **See response to no. 21.**

24.     All manuals, memoranda, instructions, reports, and other Documents which discuss, describe or set forth standards, criteria, guidelines, policies, practices, or usage relating to Your leaving voice messages for Consumers.

**ANSWER:**     **Objection. The requested discovery is not proportional to the needs of the case. It has a low importance in resolving the central issues raised in the complaint and the burden/expense of the proposed discovery outweighs its likely benefit. Specifically, there is no allegation in the complaint that any individual collector acted inappropriately during a communication with Plaintiffs. Pursuant to the Court's November 7, 2018 Order, the scope of discovery is limited to whether Defendant typically transacts business as "ARS" and/or whether it is a commonly used acronym.**

25.     All Documents You reviewed, used, and/or relied upon when investigating the Complaint's factual allegations.

**ANSWER:**     **Objection. The question inquires as to investigation of allegations by the Defendant and its counsel, so it improperly calls for the disclosure of attorney work produce and/or privileged information.**

26.     All skip tracing or other reports that You obtained to Identify or locate Plaintiffs in connection with Your attempt to collect their Obligation.

**ANSWER:**     **See response to no. 21.**

27.     All Documents referenced, but not previously produced, in Your Fed. R. Civ. P. 26(a) initial disclosures.

**ANSWER:**     **Defendants do not possess any relevant documents.**

28.     Complete copies of Your Account notes relating to Plaintiffs.

**ANSWER:**   **See attached.**

# Exhibit 33                    page 7 of 31

29.    All Documents that support Your contention that Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted.

    **ANSWER:**    **It is Plaintiffs' burden to establish each element of the cause of action alleged, including the existence, nature, and scope of a legal duty to Plaintiffs.  Defendant denies that Plaintiffs have satisfied that burden.**

**30.**    All Documents that support Your contention this Court lacks jurisdiction over the subject matter of Plaintiffs' First Amended Complaint.

    **ANSWER:**    **Based on discovery produced to date, Defendant does not anticipate relying on this affirmative defenses at this time.**

31.    All Documents that support Your contention that the allegations described in the First Amended Complaint were caused wholly or partly by the negligence or intentional acts of the Plaintiffs and Plaintiffs are barred from recovery or their recovery is reduced thereby.

    **ANSWER:**    **Based on discovery produced to date, Defendant does not anticipate relying on this affirmative defenses at this time.**

32.    All Documents that support Your contention that Plaintiffs failed to effect sufficient service of process upon the Answering Defendant.

    **ANSWER:**    **Based on discovery produced to date, Defendant does not anticipate relying on this affirmative defenses at this time.**

33.    All Documents that support Your contention that Plaintiffs' First Amended Complaint should be dismissed for failure to timely issue a Summons.

    **ANSWER:**    **Based on discovery produced to date, Defendant does not anticipate relying on this affirmative defenses at this time.**

34.    All Documents that support Your contention that Plaintiffs' claims are barred by the applicable Statute of Limitations and/or Laches.

    **ANSWER:**    **As reflected on the account notes, some communications between the Answering Defendant and the Plaintiffs took place more than a year prior to the fling of Plaintiffs' complaint.**

35.    All Documents that support Your contention that the Answering Defendant owed no duty to Plaintiffs at the time of Plaintiffs' alleged injuries.

    **ANSWER:**    **It is Plaintiffs' burden to establish each element of the cause of action alleged, including the existence, nature, and scope of a legal duty to Plaintiffs.  Defendant denies that Plaintiffs have satisfied that burden.**

{NJ958092.1}

# Exhibit 33      **page 8 of 31**

36.    All Documents that support Your contention that the Answering Defendant performed each and every duty owed to Plaintiff

**ANSWER:**    **It is Plaintiffs' burden to establish each element of the cause of action alleged, including the existence, nature, and scope of a legal duty to Plaintiffs. Defendant denies that Plaintiffs have satisfied that burden.**

37.    All Documents that support Your contention that at all times relevant hereto, the Answering Defendant acted in a reasonable and proper manner.

**ANSWER:**    **The bona fide error defense provides that a debt collector may not be held liable if it can show that a violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such procedures. Defendant shall rely upon all documents produced by all parties and third-parties, all interrogatory responses, and all party and third-party depositions to support this defense.**

38.    All Documents that support Your contention that all contact with the Plaintiffs by the Defendant was in accordance with accepted standards under the FDCPA.

**ANSWER:**    **It is Plaintiffs' burden to establish each element of the cause of action alleged, including the existence, nature, and scope of a legal duty to Plaintiffs. Defendant denies that Plaintiffs have satisfied that burden.**

39.    All Documents that support Your contention that the Answering Defendant at all times complied with all federal, state and local statutes, regulations and/or ordinances in effect.

**ANSWER:**    **It is Plaintiffs' burden to establish each element of the cause of action alleged, including the existence, nature, and scope of a legal duty to Plaintiffs. Defendant denies that Plaintiffs have satisfied that burden.**

40.    All Documents that support Your contention that Plaintiffs are estopped from enforcing more stringent regulations and/or requirements than were in effect at the time of the alleged offense.

**ANSWER:**    **Based on discovery produced to date, Defendant does not anticipate relying on this affirmative defenses at this time.**

41.    All Documents that support Your contention that Defendant claims the benefit of any privileges or immunities available under statutory and/or common law whether Local, State, or Federal law.

**ANSWER:**    **Based on discovery produced to date, Defendant does not anticipate relying on this affirmative defenses at this time.**

42.    All Documents that support Your contention that the claims of Plaintiffs are barred by their failure to mitigate damages.

{NJ958092.1}

# Exhibit 33                              **page 9 of 31**

> **ANSWER:** **Based on discovery produced to date, Defendant does not anticipate relying on this affirmative defenses at this time.**

43.   All Documents that support Your contention that if the damages of Plaintiffs are true and proven, then such damages were caused by conditions over which the Answering Defendant had no control.

> **ANSWER:** **Objection.  Plaintiffs allege no actual damages in this case.**

44.   All Documents that support Your contention that if the damages of the Plaintiffs are true and proven, then such damages were not caused by any conduct of Answering Defendant, which was secondary and passive, but were caused by the primary and active conduct of third parties over whom the Answering Defendant had no control.

> **ANSWER:** **Objection.  Plaintiffs allege no actual damages in this case.**

45.   All Documents that support Your contention that the claims of Plaintiff are barred in whole or in part by the Entire Controversy Doctrine.

> **ANSWER:** **Based on discovery produced to date, Defendant does not anticipate relying on this affirmative defenses at this time.**

46.   All Documents that support Your contention that the claims of Plaintiffs are barred by the doctrines of arbitration and award, estoppel, res judicata, and/or waiver.

> **ANSWER:** **Based on discovery produced to date, Defendant does not anticipate relying on this affirmative defenses at this time.**

47.   All Documents that support Your contention that Plaintiffs' claims are barred and/or limited due to the material acts, statements, omissions, representations, and misrepresentations on which Answering Defendant relied to their detriment.

> **ANSWER:** **Based on discovery produced to date, Defendant does not anticipate relying on this affirmative defenses at this time.**

48.   All Documents that support Your contention that Plaintiffs' claim is barred by their failure to cooperate with Answering Defendant.

> **ANSWER:** **Based on discovery produced to date, Defendant does not anticipate relying on this affirmative defenses at this time.**

49.   All Documents that support Your contention that Plaintiffs' claims are barred for failure to exhaust all administrative remedies.

> **ANSWER:** **Based on discovery produced to date, Defendant does not anticipate relying on this affirmative defenses at this time.**

50.   All Documents that support Your contention that the underlying debt was legitimate.

{NJ958092.1}

# Exhibit 33                    page 10 of 31

    **ANSWER:**    **Objection.  The requested discovery is not proportional to the needs of the case.  It has a low importance in resolving the central issues raised in the complaint and the burden/expense of the proposed discovery outweighs its likely benefit.  Specifically, there is no allegation in the complaint that the Defendant was not authorized to collect a debt from the Plaintiffs or that the debt is somehow invalid.  Pursuant to the Court's November 7, 2018 Order, the scope of discovery is limited to whether Answering Defendant typically transacts business as "ARS" and/or whether it is a commonly used acronym.**

51.    All Documents that support Your contention that the Plaintiffs lack standing to bring the present lawsuit.

    **ANSWER:**    **Answering Defendant is no longer making a claim at this time as to the plaintiffs' individual claims.  As for standing to be the proposed class representatives, this is something which is still subject to ongoing discovery and investigation.   Among other things, the Plaintiffs have not yet been deposed.**

52.    All Documents that support Your contention that Defendant is entitled to the bona fide error defense.

    **ANSWER:**    **The bona fide error defense provides that a debt collector may not be held liable if it can show that a violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such procedures.  Defendant shall rely upon all documents produced by all parties and third-parties, all interrogatory responses, and all party and third-party depositions to support this defense.**

53.    All Documents that support Your contention that "ARS" is the name under which HRRG usually transacts business and/or a commonly used acronym of its registered name, "ARS Account Resolution Services."

    **ANSWER:**    **See response to no. 2.**

54.    All Documents that support Your contention that each voicemail message You left for either or both Plaintiffs did not misrepresent your identity as being that of another debt collector.

    **ANSWER:**    **Objection. This question incorrectly suggests it is Defendant's burden to establish a negative.  To the contrary it is Plaintiffs' burden to establish each element of cause of action.  Moreover,  discovery has demonstrated no evidence of any misrepresentation of the identity of "ARS."  To the contrary, the telephone messages to Plaintiffs identified the caller as "ARS."  A website and telephone number were**

**Exhibit 33**        **page 11 of 31**

**provided. The identity of the caller and nature of the call is fully and plainly disclosed. The actual website is even provided to allow payments to be made. The website advises that "ARS" will appear on a consumer's credit card statement after an online payment is made. In addition, well before the Plaintiffs received the alleged telephone message, Defendant sent Elaine Levins a letter. The only business name visible on the outside of the Ms. Levins' November 30, 2015 letter was "ARS."**

55.   All Documents that support Your contention that "ARS" (i.e., "ARS" alone and not followed by "Account Resolution Services") is an acronym commonly used by You to identify yourself.

    **ANSWER:**    **See response to no. 2.**

56.   All Documents that support Your contention that "ARS" (i.e., "ARS" alone and not followed by "Account Resolution Services") is an acronym commonly used by You to identify yourself.

    **ANSWER:**    **See response to no. 2.**

57.   All Documents that support Your contention that "ARS" (i.e., "ARS" alone and not followed by "Account Resolution Services") is an acronym commonly used by You to identify yourself.

    **ANSWER:**    **See response to no. 2.**

# Exhibit 33                          **page 12 of 31**

**MARKS, O'NEILL, O'BRIEN,**
**DOHERTY & KELLY, P.C.**
BY: Christian M. Scheuerman, Esquire         **ATTORNEY FOR DEFENDANT**
Cherry Tree Corporate Center                 **Healthcare Revenue Recovery Group,**
Suite 501                                    **LLC**
535 Route 38 East
Cherry Hill, NJ 08002
 (856)663-4300

447-102973 (SXK/CMS)

| | |
|---|---|
| **ELAINE LEVINS and WILLIAM LEVINS,** on behalf of themselves and other similarly situated | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY CAMDEN VICINAGE** |
| **VS.** | **Case No. 1:17-cv-00928-RBK-KMW** |
| **HEALTHCARE REVENUE RECOVERY GROUP, LLC D/B/A ARS ACCOUNT RESOLUTION SERVICES AND JOHN and JANE DOES 1 THROUGH 25** | **CIVIL ACTION** **DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES** |

Defendant, Healthcare Revenue Recovery Group, LLC, herby responds to Plaintiff's Interrogatories as follows:

1.   What is the name and last known address of each human being who provided any information used to respond to any of these Interrogatories?

    **ANSWER:**    **Objection. The question of overbroad. Without waiving same, Defendant drafted the responses with assistance of counsel. Information was obtained from various sources, including David Friedlander.**

2.   What is the name and last known address of each human being who investigated the factual allegations set forth in the Complaint?

    **ANSWER:**    **Objection, this question is improper in that is suggests a non-existent legal obligation to "investigate" Plaintiffs' allegations. To the contrary, it is solely Plaintiffs' burden to establish a cause of action against Defendant. Defendant denies all allegations in the complaint. The question is also over broad to the extent it inquires as to conduct by "human beings" beyond Defendant. In addition, to the extent this question inquires as to investigation of allegations by the Defendant and its counsel, it improperly calls for the disclosure of attorney work produce and/or privileged information.**

{PH374768.1}

# Exhibit 33      page 13 of 31

3.      Describe each Communication You made or sent to either or both Plaintiffs. The
        description for each Communication should be sufficient to distinguish it from all other
        Communications. Such detail can include, but is not limited to, the date and time of the
        Communication, the way the Communication was made, and the content of the
        Communication.

        **ANSWER:      On November 30, 2015, a letter was mailed to Elaine Levins.
        Thereafter, multiple telephone messages were left with the Plaintiffs
        on various dates, and in every one the caller was identified as "ARS."
        The content of the letter speaks for itself.**

4.      Describe each Communication You received from either or both Plaintiffs. The
        description for each Communication should be sufficient to distinguish it from all other
        Communications. Such detail can include, but is not limited to, the date and time of the
        Communication, the way the Communication was made, and the content of the
        Communication.

        **ANSWER:      Answering Defendant did not receive any communications from the
        Plaintiffs. In particular, the Plaintiffs never disputed that they owed
        the debt and never called Defendant in response to the telephone
        messages.**

5.      How do You create and store records of each written and oral Communication between
        You and a Consumer? If any records are stored in a database, include a description of
        each field in the database.

        **ANSWER:      Objection. This question is overbroad and beyond the scope of
        discovery established in the November 7, 2018 Order. It has nothing
        to do with whether Defendant regularly transacts business using
        "ARS," or whether "ARS" is a commonly used acronym.**

6.      What is the meaning of each abbreviation, code, letter, numeral, or symbol regularly used
        in Your records of collection activities?

        **ANSWER:      Objection. This question is overbroad and beyond the scope of
        discovery established in the November 7, 2018 Order. It has nothing
        to do with whether Defendant regularly transacts business using
        "ARS," or whether "ARS" is a commonly used acronym.**

7.      What is the name and last known address of each human being who attempted to collect
        the Obligation on HRRG's behalf?

        **ANSWER:      Objection, this question is overly vague in the context of the
        allegations in this case. Without waiving same, no person from**

{PH374768.1}

**Exhibit 33**                                    page 14 of 31

**Defendant has attempted to collect the obligation from the Plaintiffs. More specifically, the letter and telephone messages left for the Plaintiffs were not generated by a specific individual.**

8.   State each name, acronym, and abbreviation under which Healthcare Revenue Recovery Group, LLC has identified itself to others since its formation and, for each, include dates when the name, acronym, or abbreviation was first used and last used.

   **ANSWER:   Objection. This question is overbroad as to time frame and subject matter in light of the November 7, 2018 Order. Without waiving same, "ARS Account Resolution Services" began operations in January 2009. Since then, "ARS" has always been used by the Defendant as an abbreviation for ARS Account Resolution Services. Transactions also appear as "ARS" on credit card statements.**

9.   Describe with reasonable particularity each Communication which You made during the Term in which you used "ARS" but in which you did not include one of the following in the same Communication: "Healthcare Revenue Recovery Group", "HRRG", or "Account Resolution Services".

   **ANSWER:   Objection. This question is overbroad as to time frame and subject matter in light of the November 7, 2018 Order. Without waiving same, the telephone message left with Plaintiffs refers only to "ARS." In addition, if the Plaintiffs had made a payment on Defendant's website, arspayment.com, the transaction would only appear as "ARS" on the credit card statement. In addition, the only business name visible on the outside of the Plaintiffs' November 30, 2015 collection letter was "ARS." "ARS" is prominently displayed in the upper left have corner of the Plaintiff's collection letter and is placed in font which is twice as large as any other font in the letter. The bottom left hand portion of the letter also directs consumers to send payments to "ARS."**

10.   State the factual basis for Your decision to use "ARS Account Resolution Services" to either describe or identify Healthcare Revenue Recovery Group, LLC. If the factual basis includes any Documents, describe each Document with reasonable particularity enough to identify it.

   **ANSWER:   Objection. This question as phrased is vague and unintelligible in referring to some undefined "decision." By way of further objection, any such "decision" is not probative of any material issue in this case. Without waiving same, ARS Account Resolution Services began operations in January 2009, and since then "ARS" is the name under which it usually transacts with the public.**

{PH374768.1}

# Exhibit 33                        page 15 of 31

11.     State the factual basis for Your decision to use "ARS" (i.e., "ARS" alone and not
        followed by "Account Resolution Services") to either describe or identify Healthcare
        Revenue Recovery Group, LLC to others. If the factual basis includes any Document,
        describe each Document with reasonable particularity enough to identify it.

        **ANSWER:     Objection.  This question as phrased is vague and unintelligible in
        referring to some undefined "decision."  ARS Account Resolution
        Services is a registered trade name.  By way of further objection, any
        such "decision" is not probative of any material issue in this case.**

12.     When did You begin using "ARS" (i.e., "ARS" alone and not followed by "Account
        Resolution Services") in voicemail messages left for Consumers?

        **ANSWER:     ARS Account Resolution Services began operations in January 2009,
        and "ARS" has been utilized since that time.**

13.     State all facts that support Your contention that this Court lacks jurisdiction over the
        subject matter of Plaintiffs First Amended Complaint.

        **ANSWER:     Based on discovery produced to date, Defendant does not anticipate
        relying on this affirmative defenses at this time.**

14.     State all facts that support Your contention that Plaintiffs' claims are barred by the
        applicable Statute of Limitations and/or Laches.

        **ANSWER:     Some communications between the Defendant and the Plaintiffs took
        place more than a year prior to the filing of Plaintiffs' complaint and
        such claims are therefore time barred**

15.     State all facts that support Your contention that the Answering Defendant owed no duty
        to Plaintiff at the time of Plaintiff's alleged injuries.

        **ANSWER:     It is Plaintiffs' burden to establish each element of the cause of action
        alleged, including the existence, nature, and scope of a legal duty to
        Plaintiffs.  Defendant denies that Plaintiffs have satisfied that burden.**

16.     State all facts that support Your contention that if the damages of the Plaintiffs are true
        and proven then such damages were not caused by any conduct of Answering Defendant,
        which was secondary and passive, but were caused by the primary and active conduct of
        third parties over whom the Answering Defendant had no control.

{PH374768.1}

**Exhibit 33**                    **page 16 of 31**

**ANSWER:**   **Based on discovery produced to date, Defendant does not anticipate relying on this affirmative defenses at this time.**

17.   State all facts that support Your contention that the claims of Plaintiffs are barred in whole or in part by the Entire Controversy Doctrine.

**ANSWER:**   **Based on discovery produced to date, Defendant does not anticipate relying on this affirmative defenses at this time.**

18.   State all facts that support Your contention that the claims of Plaintiffs are barred by the doctrines of arbitration and award, estoppel, res judicata, and/or waiver.

**ANSWER:**   **Based on discovery produced to date, Defendant does not anticipate relying on this affirmative defenses at this time.**

19.   State all facts that support Your contention that Plaintiffs' claims are barred for failure to exhaust all administrative remedies.

**ANSWER:**   **Based on discovery produced to date, Defendant does not anticipate relying on this affirmative defenses at this time.**

20.   State all facts that support Your contention that Defendant is entitled to the bona fide error defense.

**ANSWER:**   **The bona fide error defense provides that a debt collector may not be held liable if it can show that a violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such procedures.  Defendant shall rely upon all documents produced by all parties and third-parties, all interrogatory responses, and all party and third-party depositions to support this defense.**

21.   State all facts that support Your contention that "ARS" is either the name under which HRRG usually transacts business or a commonly used acronym of its registered name, "ARS Account Resolution Services."

**ANSWER:**   **ARS Account Resolution Services began operations in January 2009, and since then "ARS" is the name under which it usually transacts with the public.  In all of the written and oral communications with the Plaintiffs, Defendant consistently used the name "ARS."  The only business name visible on the outside of the Plaintiffs' November 30, 2015 collection letter was "ARS."  "ARS" is prominently displayed in the upper left hand corner of the written correspondence to Plaintiffs**

# Exhibit 33   page 17 of 31

**in font which is twice as large as any other font in the letter.  The bottom left hand portion of the letter also directs Plaintiffs to send payments to "ARS."**

**In all telephone communications with consumers Defendant's employees exclusively utilize the "ARS" name.  In addition, Defendant's website is identified as "arspayment.com."  All payments by consumers made via the website  will appear as "ARS" on a consumer's credit card statement.  In addition, Defendant uses "ARS" in dealings with vendors.**

22.   If You contend that each voicemail message You left for either or both Plaintiffs did not misrepresent your identity as being that of another debt collector, state all facts which support that contention.

<u>ANSWER:</u>   **Objection. This question incorrectly suggests it is Defendant's burden to establish a negative.  To the contrary it is Plaintiffs' burden to establish each element of cause of action.  Moreover,  discovery has demonstrated no evidence of any misrepresentation of the identity of "ARS."  To the contrary, the telephone messages to Plaintiffs identified the caller as "ARS."  A website and telephone number were provided.  The identity of the caller and nature of the call is fully and plainly disclosed.  The actual website is even provided to allow payments to be made.  The website advises that "ARS" will appear on a consumer's credit card statement after an online payment is made.  In addition, well before the Plaintiffs received the alleged telephone message, Defendant sent Elaine Levins a letter.  The only business name visible on the outside of the Ms. Levins' November 30, 2015 letter was "ARS."**

23.   If You contend that "ARS" (i.e., "ARS" alone and not followed by "Account Resolution Services") is an acronym commonly used by You to identify yourself, state all facts which support that contention.

<u>ANSWER:</u>   **See response to no. 21.**

24.   If You contend You consistently used "ARS" (i.e., "ARS" alone and not followed by "Account Resolution Services") when dealing with either or both Plaintiffs, state all facts which support your contention.

<u>ANSWER:</u>   **See response to no. 21.**

# Exhibit 33                    page 18 of 31

**CORPORATE DECLARATION**

      I am authorized to make this declaration.  I declare under penalty of perjury that the foregoing is true and correct.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*David Friedlander*

David M. Friedlander
President, Healthcare Revenue Recovery
Group, LLC

Dated:    3/13/2019

{PH374768.1}

**Exhibit 33**      **page 19 of 31**

### ARTICLES OF ORGANIZATION

OF

### HEALTHCARE REVENUE RECOVERY GROUP, LLC

The undersigned, pursuant to the provisions of Chapter 608 of the Florida Statutes, for the purpose of forming a limited liability company under the laws of the State of Florida, hereby adopts the following Articles of Organization.

#### ARTICLE I – NAME

The name of the limited liability company is Healthcare Revenue Recovery Group, LLC (the "Company").

#### ARTICLE II – ADDRESS

The mailing address and the street address of the principal office of the Company is:

1801 NW 66th Avenue
Suite 200A
Plantation, FL 33313

#### ARTICLE III – REGISTERED AGENT AND ADDRESS

The name of the Registered Agent for the Company is Corporation Service Company and its street address is as follows:

1201 Hays Street
Tallahassee, Florida 32301-2525

#### ARTICLE IV – MANAGEMENT

The Company shall be managed by one or more managers and is, therefore, a manager-managed company.

IN WITNESS WHEREOF, the undersigned has executed these Articles of Organization on this ___ day of December, 2004

John R. ____

CONFIDENTIAL

ARS 01

# Exhibit 33

## STATEMENT OF ACCEPTANCE OF REGISTERED AGENT

The undersigned, being the corporation named in the Articles of Organization of Healthcare Revenue Recovery Group, LLC, as the Registered Agent of this limited liability company, hereby consents to and accepts the appointment as Registered Agent of the Company and agrees to act in such capacity. The undersigned further agrees to comply with the provisions of all statutes relating to the proper and complete performance of the undersigned's duties as Registered Agent. The undersigned states that it is, familiar with and accepts the responsibilities and obligations of its position as the Registered Agent of the Company, as provided for in Chapter 608, Florida Statutes.

Corporation Service Company

By: _____

Its: _____ Cynthia L. Harris
as its agent

CONFIDENTIAL

ARS 02

# Exhibit 33              page 21 of 31

*NEW JERSEY DEPARTMENT OF THE TREASURY*
*DIVISION OF REVENUE AND ENTERPRISE SERVICES*

HEALTHCARE REVENUE RECOVERY GROUP, LLC

0600233404

I, the Treasurer of the State of New Jersey, do hereby certify that the above-name did on 20th day of November, 2013 file and record in the department a Certificate of Renewal of Alternate Name.

1. BUSINESS NAME:

   HEALTHCARE REVENUE RECOVERY GROUP, LLC

2. BUSINESS ID.:

   0600233404

3. ALTERNATE NAME:

   ARS ACCOUNT RESOLUTION SERVICES

4. ALTERNATE NAME IS VALID UNTIL:

   December 19, 2018

5. ACTIVITY TO BE CONDUCTED USING ALTERNATE NAME:

   Business intend to use the name in New Jersey.

*IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal at Trenton, this 20th day of November, 2013*

*Andrew P Sidamon-Eristoff*
*State Treasurer*

Certification # 130272537
Verify this certificate at
https://www1.state.nj.us/TYTR_StandingCert/JSP/Verify_Cert.jsp

CONFIDENTIAL

ARS 03

# Exhibit 33

page 22 of 31

ARS

PO BOX 459079
SUNRISE FL 33345-9079

November 30, 2015

Account Resolution Services
a division of HRRG, LLC
P.O. Box 459079
Sunrise, FL 33345-9079
Toll Free Phone 800-694-3048
En Español 800-694-3397

ARS ▲ 0 1 9 4 6 1  Y/AABB
ELAINE LEVINS
84 LINCOLN DR
CLEMENTON NJ 08021-2856

www.arspayment.com
PIN# 2.80864955.525

Re: 80864955 Validation Notice

Dear Elaine Levins:

The healthcare creditor(s) shown below hired ARS Account Resolution Services (ARS) to collect the balance due. We may report any outstanding balances to the major credit bureaus. To pay, just fill in your credit card information on the reverse side of this notice, or enclose your check/money order payable to the creditor, along with the payment voucher below. To pay using our automated IVR accessible 24 hours a day, call 844-PAY-ARS2 (844-729-2772) or visit our website at www.arspayment.com. Both options require the PIN # and the RE: # listed above along with the last four digits of your social security number.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. [NOTICE : SEE REVERSE FOR IMPORTANT INFORMATION).

✂                                                    ✂

Client Account: 0411 - 44427216                     Amount Enclosed  $_____

| Creditor | Account # | Regarding | Amt Owed ServDate |
|----------|-----------|-----------|-------------------|
| ATLANTIC ER PHYS TEAM PED | 0139549982-44427216 | LEVINS,MADELINE | 169.82 09/02/14 |

ARS
PO BOX 630806
CINCINNATI OH 45263-0806

3 080864955 000016982 0139549982 3 8

CONFIDENTIAL

ARS 04

# Exhibit 33                    page 23 of 31

PLEASE NOTE: This transaction will appear on your next credit card statement as "ARS".

For your convenience you may pay by MasterCard, VISA, American Express or Discover. Check the appropriate box, print the cardholder's name as it appears on the card, the card number, the expiration date, sign and return this portion of your statement.

**CREDIT CARD PAYMENT**

Please Check Appropriate Box

CARD NUMBER

EXP. DATE                    PAYMENT AMOUNT

SIGNATURE                    PHONE NUMBER

NAME AS IT APPEARS ON CARD - PLEASE PRINT

**CHANGE OF ADDRESS**

Address: _____

Apt./Unit#: _____

City: _____

State: _____

Zip: _____

CONFIDENTIAL

ARS 05

# Exhibit 33                    page 24 of 31

Make A Payment - ARS Account Resolution ServicesARS Account Resol...   Page 1 of 1

**Payment**
Make a payment

**Request**
Request Paid In Full Letter

**FAQs**
Get answers

**Notices**
View My Notices

**Contact**
arspayment.com

**Inicio**
Inicio Pago




This is an attempt to collect a debt and any information obtained shall be used for that purpose.

This communication is from a debt collector.

## Make A Payment

To make an online payment, you will need a copy of the original letter sent to you from ARS Account Resolution Services. This transaction will appear as "ARS" on your credit card statement. If you do not have this letter available, please contact our Collections department at (866) 694-3048 (For English) or (866) 694-3397 (Para Español) to obtain the information required to login to your account.

For added convenience, you can also make a payment through our Automated Payment System by calling (844) PAY-ARS2 / 844-729-2772.

[ MAKE A PAYMENT ]

### English

Home

Make A Payment

Request Paid In Full Letter

FAQs

View My Notices

Credit Report Issue

Contact Us

### Español

Inicio

Efectuar un pago

Solicitar carta de pago total

Preguntas Frecuentes

Noticias

Puntos controvertidos del

informe crediticio

Contacto

*This is an attempt to collect a debt and any information obtained shall be used for that purpose. This communication is from a debt collector. Nuestro objetivo es cobrar las sumas adeudadas y toda la información recopilada se usará para tal fin. Esta comunicación la emite una entidad a cargo del cobro de deudas. Copyright © 2017 ARSPAYMENT.COM.*

CONFIDENTIAL

https://www.arspayment.com/make-a-payment/

ARS 06

**Exhibit 33**            **page 25 of 31**

ARS 07

```
02/17/17                        ACCOUNT RESOLUTION SERVICES                              PAGE 1
10:33 AM  PJB                            SELECTED
--------------------------------------------------------------------------------------------------
COLLECTOR           HSE - 0     HOUSE ROUTE

STATUS          Acct:80864955    Disposition:3ATY REPRESENTED BY ATTNY      Wait: 02/17/17

DEBTOR          Name:LEVINS MADELINE                  Ssn:143234206   Cbr:  Ph:856-566-1979!
                Rp:LEVINS, ELAINE                     Ssn:172640664   Rp Ph:
                Adr1:84 LINCOLN DR                    Lgl:  POE Ph:856-258-0002
                Adr2:                                 Freq:     Pay:       0.00
                City:CLEMENTON          Cty:CLEMENTON       Canc:   Born:05/10/2010
                  St: NJ  Zip:08021       St: NJ  Zip:08021   COF:N   Sal:

                Clnt:004610 ATLANTIC ER PHYS TEAM PED, TURNERSVILLE NJ, 0139549982-44427216   Org:   169.82
                List:11/24/15 Srv:09/02/14 Ltrs:1  Time:5   Calls:67 Con:0  Bal:   169.82

MULTIPLE ACCOUNTS
RM# Acct      Name / Client        Chk# / Lst   Srv      Lpy  Col Disp       Bal    Check Reason      Drivers License #
     PRN      INT      LI3         LI4    AIN        CC       ATY    MS1      FJT
1   80864955* LEVINS,MADELINE
0139549982-44427216/004610/ATLA  11/24/15 09/02/14       HSE 3ATY    169.82
    169.82    0.00     0.00        0.00   0.00    0.00    0.00   0.00       0.00

PAYMENTS No payments.

NOTES           GAP 11/24/15  9:48P Created a Link request using Service Type ARSWEBREC et
                GAP 11/24/15  9:48P PRESCRUB index 191138373 (A-80864955)
                GAP 11/24/15  9:48P Updated udw 510,18 with 11/24/2015 et PRESCRUB index
                GAP 11/24/15  9:48P 191138374 (A-80864955)
                GAP 11/24/15  9:48P WEBRECON REQUEST et PRESCRUB index 191138375
                GAP 11/24/15  9:48P WR (ARSWEBREC) Created skiptrace request for 'DEBTOR'
                GAP 11/24/15  9:48P window 2 (TID #9289486).
                GAP 11/25/15  8:44  hrg SYS 09/17/14 12:00M IN FC 03134 NJ BCBS EA-5010 FORM
                GAP 11/25/15  8:44  PREPARED
                GAP 11/25/15  8:44  hrg SYS 10/28/14 12:00M IN FC BS OF NEW JERSEY TO 6567
                GAP 11/25/15  8:44  40902
                GAP 11/25/15  8:44  hrg SYS 10/28/14 12:00M IN FC HORIZON BCBS OF NJ AD TO 534
                GAP 11/25/15  8:44  hrg SYS 11/26/14 12:00M IN FC SBLF PAY AFTER INSURA TO 10
                GAP 11/25/15  8:44  hrg SYS 01/24/15 12:00M IN FC CREDIT LETTER SENT TO 994
                GAP 11/25/15  8:44  hrg SYS 01/26/15 12:59P BS CC
                GAP 11/25/15  8:44  hrg -CB 01/27/15 7:56 SN A
                GAP 11/25/15  8:44  hrg SYS 01/28/15 3:57 CC CC
                GAP 11/25/15  8:44  hrg SYS 01/28/15 4:30 CC MI
                GAP 11/25/15  8:44  hrg SYS 02/10/15 11:14 TR NA CMP01
                GAP 11/25/15  8:44  hrg SYS 02/14/15 10:47 TR NA CMP01
                GAP 11/25/15  8:44  hrg SYS 02/18/15 11:34 TR NA CMP01
                GAP 11/25/15  8:44  hrg SYS 02/23/15 9:25 TR NA
                GAP 11/25/15  8:44  hrg -CB 03/03/15 8:21 SN B
```

CONFIDENTIAL

# Exhibit 33

```
02/17/17                           ACCOUNT RESOLUTION SERVICES                    PAGE 2
10:33 AM  PJB                              SELECTED
                GAP 11/25/15  8:44  hrg SYS 03/03/15 6:49P TR NA CMP01
                GAP 11/25/15  8:44  hrg SYS 03/09/15 12:51P TR NA CMP01
                GAP 11/25/15  8:44  hrg SYS 03/13/15 11:29 TR NA CMP01
                GAP 11/25/15  8:44  hrg SYS 03/18/15 9:12 TR NA
                GAP 11/25/15  8:44  hrg SYS 03/26/15 10:13 TR NA
                GAP 11/25/15  8:44  hrg gc 07/24/15 11:26 res 856-566-1979 Left Msg Answering
                GAP 11/25/15  8:44  Machine
                GAP 11/25/15  8:44  hrg gc 07/24/15 11:26 3000 Active Account (11) Answering
                GAP 11/25/15  8:44  hrg nje 07/28/15 11:30P Letter #7 Final Notice - S
                GAP 11/25/15  8:44  requested et OLDLT7 index
                GAP 11/25/15  8:44  hrg nje 07/28/15 11:30P 189323068 1
                GAP 11/25/15  8:44  hrg nje 07/28/15 11:30P LTR 7 (FORMER S NTC) SENT et OLDLT7
                GAP 11/25/15  8:44  index 189323070
                GAP 11/25/15  8:44  hrg nje 07/28/15 11:30P LTR 7(S) Sent on Route.This acct
                GAP 11/25/15  8:44  included on 7(S) Notice.
                GAP 11/25/15  8:44  hrg nje 07/28/15 11:30P et OLDLT7 index 189323071
                GAP 11/25/15  8:44  hrg JZM 07/28/15 8:48 Letter #7 Final Notice - S sent
                GAP 11/25/15  8:44  hrg JZM 07/29/15 9:04 enDO NORDRECM changed DU20114 from to
                GAP 11/25/15  8:44  072915
                GAP 11/25/15  8:44  hrg gc 09/09/15 10:58 res 856-566-1979 Left Msg Answering
                GAP 11/25/15  8:44  hrg gc 09/09/15 10:58 3000 Active Account (11) Answering
                GAP 11/25/15  8:44  hrg gc 10/01/15 2:22P res 856-566-1979 Left Msg Answering
                GAP 11/25/15  8:44  hrg gc 10/01/15 2:22P 3000 Active Account (11) Answering
                GAP 11/25/15  8:44  hrg gc 10/28/15 9:27 res 856-566-1979 Left Msg Answering
                GAP 11/25/15  8:44  hrg gc 10/28/15 9:27 3000 Active Account (11) Answering
                GAP 11/25/15  8:44  hrg gc 11/09/15 8:55 res 856-566-1979 Left Msg Answering
                GAP 11/25/15  8:44  hrg gc 11/09/15 8:55 3000 Active Account (11) Answering
                GAP 11/25/15  8:44  hrg OXH 11/11/15 10:42 Stopped 0 letters et return14 index
                GAP 11/25/15  8:44  256622346
                GAP 11/25/15  8:44  hrg OXH 11/11/15 10:42 Untied account from route 2784932 et
                GAP 11/25/15  8:44  return14 index
                GAP 11/25/15  8:44  hrg OXH 11/11/15 10:42 256622347 (A-2784932)
                GAP 11/25/15  8:44  hrg OXH 11/11/15 10:42 0900 REQUEST TO CANCEL set c.c. 14
                GAP 11/25/15  8:44  w/ovrde N et return14
                GAP 11/25/15  8:44  hrg OXH 11/11/15 10:42 index 256622351
                GAP 11/25/15  8:44  hrg OXH 11/11/15 10:42 Transferred to collector AEE et
                GAP 11/25/15  8:44  return14 index 256622352
                GAP 11/25/15  8:44  hrg OXH 11/11/15 10:42 (R-2784932)
                GAP 11/25/15  8:44  hrg OXH 11/11/15 10:42 Placement period ended.Code 14
                GAP 11/25/15  8:44  Cancel to IDX.Await et
                GAP 11/25/15  8:44  hrg OXH 11/11/15 10:42 return14 index 256622353
                GAP 11/25/15  8:44  hrg OXH 11/11/15 10:42 Await data from client to show 2ndry
                GAP 11/25/15  8:44  Agency et return14
                GAP 11/25/15  8:44  hrg OXH 11/11/15 10:42 index 256622354
                GAP 11/25/15  8:44  hrg OXH 11/24/15 9:04 enDI CANCELCH changed DU20122 from 14
                GAP 11/25/15  8:44  to ARS
                GAP 11/25/15  8:44  hrg OXH 11/24/15 9:04 Untied account from route 2784932
                GAP 11/25/15  8:44  enDI CANCELCH
                GAP 11/25/15  8:44  hrg OXH 11/24/15 9:04 9000 CANCEL enDI CANCELCH
                GAP 11/25/15 10:39  2500 REQUESTING INFO et DS2000 index 194038492
```

CONFIDENTIAL

# Exhibit 33

**page 27 of 31**

```
02/17/17                           ACCOUNT RESOLUTION SERVICES                              PAGE 3
10:33 AM  PJB                              SELECTED
          GAP 11/25/15  2:34P enDI MEDLYTIX changed ESSCORE from  to 950
          GAP 11/25/15  2:34P enDI MEDLYTIX changed DU9001 from 850 to 950
          GAP 11/25/15  2:34P enDI MEDLYTIX changed DU51005 from  to 11252015
          GAP 11/25/15  2:34P 250I Info Ret from Medlyt enDI MRDLYTIX
          GAP 11/25/15  3:46P WR (ARSWEBREC) Received skiptrace results for 'DEBTOR'
          GAP 11/25/15  3:46P window 2 (TID #9289486).
          GAP 11/25/15  3:46P Updated udw 510,19 with 11/25/2015 et WEBRECNOHT index
          GAP 11/25/15  3:46P 194420468 (A-80864955)
          GAP 11/25/15  3:46P WEBRECON NO HIT et WEBRECNOHT index 194420469
          GAP 11/30/15  8:59  Letter series #1 started et 950 index 207464489
          GAP 11/30/15  8:59  Letter #1 AR-A Validation Notice requested et 950 1
          GAP 11/30/15  8:59  Updated udw 894,4 with lb BATCH1 et 950 index 207464490
          GAP 11/30/15  8:59  (A-80864955)
          GAP 11/30/15  8:59  Updated udw 894,5 with 12/12/2015 et 950 index 207464491
          GAP 11/30/15  9:21  Letter #1 AR-A Validation Notice sent
          GAP 11/30/15  9:21  Set tie parameters to Y,Y,Y et p3000H index 207625626
          GAP 11/30/15  9:21  (A-80864955)
          GAP 11/30/15  9:21  Set assignment parameters to HSU,,,0 et p3000H index
          GAP 11/30/15  9:21  207625627 (A-80864955)
          GAP 11/30/15  9:21  3000 BEGIN REG COLLECT et SUCCLS index 207625625
          GAP 11/30/15  9:21  This user has no route. et SUCCLS index 207625628
          GAP 11/30/15  9:21  (R-80864955)
          GAP 11/30/15  9:43  enDO NORDRECM changed DU20114 from  to 113015
          gc  12/10/15  3:37P res 856-566-1979 Left Msg Answering Machine
          gc  12/10/15  3:37P 3000 BEGIN REG COLLECT Answering Machine
          gc  12/14/15  7:05P res 856-566-1979 Left Msg Answering Machine
          gc  12/14/15  7:05P 3000 BEGIN REG COLLECT Answering Machine
          gc  12/23/15 10:59  res 856-566-1979 Left Msg Answering Machine
          gc  12/23/15 10:59  3000 BEGIN REG COLLECT Answering Machine
          gc  01/07/16  3:49P res 856-566-1979 Left Msg Answering Machine
          gc  01/07/16  3:49P 3000 BEGIN REG COLLECT Answering Machine
          gc  02/11/16  5:26P res 856-566-1979 Left Msg Answering Machine
          gc  02/11/16  5:26P 3000 BEGIN REG COLLECT Answering Machine
          gc  02/17/16  9:34  res 856-566-1979 Left Msg Answering Machine
          gc  02/17/16  9:34  3000 BEGIN REG COLLECT Answering Machine
          gc  02/20/16  8:57  res 856-566-1979 Left Msg Answering Machine
          gc  02/20/16  8:57  3000 BEGIN REG COLLECT Answering Machine
          gc  02/24/16  1:12P res 856-566-1979 Left Msg Answering Machine
          gc  02/24/16  1:12P 3000 BEGIN REG COLLECT Answering Machine
          gc  03/02/16  8:54  res 856-566-1979 Left Msg Answering Machine
          gc  03/02/16  8:54  3000 BEGIN REG COLLECT Answering Machine
          gc  03/08/16  9:59  res 856-566-1979 Left Msg Answering Machine
          gc  03/08/16  9:59  3000 BEGIN REG COLLECT Answering Machine
          gc  03/11/16  4:36P res 856-566-1979 Left Msg Answering Machine
          gc  03/11/16  4:36P 3000 BEGIN REG COLLECT Answering Machine
          gc  03/16/16 11:19  res 856-566-1979 Left Msg Answering Machine
          gc  03/16/16 11:19  3000 BEGIN REG COLLECT Answering Machine
          gc  03/19/16  9:23  res 856-566-1979 Left Msg Answering Machine
          gc  03/19/16  9:23  3000 BEGIN REG COLLECT Answering Machine
          gc  03/22/16  3:10P res 856-566-1979 Left Msg Answering Machine
```

ARS 09

CONFIDENTIAL

# Exhibit 33                                                    **page 28 of 31**

```
02/17/17                              ACCOUNT RESOLUTION SERVICES                           PAGE 4
10:33 AM  PJB                                  SELECTED
              gc  03/22/16   3:10P 3000 BEGIN REG COLLECT Answering Machine
              gc  03/25/16   2:44P res 856-566-1979 Left Msg Answering Machine
              gc  03/25/16   2:44P 3000 BEGIN REG COLLECT Answering Machine
              gc  03/29/16   3:01P res 856-566-1979 Left Msg Answering Machine
              gc  03/29/16   3:01P 3000 BEGIN REG COLLECT Answering Machine
              gc  04/01/16   9:18  res 856-566-1979 Left Msg Answering Machine
              gc  04/01/16   9:18  3000 BEGIN REG COLLECT Answering Machine
              gc  04/04/16   6:05P res 856-566-1979 Left Msg Answering Machine
              gc  04/04/16   6:05P 3000 BEGIN REG COLLECT Answering Machine
              gc  04/07/16   7:28P res 856-566-1979 Left Msg Answering Machine
              gc  04/07/16   7:28P 3000 BEGIN REG COLLECT Answering Machine
              gc  04/13/16   2:21P res 856-566-1979 Left Msg Answering Machine
              gc  04/13/16   2:21P 3000 BEGIN REG COLLECT Answering Machine
              gc  04/16/16  12:23P res 856-566-1979 Left Msg Answering Machine
              gc  04/16/16  12:23P 3000 BEGIN REG COLLECT Answering Machine
              gc  04/20/16   2:15P res 856-566-1979 Left Msg Answering Machine
              gc  04/20/16   2:15P 3000 BEGIN REG COLLECT Answering Machine
              gc  04/26/16   7:36P res 856-566-1979 Left Msg Answering Machine
              gc  04/26/16   7:36P 3000 BEGIN REG COLLECT Answering Machine
              gc  04/29/16   9:44  res 856-566-1979 Left Msg Answering Machine
              gc  04/29/16   9:44  3000 BEGIN REG COLLECT Answering Machine
              gc  05/04/16   8:57  res 856-566-1979 Left Msg Answering Machine
              gc  05/04/16   8:57  3000 BEGIN REG COLLECT Answering Machine
              gc  05/11/16   9:45  res 856-566-1979 Left Msg Answering Machine
              gc  05/11/16   9:45  3000 BEGIN REG COLLECT Answering Machine
              gc  05/18/16   3:47P res 856-566-1979 Left Msg Answering Machine
              gc  05/18/16   3:47P 3000 BEGIN REG COLLECT Answering Machine
              gc  05/25/16   6:00P res 856-566-1979 Left Msg Answering Machine
              gc  05/25/16   6:00P 3000 BEGIN REG COLLECT Answering Machine
              gc  06/02/16  10:06  res 856-566-1979 Left Msg Answering Machine
              gc  06/02/16  10:06  3000 BEGIN REG COLLECT Answering Machine
              gc  06/14/16   3:58P res 856-566-1979 Left Msg Answering Machine
              gc  06/14/16   3:58P 3000 BEGIN REG COLLECT Answering Machine
              gc  06/21/16   7:31P res 856-566-1979 Left Msg Answering Machine
              gc  06/21/16   7:31P 3000 BEGIN REG COLLECT Answering Machine
              gc  06/30/16   5:04P res 856-566-1979 Left Msg Answering Machine
              gc  06/30/16   5:04P 3000 BEGIN REG COLLECT Answering Machine
              gc  07/13/16   7:33P res 856-566-1979 Left Msg Answering Machine
              gc  07/13/16   7:33P 3000 BEGIN REG COLLECT Answering Machine
              gc  07/19/16   7:49P res 856-566-1979 Left Msg Answering Machine
              gc  07/19/16   7:49P 3000 BEGIN REG COLLECT Answering Machine
              gc  07/27/16   8:44  res 856-566-1979 Left Msg Answering Machine
              gc  07/27/16   8:44  3000 BEGIN REG COLLECT Answering Machine
              gc  08/03/16   8:52  res 856-566-1979 Left Msg Answering Machine
              gc  08/03/16   8:52  3000 BEGIN REG COLLECT Answering Machine
              gc  08/09/16   5:24P res 856-566-1979 Left Msg Answering Machine
              gc  08/09/16   5:24P 3000 BEGIN REG COLLECT Answering Machine
              gc  08/17/16   4:39P res 856-566-1979 Left Msg Answering Machine
              gc  08/17/16   4:39P 3000 BEGIN REG COLLECT Answering Machine
              gc  08/23/16   6:34P res 856-566-1979 Left Msg Answering Machine
```

ARS 10

CONFIDENTIAL

# Exhibit 33

```
02/17/17                          ACCOUNT RESOLUTION SERVICES                                PAGE 5
10:33 AM  PJB                              SELECTED
          gc  08/23/16  6:34P 3000 BEGIN REG COLLECT Answering Machine
          gc  08/30/16  2:50P res 856-566-1979 Left Msg Answering Machine
          gc  08/30/16  2:50P 3000 BEGIN REG COLLECT Answering Machine
          gc  09/02/16 11:05  res 856-566-1979 Left Msg Answering Machine
          gc  09/02/16 11:05  3000 BEGIN REG COLLECT Answering Machine
          PJB 09/03/16 10:30P Created a Link request using Service Type ARSBANKOADD et
          PJB 09/03/16 10:30P BANKOMONDD index 691191925 (A-80864955)
          PJB 09/03/16 10:30P Updated udw 510,1 with 09/03/2016 et BANKOMONDD index
          PJB 09/03/16 10:30P 691191926 (A-80864955)
          PJB 09/03/16 10:30P BANKO REQUEST et BANKOMONDD index 691191927
          PJB 09/03/16 10:30P LN (ARSBANKOADD) Created skiptrace request for 'DEMO'
          PJB 09/03/16 10:30P window 2 (TID #25870019).
          gc  09/07/16  7:46P res 856-566-1979 Left Msg Answering Machine
          gc  09/07/16  7:46P 3000 BEGIN REG COLLECT Answering Machine
          gc  09/13/16  7:14P res 856-566-1979 Left Msg Answering Machine
          gc  09/13/16  7:14P 3000 BEGIN REG COLLECT Answering Machine
          PJB 09/15/16 10:28P LN (ARSBANKOADD) Received skiptrace results for 'DEMO'
          PJB 09/15/16 10:28P window 2 (TID #25870019).
          PJB 09/15/16 10:28P BANKO RETURNED NO HIT et BANKONOHIT index 718053965
          PJB 09/15/16 10:28P Updated udw 510,2 with 09/15/2016 et BANKONOHIT index
          PJB 09/15/16 10:28P 718053967 (A-80864955)
          gc  09/20/16  5:20P res 856-566-1979 Left Msg Answering Machine
          gc  09/20/16  5:20P 3000 BEGIN REG COLLECT Answering Machine
          gc  09/23/16  9:28  res 856-566-1979 Left Msg Answering Machine
          gc  09/23/16  9:28  3000 BEGIN REG COLLECT Answering Machine
          gc  09/27/16  5:15P res 856-566-1979 Left Msg Answering Machine
          gc  09/27/16  5:15P 3000 BEGIN REG COLLECT Answering Machine
          gc  09/30/16  4:39P res 856-566-1979 Left Msg Answering Machine
          gc  09/30/16  4:39P 3000 BEGIN REG COLLECT Answering Machine
          gc  10/11/16  1:49P res 856-566-1979 Left Msg Answering Machine
          gc  10/11/16  1:49P 3000 BEGIN REG COLLECT Answering Machine
          gc  10/14/16  9:40  res 856-566-1979 Left Msg Answering Machine
          gc  10/14/16  9:40  3000 BEGIN REG COLLECT Answering Machine
          gc  10/19/16  1:52P res 856-566-1979 Left Msg Answering Machine
          gc  10/19/16  1:52P 3000 BEGIN REG COLLECT Answering Machine
          gc  10/24/16  3:11P res 856-566-1979 Left Msg Answering Machine
          gc  10/24/16  3:11P 3000 BEGIN REG COLLECT Answering Machine
          gc  10/27/16 10:27  res 856-566-1979 Left Msg Answering Machine
          gc  10/27/16 10:27  3000 BEGIN REG COLLECT Answering Machine
          gc  11/04/16  9:32  res 856-566-1979 Left Msg Answering Machine
          gc  11/04/16  9:32  3000 BEGIN REG COLLECT Answering Machine
          gc  11/11/16  3:20P res 856-566-1979 Left Msg Answering Machine
          gc  11/11/16  3:20P 3000 BEGIN REG COLLECT Answering Machine
          gc  11/17/16 11:18  res 856-566-1979 Left Msg Answering Machine
          gc  11/17/16 11:18  3000 BEGIN REG COLLECT Answering Machine
          gc  11/23/16 10:14  res 856-566-1979 Left Msg Answering Machine
          gc  11/23/16 10:14  3000 BEGIN REG COLLECT Answering Machine
          gc  12/01/16  2:31P res 856-566-1979 Left Msg Answering Machine
          gc  12/01/16  2:31P 3000 BEGIN REG COLLECT Answering Machine
          gc  12/07/16  6:07P res 856-566-1979 Left Msg Answering Machine
```

ARS 11

CONFIDENTIAL

# Exhibit 33

```
02/17/17                              ACCOUNT RESOLUTION SERVICES                    PAGE 6
10:33 AM  PJB                                 SELECTED
          gc  12/07/16  6:07P 3000 BEGIN REG COLLECT Answering Machine
          gc  12/13/16  6:41P res 856-566-1979 Left Msg Answering Machine
          gc  12/13/16  6:41P 3000 BEGIN REG COLLECT Answering Machine
          gc  12/21/16  1:37P res 856-566-1979 Left Msg Answering Machine
          gc  12/21/16  1:37P 3000 BEGIN REG COLLECT Answering Machine
          gc  12/29/16  1:25P res 856-566-1979 Left Msg Answering Machine
          gc  12/29/16  1:25P 3000 BEGIN REG COLLECT Answering Machine
          gc  01/06/17  4:29P res 856-566-1979 Left Msg Answering Machine
          gc  01/06/17  4:29P 3000 BEGIN REG COLLECT Answering Machine
          gc  01/11/17  5:40P res 856-566-1979 Left Msg Answering Machine
          gc  01/11/17  5:40P 3000 BEGIN REG COLLECT Answering Machine
          gc  01/19/17  8:55  res 856-566-1979 Left Msg Answering Machine
          gc  01/19/17  8:55  3000 BEGIN REG COLLECT Answering Machine
          gc  02/07/17  1:25P res 856-566-1979 AM NO MSG LEFT
          gc  02/07/17  1:25P 3000 BEGIN REG COLLECT Answering Machine
          PJB 02/10/17  6:13P SoL Date changed from blank to 09/02/2024.
          PJB 02/10/17  6:13P SoL Date changed from 09/02/2024 to 09/02/2020.
          PJB 02/17/17 10:32  Changed wait date to 02/17/17 et 3ATY index 844966190
          PJB 02/17/17 10:32  (R-80864955)
          PJB 02/17/17 10:32  Transferred to collector HSE et 3ATY index 844966191
          PJB 02/17/17 10:32  (R-80864955)
          PJB 02/17/17 10:32  Stopped 0 letters et 3ATY index 844966192
          PJB 02/17/17 10:32  3ATY REPRESENTED BY ATTNY et WIN22 index 844966189
          PJB 02/17/17 10:32  DBPF value changed to ! et WIN22 index 844966193
          PJB 02/17/17 10:32  (A-80864955)


     ** END OF REPORT **
```

ARS 12

CONFIDENTIAL

# Exhibit 33