Yongmoon Kim
Philip D. Stern
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax: (201) 273-7117

*Attorneys for Plaintiffs Elaine Levins and William Levins*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELAINE LEVINS and WILLIAM LEVINS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>*vs.*<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES, and JOHN AND JANE DOES 1 THROUGH 25,<br><br>Defendants. | Case No. 1:17-cv-00928-CPO-EAP<br><br><br>**REPLY DECLARATION OF PHILIP D. STERN, ESQ. IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

I, Philip D. Stern, of full age, declare:

1.     I am co-counsel representing Plaintiffs Elaine Levins and William Levins. I make this Declaration based on my own personal knowledge in further support of my clients' Motion for Class Certification. Specifically, I authenticate the documents contained in Plaintiffs' Exhibits.

### I.     Preliminary Comments Concerning the Exhibits

2.     I have redacted from the Exhibits the name, birthdate, and telephone

contact information for Plaintiffs' child who was provided services for which Defendant attempted to collect the Debt from Plaintiffs. I have also redacted all Social Security numbers.

3.      In addition, where text in the exhibits have been highlighted in blue, I have done so to assist locating specific information cited in Plaintiffs' Counter-Statement of Material Facts, their Response to Defendant's Statement of Material Facts, their Brief in opposition to Defendant's Cross-Motion for Summary Judgment, or in this Declaration.

4.      Lastly, I have add a footer to each Exhibit which states the exhibit number and includes pagination.

## II.      Authenticating the Exhibits.

5.      There are 33 Exhibits.

6.      Exhibit 1 is a copy of the transcript of the deposition of David M. Friedlander (*Friedlander Dep.*) who appeared as Defendant's Rule 30(b)(6) witness.

7.      Exhibit 2 is a copy of Exhibit D-1 from *Friedlander Dep*.

8.      Exhibit 3 is a copy of Exhibit D-2 from *Friedlander Dep.* which are the twelve pages Defendant produced in response to Plaintiffs' Requests for Production. Defendant's production Bates stamped the pages as ARS01-ARS12. My redactions appear on ARS04 and ARS 07.

9.      Exhibit 4 is a copy of Exhibit D-3 from *Friedlander Dep.* which is a copy of Defendant's Answers to Plaintiffs' Interrogatories. There are two pertinent issues with Defendant's Answers.

9.01.      First, Interrogatory No. 3 requested a description of each communication Defendant made or sent to Plaintiffs. Defendant's Response stated that a letter was mailed to Elaine Levins on November 2015 and, "[t]hereafter, multiple telephone messages were left with the Plaintiffs on various dates, and in every one the call was identified as 'ARS.'" In conflict with that response, Defendant's representative at Defendant's Rule 30(b)(6) deposition testified to at least two letters and four prerecorded voicemail messages in which the Defendant *never* identified itself as and *never* made any reference to "ARS" or "ARS Account Resolution Services." The relevant portions of Mr. Friedland's testimony can be found in Exh. 1 (*Friedlander Dep.* at 125:16-127:12 (letters "A" and "B" did not mention "ARS"); at 124:8-24 and 130:11-23 (voicemail messages mentioned HRRG, not ARS).

9.02.      Second, Interrogatory No. 10 requested the factual basis for Defendant's decision to use "ARS Account Resolution Services" to describe or identify Healthcare Revenue Recovery Group, LLC.

Defendant's response includes the statement, "ARS Account Resolution Services began operations in January 2009, and since then 'ARS' is the name under which *it* usually transacts with the public." (Emphasis added.) At Defendant's Rule 30(b)(6) deposition, the witness clarified that "it" does not refer to the entirety of HRRG but only to the operations of an internal team which handles specially-assigned accounts after HRRG's other agents failed to collect the debt. Exh. 1 (*DF Dep.* 152:4-20).

10.    Exhibit 5 is a copy of Exhibit D-4 from *DF Dep.* which is a transcript of the voicemail messages left by Defendant for Plaintiffs.

11.    Exhibit 6 is a copy of Exhibit D-5 from *DF Dep.* which is a printout of *Levins v. Healthcare Revenue Recovery Group, LLC*, 902 F.3d 274 (3rd Cir. 2018).

12.    Exhibit 7 is a copy of the docketed bankruptcy petition filed by the Plaintiffs under Case 16-16093 in the District of New Jersey.

13.    Exhibit 8 is a printout of the results from a Google search I conducted on February 21, 2019 using the search words "ARS collector."

14.    Exhibit 9 is a printout of the results from a Google search I conducted on February 21, 2019 using the search words "ARS debt."

15.    I attach, as Exhibit 10, a true copy of the screen shot of my computer

screen on April 6, 2017 when I attempted to accept "www.arspayment.com," web address stated in the voicemail messages. This Exhibit was previously filed at page 41 in Doc. 12-1.

16.     As further evidence of the potential inability to access the ARS website, during Defendant's oral argument before the Third Circuit on the appeal of this Court's Rule 12(b)(6) dismissal, Judge Vanaskie announced, "I just, I just tried to get on the website and I got a privacy—well, I got a warning that it's not a secure site." Defense counsel then asked, "Could you get on it, Your Honor?" Judge Vanaskie responded, "No. Well, I guess if I ignored the privacy warning, if I ignored the security warning but I wasn't going to ignore the security warning 'cause I don't want to get infected." The audio recording of the oral argument is publicly available through the Third Circuit's website at: https://www2.ca3.uscourts.gov/oralargument/audio/17-3330ElaineLevins,etal.v.HealthcareRevenueRecoveryGroup,LLC.mp3 (accessed March 2, 2020).

17.     A copy of that audio file is embedded in Exhibit 28 and the above quotes can be heard 33 minutes and 18 seconds into the recording and last for 20 second.

18.     I also note that Defendant testified that accessing the ARS website does in fatc track and store information about the user. Exh. 1 (*DF Dep.* 170:12-

22).

19.     As Exhibit 11, I attach the New Jersey Status Report for Healthcare

Revenue Recovery Group, LLC which I obtained on February 12, 2017.

20.     As Exhibit 12, I attach Plaintiffs' Requests for Admission.

21.     As Exhibit 13, I attach Defendant's Answers to Requests for

Admission.

22.     As Exhibit 14, I attach an excerpt from the transcript of the deposition

of Plaintiff Elaine Levins.

23.     As Exhibit 15, I attach an excerpt from the transcript of the deposition

of Plaintiff William Levins.

24.     As Exhibit 16, I attach a copy of a 2007 filing with the Florida

Department of State changing the name of IMBS, Inc. to HCFS Health Care

Financial Services, Inc.

25.     As Exhibit 17, I attach a copy of a 2013 filing with the Florida

Department of State converting HCFS Health Care Financial Services, Inc. to

HCFS Health Care Financial Services, LLC.

26.     As Exhibit 18, I attach a copy of a 2015 filing with the Florida

Department of State of Healthcare Revenue Recovery Group, LLC's Annual

Report reflecting that HCFS Health Care Financial Services, LLC is the managing

member.

27.     As Exhibit 19, I attach a copy of a 2016 filing with the Florida Department of State of Healthcare Revenue Recovery Group, LLC's Annual Report reflecting that HCFS Health Care Financial Services, LLC is the managing member.

28.     As Exhibit 20, I attach a copy of a 2017 filing with the Florida Department of State of Healthcare Revenue Recovery Group, LLC's Annual Report reflecting that HCFS Health Care Financial Services, LLC is the managing member.

29.     As Exhibit 21, I attach a copy of a 2018 filing with the Florida Department of State of Healthcare Revenue Recovery Group, LLC's Annual Report reflecting that HCFS Health Care Financial Services, LLC is the managing member.

30.     As Exhibit 22, I attach a copy of a 2019 filing with the Florida Department of State of Healthcare Revenue Recovery Group, LLC's Annual Report reflecting that HCFS Health Care Financial Services, LLC is the managing member.

31.     As Exhibit 23, I attach Defendant's responses to Plaintiffs' Requests for Production. The responses to requests #1, #2, and #28 direct the reader to " "See attached." I have highlighted those words in blue. The documents attached are the twelve pages which are attached as Exhibit 3 which had been marked as

Exhibit D-2 at the *Friedlander Dep.*

32.    **CONSIDER REMOVING THIS PARAGRAPH:** At Defendant's Rule 30(b)(6) deposition, however, Mr. Friedlander testified that there were account notes which were accessible but which were not produced concerning the collection of the subject Debt by HRRG *before* the Debt was assigned to the ARS team. He further testified that some, but not all, of the prior account notes were imported into the produced account notes. The relevant portions of Mr. Friedland's testimony can be found at *Friedlander Dep.* (Exh. 1) ▮▮▮▮▮▮▮.

33.    As Exhibit 24, I attach the search page (paginated as Page 0) and the results pages (paginated as Page 1 to Page 28) of a search I personally conducted on May 24, 2017 of the online portal to the records of the State of New Jersey for business entities registered with New Jersey whose names begin with "ARS." Please note that I previously filed Exhibit 24 as pages 6-34 in Doc. 12-1.

34.    With respect to Exhibit 24, note that the names of the entities listed on Pages 1 to 10 begin with the word "ARS". With 10 entities per page, there are 100 entities whose names begin with the word "ARS," such as "ARS Associates," "ARS Corp," "ARS Corporation," and "ARS, Inc."—each of which are distinct entities. The names on pages 11 to 28—173 in total—begin with the letters "ARS" as part of the first word (e.g., "ARSI Recovery, Inc.").

35.    As Exhibit 25, I attach the search page and the three results pages of a

search I personally conducted on May 24, 2017 of the online portal to the records of the State of New Jersey for business entities registered with New Jersey whose associated name (which includes registered alternate names, fictitious names, and previously used names) begin with "ARS." I previously filed Exhibit 25 as pages 36-39 in Doc. 12-1.

36.    Exhibit 25 lists 29 results including the Defendant, Healthcare Revenue Recovery Group, LLC. as the first entry on the last page.

37.    As Exhibit 26, I attach the Bankruptcy Clerk's Certificate of Notice of Abandonment in the Levinses' bankruptcy showing that both HRRG and an unrelated debt collector, ARS National Services, received the notice.

38.    As Exhibit 27, I attach the Order of Discharge and the Bankruptcy Clerk's Certificate of giving notice of the Order in the Levinses' bankruptcy showing that both HRRG and AR National Services received the notice.

39.    Exhibit 28 is authenticated above in ¶17.

40.    Exhibit 29 is the deposition transcript of Patrick Brennan ("*PB Dep.*"), another of Defendant's Rule 30(b)(6) witnesses. I note that the deposition was conducted on two days. Thus, pages 1-50 of the transcript reflect the proceedings on September 21, 2021 and pages 51-146 reflect the proceedings on October 14, 2021. Defendant had asked that the deposition be marked confidential pursuant to the Discovery Confidentiality Order [D.E. 34]. Therefore, Exhibit 29 is filed under

seal but Plaintiffs leave it to Defendant to move to maintain the sealing.

41.     Exhibit 30 is a copy of one of Defendant's collection letters filed in another matter, *Morales v. Healthcare Revenue Recovery Group*, Case No. 2:15-cv-8401 (DNJ) at docket entry 1-1. It is provided to show that the address used for Defendant to send notices in Plaintiffs' bankruptcy, PO Box 459080, Sunrise, FL, is the same as its address on its collection letters.

42.     Exhibit 31 is a true copy of the November 9, 2020 cover letter from Defendant's counsel supplementing its discovery responses to add a template of a letter Bates stamped ARS 15-16.

43.     Exhibit 32 is a copy of Plaintiffs' discovery requests and Exhibit 33 is a copy of Defendant's responses to interrogatories and requests for production.

### III.   HRRG DOES NOT IDENTIFY ITSELF AS "ARS" TO THE DEBT COLLECTION INDUSTRY.

44.     I have been in private practice since 1984 when I was licensed as an attorney at law in New Jersey. In 2006, I began limiting my practice to the representation of the consumers with claims against debt collectors for violations of the Fair Debt Collection Practices Act.

45.     Over the past fourteen years litigating cases with debt collectors, I have come to understand that ACA International, the Association of Credit and Collection Professionals, is the collection industry's leading national organization.

46.     According to its website, https://www.acainternational.org/about

(accessed March 2, 2020):

> Founded in 1939, ACA brings together third-party collection agencies, law firms, asset buying companies, creditors and vendor affiliates, representing more than 230,000 industry employees. ACA establishes ethical standards, produces a wide variety of products, services and publications, and articulates the value of the credit and collection industry to businesses, policymakers and consumers.

47.     Richard J. Perr, Esq. is a recent past president of ACA. He is a Philadelphia lawyer who regularly represents debt collectors in this Court and in the Third Circuit Court of Appeals. *See*, *e.g., Hovermale v. Immediate Credit Recovery Inc.*, No. CV 15-5646 (RBK/JS), 2016 WL 4157160 (D.N.J. Aug. 4, 2016); and *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014).

48.     The ACA website has a searchable, publicly-accessible membership directory found at https://www.acainternational.org/search#memberdirectory (accessed March 2, 2020). I searched for company names which include the three letters "ARS". The only company whose name begins with "ARS" is ARS National Services, Inc.

49.     I note that Defendant's Rule 30(b)(6) witness, David Friedlander, acknowledged knowing of ARS National. Exh. 1 (*Friedlander Dep.* 170:9). Furthermore, the Levins bankruptcy petition scheduled ARS National as a creditor of a credit card debt for $1,190. Exh. 7 (Petition at 23). I highlighted ARS

National's name.

*In accordance with 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

s/Philip D. Stern

Executed on: August 17, 2022              Philip D. Stern