UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELAINE LEVINS and WILLIAM LEVINS, *on behalf of themselves and others similarly situated*, | No. 1:17-cv-928 |
| Plaintiffs, | **OPINION** |
| v. | |
| HEALTHCARE REVENUE RECOVERY GROUP, LLC, d/b/a ARS ACCOUNT RESOLUTION SERVICES, | |
| Defendant. | |

**APPEARANCES**:

Phillip D. Stern
Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue
Suite 701
Hackensack, NJ 07601

   *On behalf of Plaintiffs*.

Christian M. Scheuerman
Jonathan Stuckel
MARKS, O'NEILL, O'BRIEN, DOHERTY
535 Route 38 East
Suite 501
Cherry Hill, NJ 08002

   *On behalf of Defendant.*

**O'HEARN, District Judge.**

This matter comes before the Court by way of a Motion for Class Certification, (ECF No. 115), filed by Plaintiffs Elaine Levins and William Levins ("Plaintiffs"), on behalf of themselves and others similarly situated, and Defendant Healthcare Revenue Recovery Group, LLC's ("Defendant" or "HRRG") Motion for Summary Judgment, (ECF No. 125). The Court did not hear oral argument pursuant to Local Rule 78.1. For the reasons that follow, the Court finds that it lacks Article III standing and thus the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. As such, the pending motions are **DENIED** as moot.

## I.     Background

This case concerns alleged violations of the "true name" requirement of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692, et seq. (Am. Compl., ECF No. 9, ¶¶ 11–18). While attempting to collect a medical debt from Plaintiffs, HRRG left a series of voicemail messages on Plaintiffs' telephone in which it identified itself as "ARS." (Am. Compl., ECF No. 9, ¶¶ 31, 35–36). Plaintiffs allege this violates the "true name" requirement under the FDCPA, while Defendant maintains it permissibly referred to itself as "ARS." In the Amended Complaint, Plaintiffs seek statutory damages only for the alleged violation of the FDCPA. (ECF No. 9, ¶ 69).

Yet, while this 2017 case was ongoing, the legal landscape for Article III standing changed in 2021 after *TransUnion LLC v. Ramirez*, where the Supreme Court determined that plaintiffs must show more than a statutory violation to establish Article III standing. 141 S. Ct. 2190, 2204–05 (2021). Instead, a plaintiff must plead harm that "is sufficiently concrete to qualify as an injury in fact." *Id.* at 2204. While *TransUnion* dealt with the Fair Credit Reporting

Act, in the years since *TransUnion*, courts, including this Court, have applied the heightened standing requirement outlined in *TransUnion* to FDCPA claims. *See Daye v. GC Servs. Ltd. P'ship*, No. 21-7981, 2022 WL 4449381, at *2 (D.N.J. Sept. 23, 2022) (listing cases).

In light of *TransUnion*, and the Court's ongoing duty "to assess whether standing exists 'throughout the case . . . not merely at the time the complaint is filed,'" *Daye*, 2022 WL 4449381 at *2 (quoting *Schumacher v. SC Data Ctr., Inc.*, 912 F.3d 1104, 1105 (8th Cir. 2019)), the Court is now tasked with evaluating Plaintiffs' standing under the heightened scrutiny outlined in *TransUnion*.

## II. Procedural History

On February 12, 2017, Plaintiffs filed a putative class action Complaint alleging violations of the FDCPA. (ECF No. 1). Plaintiffs filed an Amended Complaint on April 12, 2017. (ECF No. 9). Thereafter, Defendant filed a Motion to Dismiss the Amended Complaint, which this Court granted on September 26, 2017. (ECF Nos. 10, 14); *see Levins v. Healthcare Revenue Recovery Grp., LLC*, No. 17-928, 2017 WL 4269467 (D.N.J. Sept. 26, 2017) (Kugler, J.). Thereafter, the Third Circuit vacated in part and affirmed in part this Court's prior Order. (ECF No. 18); *see Levins v. Healthcare Revenue Recovery Grp., LLC*, 902 F.3d 274 (3d Cir. 2018). The Third Circuit held that Plaintiffs had stated a prima facie claim under FDCPA § 1692e(14), but had failed to state a claim under § 1692d(6) or § 1692e(10). (ECF No. 18); *Levins*, 902 F.3d at 284.

On January 24, 2020, Defendant filed a Motion for Summary Judgment seeking dismissal of the sole remaining claim: § 1692e(14), (ECF No. 50), which this Court denied finding that Plaintiffs had presented sufficient evidence that HRRG's use of "ARS" did not satisfy the

3

FDCPA's "true name" requirement. (ECF No. 59); *Levins v. Healthcare Revenue Recovery Grp., LLC*, No. 17-928, 2020 WL 3169356 (D.N.J. June 15, 2020) (Kugler, J.). Following the Order denying Defendant's Motion for Summary Judgment, the parties began class discovery. (ECF Nos. 64, 66, 79, 89, 98).

Plaintiffs filed for class certification on June 6, 2022. (ECF No. 115). Defendant opposed the class certification, (ECF No. 126), and filed a Motion for Summary Judgment, (ECF No. 125), arguing that Plaintiffs did not have Article III standing and that regardless, new evidence produced by Defendant alters this Court's prior analysis in denying summary judgment. (ECF No. 125 at 3). Plaintiffs opposed Defendant's Motion for Summary Judgment. (ECF No. 139).

### III.     Legal Standard

Pursuant to Article III of the Constitution, this Court may only exercise jurisdiction to resolve "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "Thus, federal courts can entertain actions only if they present live disputes, ones in which both sides have a personal stake." *Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 305 (3d Cir. 2020). As the party invoking federal jurisdiction at the start of litigation, the plaintiff bears the burden of establishing Article III standing. *Id.* To establish standing, a plaintiff must show (1) "that he [or she] suffered an injury in fact that is concrete, particularized, and actual or imminent;" (2) "that the injury was likely caused by the defendant;" and (3) "that the injury would likely be redressed by judicial relief." *TransUnion*, 141 S. Ct. at 2203 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "If 'the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve.'"

4

*TransUnion*, 141 S. Ct. at 2203 (quoting *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019)).

In *TransUnion*, the Supreme Court addressed "the Article III requirement that the plaintiff's injury in fact be 'concrete'—that is, 'real, and not abstract.'" *Id.* at 2204 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) (internal quotation marks omitted)). There, a class of consumers brought a class action against the credit reporting agency TransUnion LLC under the Fair Credit Reporting Act ("FCRA") alleging that the agency failed to use reasonable measures to ensure the accuracy of their credit files and instead maintained alerts in those files incorrectly designating the consumers as "terrorists, drug traffickers, or serious criminals." *Id.* at 2009. The class included both members whose erroneously flagged credit reports had been disclosed to third party creditors, and members whose misleading alerts in their credit files had *not* been disclosed to third parties. *Id.* at 2210. After a jury returned a verdict for all class members, the Supreme Court reversed on standing grounds with respect to those plaintiffs whose reports had not been disclosed because, despite the statutory violation, these plaintiffs had not suffered a concrete injury. *Id.* The Court stated: "Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 2205 (emphasis in original).

When a plaintiff fails to establish Article III standing, the court lacks subject matter jurisdiction, *Finkelman v. Nat'l Football League*, 810 F.3d 187 (3d Cir. 2016), and dismissal is required, *Goodmann v. People's Bank*, 209 F. App'x 111, 113 (3d Cir. 2006); Fed. R. Civ. P. 12(b)(1). Where the named plaintiff fails to establish Article III standing, the putative class action must be dismissed for lack of subject matter jurisdiction. *Finkelman*, 810 F.3d at 195.

5

Additionally, courts may "dismiss a suit *sua sponte* for lack of subject matter jurisdiction at any stage in the proceeding." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); Fed. R. Civ. P. 12 (h)(3).

### IV. Plaintiffs Lack Article III Standing

Plaintiffs maintain they have standing for three primary reasons. (Pla. Brs., ECF Nos. 139 at 29–38,140 at 6–13). First, Plaintiffs argue that this Court "is bound by the Third Circuit's decision that it had subject matter jurisdiction in this case." (Pla. Summ. J. Br., ECF No. 139 at 29–30). Second, Plaintiffs argue because *TransUnion* addresses a different statute, it did not change the law for FDCPA claims. (Pla. Cert. Reply Br., ECF No. 140 at 6). Finally, relying on *Spokeo, Inc.*, 578 U.S. at 342, Plaintiffs continue to assert that a statutory violation—without any additional harm—can be sufficient to constitute injury in fact. (Pla. Cert. Reply Br., ECF No. 140 at 7–10). The Court will address each argument in turn.

First, that the Third Circuit stated that this Court had jurisdiction under 28 U.S.C. § 1331 when deciding the Motion to Dismiss in 2018, *see Levins*, 902 F.3d at 279 n.2, does not alleviate this Court of its obligation to evaluate standing now in light of *TransUnion*. Indeed, and as previously discussed, "[u]nder this Court's continuing obligation to assess its subject matter jurisdiction, we can dismiss a suit *sua sponte* for lack of subject matter jurisdiction at any stage in the proceeding." *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420 (quoting *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n,* 554 F.2d 1254, 1256 (3d Cir. 1977)). Though the Court is aware of the length of this case's litigation, several courts have reevaluated standing under the *TransUnion* heightened standard in FDCPA cases at various stages of litigation. *See Rodriguez-Ocasio v. I.C. Sys., Inc.*, No. 19-13447, 2022 WL 16838591, at *1 (D.N.J. Nov. 8, 2022)

6

(dismissing FDCPA class action for lack of subject matter jurisdiction following a motion for class certification because the plaintiff did not assert concrete injuries as required by *TransUnion*); *Schultz v. Midland Credit Mgmt.*, No. 16-4415, 2022 WL 3013082, at *1 (D.N.J. July 29, 2022) (granting summary judgment and dismissing FDCPA class action for lack of standing under *TransUnion* after class had already been certified).

Second, despite Plaintiffs' argument to the contrary, since *TransUnion*, courts, including this Court, have repeatedly applied the heightened standing requirement outlined in *TransUnion* to FDCPA claims. *See Ward v. Nat'l Patient Acct. Servs. Sols., Inc.*, 9 F.4th 357, 363 (6th Cir. 2021) (applying *TransUnion* standing analysis to an alleged violation of the "true name" requirement under the FDCPA and finding that the plaintiff had not alleged a concrete injury); *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668 (7th Cir. 2021) (applying *TransUnion* standing requirement to FDCPA claims). In fact, this Court recently recognized: "This district's case law is illustrative—and, upon review, appears nearly unanimous: with one exception,[1] the Court is not aware of a single post-*TransUnion* FDCPA case from New Jersey federal courts to have considered the present question and resolved it in favor of Article III standing." *Duncan v. Sacor Fin., Inc.*, No. 222-2742, 2022 WL 16722236, at *4 (D.N.J. Oct. 19, 2022), *R. & R. adopted*, No. 22-02742, 2022 WL 16716085 (D.N.J. Nov. 4, 2022) (collecting

---

[1] "The exception is *Ozturk v. Amsher Collection Servs.*, No. 21-18317, 2022 WL 1602192 (D.N.J. May 20, 2022), which relied exclusively on pre-*TransUnion* authority in writing that courts in this district examining section 1692e favor finding concrete injury under the FDCPA where violations of the statute have been alleged." *Duncan*, 2022 WL 16722236 at *9 (internal quotation marks, alteration, and citation omitted). Likewise, Plaintiffs, here, almost exclusively rely on pre-*TransUnion* authority in arguing that they have standing. (Pla. Summ. J. Br., ECF No. 139 at 33–34).

cases applying *TransUnion* to the FDCPA). For this reason, too, Plaintiffs' argument that the FDCPA is not the type of statute which *TransUnion* would find offensive to Article III standing, (Pla. Cert. Reply Br., ECF No. 140 at 11), fails as *TransUnion* has been uniformly applied to FDCPA claims by various courts.

Third, while Plaintiffs are correct that after *Spokeo* but before *TransUnion*, FDCPA violations—even those without any additional harm— where sufficient to establish standing, *e.g., Rock v. Greenspoon Marder, LLP,* No. 09-3522, 2021 WL 248859, at *4 (D.N.J. Jan. 26, 2021) (explaining Plaintiff's allegation that various components of debt collection letter were misleading amounted to concrete harm), the landscape changed after *TransUnion*. There, the Supreme Court clarified that *Spokeo* "rejected the proposition that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." 141 S. Ct. at 2205 (internal quotations omitted).

Since *TransUnion*, in analyzing standing, the Court must now decide "whether the alleged injury bears a close relationship to a traditionally recognized harm, and second, whether a plaintiff has pled more than mere injury-in-law." *Rohl v. Prof. Fin. Co., Inc.,* No. 21-17507, 2022 WL 1748244, at *3 (D.N.J. May 31, 2022). However, in the Complaint, Plaintiffs only allege that Defendant's use of a name other than its true name violated the FDCPA and seek statutory damages only for the alleged violation. (ECF No. 9, ¶¶ 68–69). As underscored in *TransUnion*, a statutory violation alone is insufficient to establish standing. Thus, even assuming Plaintiffs could establish a violation of the law, the Plaintiffs in this case, like those in

8

*TransUnion*, simply have alleged no concrete harm sufficient to confer standing—a statutory violation alone does not cut it.

Even now, Plaintiffs have not alleged a "traditionally recognized harm" analogue. However, following *TransUnion*, the Sixth Circuit analyzed standing in a case alleging the same violation of the FDCPA—the "true name" requirement—and determined that neither "confusion" by the defendant's use of a different name or the plaintiff having incurred legal fees in pursuing the lawsuit were concrete injuries for Article III purposes. *See Ward*, 9 F.4th at 362–63. Indeed, "*TransUnion* has been applied numerous times to FDCPA actions, like this one, to dismiss cases alleging incorrect, misleading, or missing information. The common thread in these cases is that 'informational injury that causes no adverse effects cannot satisfy Article III.'" *Jackson v. I.C. Sys., Inc.*, No. 21-12342, 2023 WL 157517, at *3 (D.N.J. Jan. 11, 2023) (citation omitted) (collecting cases); s*ee also Valentine v. Unifund CCR, LLC*, No. 20-5024, 2023 WL 22423, at *3 (D.N.J. Jan. 3, 2023) (collecting cases); *Foley v. Medicredit, Inc.*, No. 21-19764, 2022 WL 3020129, at *4 (D.N.J. July 29, 2022) (explaining "merely receiving a letter from a debt collector that was confusing or misleading . . . does not demonstrate a harm closely related to traditional harms such as those necessary to plead a cause of action such as fraudulent or negligent misrepresentation" (internal quotation marks and citation omitted)). Plaintiffs, here, have simply alleged a bare statutory violation, which, without more, is plainly insufficient to establish Article III standing.

Having concluded that this Court lacks subject matter jurisdiction over this action, the pending motions will be denied as moot, and Plaintiffs' Complaint is dismissed without prejudice. *Kamal v. J. Crew Grp., Inc.*, 918 F.3d 102, 119 (3d Cir. 2019) (discussing that a case

should be dismissed without prejudice where the plaintiff lacks Article III standing and the district court has no subject matter jurisdiction to reach the merits of the claims); *see also Finkelman*, 810 F.3d at 195 ("Absent [Article III] standing on the part of the named plaintiffs, we must dismiss a putative class action for lack of subject matter jurisdiction.").

## CONCLUSION

For the foregoing reasons, the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. As such, the pending motions are **DENIED** as moot. An appropriate Order accompanies this Opinion.

*/s/ Christine P. O'Hearn*
**CHRISTINE P. O'HEARN**
**United States District Judge**